Kyri S. Tsircou (SBN 209905)
Konrad L. Trope (SBN 133214)
Tsircou Intellectual Property Law PC
515 S. Flower St. Floor 36
Los Angeles, California 90071
Telephone: (323) 660-9916
Facsimile: (323) 660-9917
Email: kyri@tsircoulaw.com
Email: ktrope@tsircoulaw.com

Counsel for Plaintiff Gold Crest, LLC,
a California Limited Liability Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| GOLD CREST, LLC, a California Limited Liability Company,<br><br>                Plaintiff,<br>vs.<br><br>PROJECT LIGHT, LLC, an Ohio Limited Liability Company; and DOES 1-10, inclusive;<br><br>                Defendants. | CASE NO.  2:19-cv-6982<br><br>**COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, ATTORNEYS' FEES AND COSTS FOR:**<br><br>1. **Design Patent Infringement Under 35 U.S.C. § 271 for Design Patent No. US D769,512; and**<br>2. **Design Patent Infringement Under 35 U.S.C. § 271 for Design Patent No. US D787,735**<br>3. **Unfair Competition Under 15 U.S.C. §1125**<br><br>**[JURY TRIAL DEMANDED]** |

Plaintiff Gold Crest, LLC ("Plaintiff", or "Gold Crest") for its claims against Defendant Project Light, LLC ("Defendant") respectfully alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271 et seq.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

3. This Court has personal jurisdiction over Defendant because Defendant conducts business within the state of California.

4. This action arises out of wrongful acts, including advertising, offering for sale, selling and distributing products by Defendant within this judicial district. Venue is proper in this district pursuant to 28 U.S.C. §1391 because the claims asserted arise in this district.

## THE PARTIES

5. Plaintiff Gold Crest, LLC is a limited liability company organized and existing under the laws of the State of California with its principal place of business at 650 Ward Drive, Santa Barbara, CA 93111. Gold Crest, LLC is the owner of Design Patent No. US D769,512 ("'512 Design Patent") and Design Patent No. US D787,735 ("'735 Design Patent). A copy of the U.S. Patent and Trademark Office's Design Patent D769,512 is attached hereto as **Exhibit "1"**. A copy of the U.S. Patent and Trademark Office's Design Patent D787,735 is attached hereto as **Exhibit "2"**.

6. Plaintiff is informed and believes and based thereon alleges, that Defendant Project Light, LLC. is an Ohio limited liability company with a principal place of business at 4976 Hudson Drive, Stow, Ohio, 44224. Defendant is a seller of lamps, and lighting products, including the infringing products complained of herein.

7. Plaintiff is unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities, named herein as DOES 1 through 10, inclusive, and therefore sues them by their fictitious names. Plaintiff will seek leave to amend this complaint when their true names and capacities are ascertained. Plaintiff is informed and believes and based thereon alleges that said Defendant and DOES 1 through 10, inclusive, are in some manner responsible for the wrongs alleged herein, and that at all times referenced each was the agent and servant of the other Defendants and was acting within the course and scope of said agency and employment.

8. Plaintiff is informed and believes and based thereon alleges, that at all

relevant times herein, Defendant and DOES 1 through 10, inclusive, knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior. Plaintiff further alleges that Defendant and DOES 1 through 10, inclusive, have a non-delegable duty to prevent or cause such acts and the behavior described herein, which duty Defendant and DOES 1 through 10, inclusive, failed and/or refused to perform.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### A. Background

9. Gold Crest is a well-known and respected company in the lighting and home goods field. Gold Crest is well known for its high quality products, and is sought out as the supplier for a number of high-end hospitality chains and corporations.

10. Gold Crest filed the D769,512 design patent on September 8, 2015, and was legally registered by the USPTO on October 16, 2016. Additionally, Gold Crest filed the D787,735 design patent on October 14, 2016, and was legally registered by the USPTO on May 23, 2017. The patents have been in force since that time and continues to be in force.

11. As a result of Gold Crest's substantial advertising and promotional efforts, as well as the high quality of the products associated with the '512 Design Patent, and '735 Design Patent, these distinctive designs have earned valuable and residual goodwill and reputation for Gold Crest being the sole source of said goods in the United States.

### B. Defendant's Infringing Conduct

12. Defendant has infringed and continues to infringe on the '512 Design Patent, '735 Design Patent, or a colorable imitation thereof by using, selling and/or offering to sell in the United States, and/or importing into the United States, infringing products as identified in this Complaint.

13. Plaintiff is informed and believes and based thereon alleges, that Plaintiff

was made aware that in 2017 Defendant had displayed and made offers for sale for a desk lamp that direct infringes on the '512 Design Patent, and '735 Design Patent, at the 2017 "HD Expo" in Las Vegas, Nevada.

14. Below is a comparison of the '512 Design Patent, and the infringing product Defendant displayed at the "HD Expo" in Las Vegas, Nevada in 2017:

| Design Pat. No. D769,512 | Infringing Product |
|---|---|
| | |

15. Below is a comparison of the '735 Design Patent, and the infringing product Defendant displayed at the "HD Expo" in Las Vegas, Nevada in 2017

///

| Design Pat. No. D787,735 | Infringing Product |
|---|---|
|  | |

16. Defendant was made aware of their infringing activity in August 2017, and responded through an individual named Mitch Stanley, who claimed that Defendant was his "client" in an August 22, 2017 email. A settlement offer was circulated between parties, but communications were terminated by Defendant.

17. In March 2019 a second cease and desist letter was sent to Defendant based on an infringing product being listed on their website under the listing name "D63".

18. Below is a comparison of the '512 Design Patent, and the infringing product Defendant has displayed for sale on their website at www.projectlightinc.com:



19. Below is a comparison of the '735 Design Patent, and the infringing product Defendant had displayed for sale on their website www.projectlightinc.com

///

///

///

| Design Pat. No. D787,735 | Infringing Product |
|---|---|
| | |

20. Defendant has initially responded to the notice of infringement and cease and desist letter, but has since terminated communication.

21. An ordinary observer familiar with the prior art would be deceived into thinking that the design of the infringing products was the same as the '512 Design Patent, and '735 Design Patent.

22. Defendant's actions have been without license or authority of Gold Crest.

23. Defendant's actions have been taken knowingly and willingly.

7
COMPLAINT FOR DAMAGES AGAINST PROJECT LIGHT

24. Defendant has been made aware of their infringing conduct since May 4, 2017, and after having initially responded and engaged in settlement negotiations, continued their infringing conduct all the way up and until the present. As such this conduct was knowing and willful.

## FIRST CLAIM FOR RELIEF

### [Infringement of '512 Design Patent Under 35 U.S.C. § 271 Against All Defendants]

25. Plaintiff realleges, adopts and incorporates by reference, each and every allegation contained in Paragraphs 1 through 24, inclusive, of this Complaint as though fully set forth herein

26. Plaintiff is informed and believes and thereon alleges that Defendant has infringed and continues to infringe the '512 Design Patent by manufacturing, distributing, promoting, using, selling and/or offering to sell in the United States, and/or importing into the United States infringing products as identified in this Complaint, which embody the design covered by the '512 Design Patent. Defendant's actions constitute infringement of the '512 Design Patent under 35 U.S.C. § 271 and 35 U.S.C. § 289.

27. Plaintiff is informed and believes and thereon alleges that Defendant's acts of infringement were and are willful and deliberate.

28. Plaintiff is informed and believes and thereon alleges that Defendants, through their agents, employees and servants, have, knowingly, intentionally and willfully directly infringed, engaged in acts of contributory infringement, and/or induced the infringement of the '512 Design Patent by directly and/or indirectly making, using, selling, offering for sale and/or importing products into the United States that were covered by the claims of the '512 Design Patent.

29. Defendants' acts of infringement of the '512 Design Patent were undertaken without permission or license from Plaintiff Gold Crest. Defendants had actual and/or constructive knowledge of the '512 Design Patent, and their actions

constitute willful and intentional infringement of the '512 Design Patent.

30.     As a direct and proximate result of Defendants' infringement of the '512 Design Patent, Defendants have derived and received gains, profits, and advantages in an amount not presently known to Plaintiff Gold Crest.

31.     Accordingly, pursuant to 35 U.S.C. § 289, Plaintiff Gold Crest is entitled to Defendants' total profits from Defendants' infringement of the '512 Design Patent.

32.     In addition, pursuant to 35 U.S.C. § 284, Plaintiff Gold Crest is entitled to damages for Defendant's infringing acts and treble damages together with interest and costs as fixed by this Court.

33.     Pursuant to 35 U.S.C. § 285, Plaintiff Gold Crest is entitled to reasonable attorneys' fees and costs for the necessity of bring this action.

34.     Defendants, and each of them, in performing the conduct complained of herein, acted willfully and with intent to cause injury to Plaintiff Gold Crest. Defendants, and each of them, are therefore guilty of malice and oppression in conscious disregard of Plaintiff Gold Crest's rights thereby warranting an assessment of punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an amount appropriate to punish Defendants and deter others from engaging in such conduct.

35.     Defendants have engaged in, continue to engage in, and unless restrained, will continue to engage in the wrongful acts described herein. As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Gold Crest's business operations, reputation, good will, and customer base. Consequently, Defendants' conduct, if allowed to continue, would inevitably result in the destruction of Plaintiff Gold Crest. Accordingly, Plaintiff Gold Crest is entitled to preliminary and permanent injunctive relief against all Defendants for their misconduct.

**SECOND CLAIM FOR RELIEF**

**[Infringement of '735 Design Patent Under 35 U.S.C. § 271**

**Against All Defendants]**

36. Plaintiff realleges, adopts and incorporates by reference, each and every allegation contained in Paragraphs 1 through 35, inclusive, of this Complaint as though fully set forth herein

37. Plaintiff is informed and believes and thereon alleges that Defendant has infringed and continues to infringe the '735 Design Patent by manufacturing, distributing, promoting, using, selling and/or offering to sell in the United States, and/or importing into the United States infringing products as identified in this Complaint, which embody the design covered by the '735 Design Patent. Defendant's actions constitute infringement of the '735 Design Patent under 35 U.S.C. § 271 and 35 U.S.C. § 289.

38. Plaintiff is informed and believes and thereon alleges that Defendants, through their agents, employees and servants, have, knowingly, intentionally and willfully directly infringed, engaged in acts of contributory infringement, and/or induced the infringement of the '512 Design Patent by directly and/or indirectly making, using, selling, offering for sale and/or importing products into the United States that were covered by the claims of the '512 Design Patent.

39. Defendants' acts of infringement of the '512 Design Patent were undertaken without permission or license from Plaintiff Gold Crest. Defendants had actual and/or constructive knowledge of the '512 Design Patent, and their actions constitute willful and intentional infringement of the '512 Design Patent.

40. As a direct and proximate result of Defendants' infringement of the '512 Design Patent, Defendants have derived and received gains, profits, and advantages in an amount not presently known to Plaintiff Gold Crest.

41. Accordingly, pursuant to 35 U.S.C. § 289, Plaintiff Gold Crest is entitled to Defendants' total profits from Defendants' infringement of the '512 Design Patent.

42. In addition, pursuant to 35 U.S.C. § 284, Plaintiff Gold Crest is entitled to damages for Defendant's infringing acts and treble damages together with interest and

costs as fixed by this Court.

43. Pursuant to 35 U.S.C. § 285, Plaintiff Gold Crest is entitled to reasonable attorneys' fees and costs for the necessity of bring this action.

44. Defendants, and each of them, in performing the conduct complained of herein, acted willfully and with intent to cause injury to Plaintiff Gold Crest. Defendants, and each of them, are therefore guilty of malice and oppression in conscious disregard of Plaintiff Gold Crest's rights thereby warranting an assessment of punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an amount appropriate to punish Defendants and deter others from engaging in such conduct.

45. Defendants have engaged in, continue to engage in, and unless restrained, will continue to engage in the wrongful acts described herein.  As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Gold Crest's business operations, reputation, good will, and customer base.  Consequently, Defendants' conduct, if allowed to continue, would inevitably result in the destruction of Plaintiff Gold Crest.  Accordingly, Plaintiff Gold Crest is entitled to preliminary and permanent injunctive relief against all Defendants for their misconduct.

### THIRD CLAIM FOR RELIEF
### [Unfair Competition Under 15 U.S.C. §1125
### Against All Defendants]

46. Plaintiff realleges, adopts and incorporates by reference, each and every allegation contained in Paragraphs 1 through 45, inclusive, of this Complaint as though fully set forth herein.

47. Defendants' conduct as described above constitutes illegal passing off, and misappropriation of the trademarks, trade names and/or trade dress of Plaintiff in violation of 15 U.S.C. §1125(a).

48. By reason of the foregoing, Plaintiff Gold Crest has been irreparably

harmed and will continued to be irreparably harmed.  Plaintiff is entitled to the remedies provided for in 15 U.S.C. §1116 et seq., including but not limited to, damages, treble damages, injunctive relief, and attorneys' fees.

49. Defendants, and each of them, in performing the conduct complained of herein, acted willfully and with intent to cause injury to Plaintiff Gold Crest. Defendants, and each of them, are therefore guilty of malice and oppression in conscious disregard of Plaintiff Gold Crest's rights thereby warranting an assessment of punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an amount appropriate to punish Defendants and deter others from engaging in such conduct.

50. Defendants have engaged in, continue to engage in, and unless restrained, will continue to engage in the wrongful acts described herein.  As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Gold Crest's business operations, reputation, good will, and customer base.  Consequently, Defendants' conduct, if allowed to continue, would inevitably result in the destruction of Plaintiff Gold Crest.  Accordingly, Plaintiff Gold Crest is entitled to preliminary and permanent injunctive relief against all Defendants for their misconduct.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully request that the Court, upon final hearing of this matter, grant the following relief against Defendant:

### On the First Claim for Relief:

1. A judgment that Defendant has infringed the asserted '512 Design Patent;

2. An order a judgment permanently enjoining Defendant and its officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, predecessors, successors and assigns, from further acts of infringement of the asserted design patent;

3. A judgment awarding Plaintiff all damages adequate to compensate for

Defendant's infringement of the asserted patents, and particularly Defendant's total profits pursuant to 35 U.S.C. § 289;

4. A judgment awarding Plaintiff all damages, costs, and interest, including treble damages, based on any infringement found to be willful, pursuant to 35 U.S.C. § 284, together with prejudgment interest;

5. An accounting of Defendant's profits;

6. A judgment declaring this case to be exceptional and awarding Plaintiff their reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

7. For injunctive relief until trial is completed.

**On Second Claim for Relief**:

1. A judgment that Defendant has infringed the asserted '735 Design Patent;

2. An order a judgment permanently enjoining Defendant and its officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, predecessors, successors and assigns, from further acts of infringement of the asserted design patent;

3. A judgment awarding Plaintiff all damages adequate to compensate for Defendant's infringement of the asserted patents, and particularly Defendant's total profits pursuant to 35 U.S.C. § 289;

4. A judgment awarding Plaintiff all damages, costs, and interest, including treble damages, based on any infringement found to be willful, pursuant to 35 U.S.C. § 284, together with prejudgment interest;

5. An accounting of Defendant's profits;

6. A judgment declaring this case to be exceptional and awarding Plaintiff their reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

7. For injunctive relief until trial is completed.

**On the Third Claim for Relief:**

1. For general and special damages to be proven at the time of trial to the extent allowed by law;

2. For attorneys' fees and costs to the extent allowed by law;

3. For punitive damages or exemplary damages or enhanced damages or treble damages to the extent allowed by law; and

4. For injunctive relief until trial is completed.

Awarding Plaintiff such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the *Federal Rules of Civil Procedure*, Plaintiff hereby demand a trial by jury as to all claims in this litigation.

Dated: August 12, 2019     Tsircou Intellectual Property Law

_____
Kyriacos S. Tsircou
Konrad L. Trope
Counsel for Plaintiff Gold Crest, LLC