UNITED STATES DISTRICT COURT

For the Northern District of Ohio

GOLD CREST, LLC, a California
Limited Liability Company,

                    Plaintiff,

        vs.

PROJECT LIGHT, LLC, an Ohio
Limited Liability Company;
PROSPETTO LIGHT, LLC, an Ohio
Limited Liability Company;
PROSPETTO LIGHTING, LLC, an
Ohio Limited Liability Company; SAM
AVNY, an individual; and DOES 1-10,
inclusive;

                    Defendants.

CASE No.   5:19-cv-02921-SL

Hon. Sara Lioi

**FIRST AMENDED COMPLAINT
FOR DAMAGES, INJUNCTIVE
RELIEF, ATTORNEYS' FEES AND
COSTS FOR:**

1. **Direct Infringement of '512 Design
   Patent Under 35 U.S.C. § 271;**
2. **Infringement of '735 Design Patent
   Under 35 U.S.C. § 271;**
3. **Unfair Competition Under 15 U.S.C.
   §1125;**
4. **Contributory Liability for Unfair
   Competition Under 15 U.S.C. §1125;**
5. **Vicarious Liability for Unfair
   Competition Under 15 U.S.C. §1125;**
6. **Contributory Liability for Design
   Patent Infringement Under 35 U.S.C.
   § 271 for Design Patent No. US
   D769,512;**
7. **Vicarious Liability for Design Patent
   Infringement Under 35 U.S.C. § 271
   for Design Patent No. U.S. D769,512;**
8. **Contributory Liability for Design
   Patent Infringement Under 35 U.S.C.
   § 271 for Design Patent No. U.S.
   D787,735; and**
9. **Vicarious Liability for Design Patent
   Infringement Under 35 U.S.C. § 271
   for Design Patent No. U.S. D787,735**

**[JURY TRIAL DEMANDED]**

Plaintiff Gold Crest, LLC ("Plaintiff", or "Gold Crest") for its claims against Defendants Project Light, LLC, Prospetto Light, LLC, Prospetto Lighting, LLC, and Sam Avny (collectively "Defendants"), respectfully alleges as follows:

## JURISDICTION AND VENUE

1.      This is an action for design patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271 et seq.

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

3.      This Court has personal jurisdiction over the Defendant because the Defendants conduct business within the state of Ohio.

4.      This action arises out of wrongful acts, including advertising, offering for sale, selling and distributing products by Defendant within this judicial district. Venue is proper in this district pursuant to 28 U.S.C. §1400(b) because the claims asserted were carried out by the Defendants and where the Defendants have regular and established places of business in this judicial district.

## THE PARTIES

5.      Plaintiff **Gold Crest, LLC** is a limited liability company organized and existing under the laws of the State of California with its principal place of business at 650 Ward Drive, Santa Barbara, CA 93111.  Gold Crest, LLC is the owner of Design Patent No. US D769,512 ("'512 Design Patent") and Design Patent No. US D787,735 ("'735 Design Patent).  A copy of the U.S. Patent and Trademark Office's Design Patent D769,512 is attached hereto as **Exhibit "1"**.  A copy of the U.S. Patent and Trademark Office's Design Patent D787,735 is attached hereto as **Exhibit "2"**.

///

///

///

**FIRST AMENDED COMPLAINT**

6.     Plaintiff is informed and believes and based thereon alleges, that Defendant **Project Light, LLC** is an Ohio limited liability company with a principal place of business at 4976 Hudson Drive, Stow, Ohio, 44224.  Defendant Project Light, LLC is a seller of lamps, and lighting products, including the infringing products complained of herein.

7.     Plaintiff is informed and believes and based thereon alleges, that Defendant **Prospetto Light, LLC** is an Ohio limited liability company with a principal place of business at 1970 Miller Parkway, Streetsboro, Ohio, 44241 ("Prospetto Light").  Defendant Prospetto Light, LLC is a seller of lamps, and lighting products, including the infringing products complained of herein.

8.     Plaintiff is informed and believes and based thereon alleges, that Defendant **Prospetto Lighting, LLC**. is an Ohio limited liability company with a principal place of business at 4976 Hudson Drive, Stow, Ohio, 44224 ("Prospetto Lighting").  Defendant Prospetto Lighting, LLC is a seller of lamps, and lighting products, including the infringing products complained of herein.

9.     Defendants Project Light, LLC, Prospetto Light, LLC, and Prospetto Lighting, LLC are collectively referred to herein as "Corporate Defendants."

10.     Defendant **Sam Avny** (sometimes referred to as the "Individual Defendant") conducts business in the State of Ohio.  He is the statutory agent for Prospetto Lighting, LLC as of October 20, 2008.  *See* true and correct copy *of Subsequent Agent Appointment for Limited Liability Company* attached hereto and incorporated herein as **Exhibit "3."**  Furthermore, Mr. Avny's address is listed as 4976 Hudson Drive, Stowe, Ohio, 44224, which is also the same business address for Defendant Prospetto Lighting, LLC as well as the address for Defendant Project Light, LLC.

11.     In addition, on or about December 5, 2008, the Individual Defendant Sam Avny signed and filed a document whereby the name "Prospetto Light" is to

be known as a trade name for Project Light, LLC.  *See* true and correct copy of *Tradename Registration Certificate* filed with the Ohio Secretary of State attached hereto and incorporated herein as **Exhibit "4."**

12.     Plaintiff is informed and believes and thereon alleges that the Individual Defendant Sam Avny is not only a Managing Member of Defendant Project Light, LLC, but is also an officer and a guiding force behind the activities of Defendant Project Light, LLC and was so at all material times.

13.     Plaintiff is informed and believes and thereon alleges that the Individual Defendant Sam Avny is not only a Managing Member of Defendant Prospetto Light, LLC, but is also an officer and a guiding force behind the activities of Defendant Prospetto Light, LLC and was so at all material times.

14.     Plaintiff is informed and believes and thereon alleges that the Individual Defendant Sam Avny is not only a Managing Member of Defendant Prospetto Lighting, LLC, but is also an officer and a guiding force behind the activities of Defendant Prospetto Lighting, LLC and was so at all material times.

15.     The Corporate Defendants share the same web address whereby consumers searching for one of those companies are directed one way or the other to the website of www.projectlightinc.com (the "Common Website"), wherein the products of Project Light, LLC, Prospetto Light, LLC and Prospetto Lighting, LLC are all marketed or presented together as coming from one source.

16.     Indeed, when seeking to access the Internet address of www.prospetto**lite**.com, the consumer is redirected to the Common Website.  In addition, when someone is searching the Internet and uses the web address www.prospetto**light**.com, again, the consumer is redirected to the Common Website.

17.     Plaintiff is unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities, named herein as DOES 1

through 10, inclusive, and therefore sues them by their fictitious names.  Plaintiff will seek leave to amend this First Amended Complaint when their true names and capacities are ascertained.  Plaintiff is informed and believes and based thereon alleges that said Defendants and DOES 1 through 10, inclusive, are in some manner responsible for the wrongs alleged herein, and that at all times referenced each was the agent and servant of the other Defendants and was acting within the course and scope of said agency and employment.

18.    Plaintiff is informed and believes and based thereon alleges, that at all relevant times herein, Defendants and DOES 1 through 10, inclusive, knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior.  Plaintiff further alleges that Defendants and DOES 1 through 10, inclusive, have a non-delegable duty to prevent or cause such acts and the behavior described herein, which duty Defendant and DOES 1 through 10, inclusive, failed and/or refused to perform.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

### A.    Background

19.    Gold Crest is a well-known and respected company in the lighting and home goods field.  Gold Crest is well known for its high quality products, and is sought out as the supplier for a number of high-end hospitality chains and corporations.

20.    Gold Crest filed the D769,512 design patent on September 8, 2015, and was legally registered by the USPTO on October 16, 2016. Additionally, Gold Crest filed the D787,735 design patent on October 14, 2016, and was legally registered by the USPTO on May 23, 2017.  The patents have been in force since that time and continue to be in force.

///

21.     As a result of Gold Crest's substantial advertising and promotional efforts, as well as the high quality of the products associated with the '512 Design Patent, and '735 Design Patent, these distinctive designs have earned valuable and residual goodwill and reputation for Gold Crest being the sole source of said goods in the United States.

**B.    Defendants' Infringing Conduct**

22.     The Corporate Defendants have infringed and continue to infringe on the '512 Design Patent, '735 Design Patent, or a colorable imitation thereof by using, selling and/or offering to sell in the United States, and/or importing into the United States, infringing products as identified in this First Amended Complaint.

23.     Plaintiff is informed and believes and based thereon alleges that, in 2017,  the Corporate Defendants displayed and made offers for sale for a desk lamp that direct infringes on the '512 Design Patent, and '735 Design Patent, at the 2017 "HD Expo" in Las Vegas, Nevada.

24.     Below is a comparison of the '512 Design Patent, and the infringing product the Corporate Defendants displayed at the "HD Expo" in Las Vegas, Nevada in 2017:

///

///

///

///

///

///

///

///

///

///

| Design Pat. No. D769,512 | Infringing Product |
|---|---|
|  | |

25.    Below is a comparison of the '735 Design Patent, and the infringing product that the Corporate Defendants displayed at the "HD Expo" in Las Vegas, Nevada in 2017.

///

///

///

///

///

///

///

///

| Design Pat. No. D787,735 | Infringing Product |
|---|---|
|  | |

26.    The Corporate Defendants were made aware of their infringing activity in August 2017, and responded through an individual named Mitch Stanley, who claimed that Defendant Project Light was his "client" in an August 22, 2017 email.  A settlement offer was circulated between parties, but communications were terminated by Defendant Project Light.

27.    In March 2019 a second cease and desist letter was sent to Defendant Project Light based on an infringing product being listed on their website under the listing name "D63".

///

28.     Below is a comparison of the '512 Design Patent, and the infringing product the Corporate Defendants had displayed for sale on their website at www.projectlightinc.com:



| Design Pat. No. D769,512 | Infringing Product |
|---|---|

29.     Below is a comparison of the '735 Design Patent, and the infringing product the Corporate Defendants had displayed for sale on their website www.projectlightinc.com

///

///

///



| Design Pat. No. D787,735 | Infringing Product |
|---|---|

30.     An ordinary observer familiar with the prior art would be deceived into thinking that the design of the infringing products was the same as the '512 Design Patent, and '735 Design Patent.

31.     The Corporate Defendants' actions have been without license or authority of Gold Crest.

32.     The Corporate Defendants' actions have been taken knowingly and willingly.

///

FIRST AMENDED COMPLAINT

33.    The Corporate Defendants have been made aware of their infringing conduct since May 4, 2017, and after having initially responded and engaged in settlement negotiations, have continued their infringing conduct all the way up and until the present.  As such this conduct was knowing and willful.

## FIRST CLAIM FOR RELIEF

### [Direct Infringement of '512 Design Patent Under 35 U.S.C. § 271 Against All Corporate Defendants]

34.    Plaintiff realleges, adopts and incorporates by reference, each and every allegation contained in Paragraphs 1 through 33, inclusive, of this First Amended Complaint as though fully set forth herein

35.    Plaintiff is informed and believes and thereon alleges that the Corporate Defendants have infringed and continue to infringe the '512 Design Patent by manufacturing, distributing, promoting, using, selling and/or offering to sell in the United States, and/or importing into the United States infringing products as identified in this First Amended Complaint, which embody the design covered by the '512 Design Patent.  The Corporate Defendants' actions constitute infringement of the '512 Design Patent under 35 U.S.C. § 271 and 35 U.S.C. § 289.

36.    Plaintiff is informed and believes and thereon alleges that the Corporate Defendants' acts of infringement were and are willful and deliberate.

37.    Plaintiff is informed and believes and thereon alleges that the Corporate Defendants, through their agents, managing members, employees and servants, have, knowingly, intentionally and willfully directly infringed, engaged in acts of contributory infringement, and/or induced the infringement of the '512 Design Patent by directly and/or indirectly making, using, selling, offering for sale and/or importing products into the United States that were covered by the claims of the '512 Design Patent.

38.     The Corporate Defendants' acts of infringement of the '512 Design Patent were undertaken without permission or license from Plaintiff Gold Crest. The Corporate Defendants had actual and/or constructive knowledge of the '512 Design Patent, and their actions constitute willful and intentional infringement of the '512 Design Patent.

39.     As a direct and proximate result of the Corporate Defendants' infringement of the '512 Design Patent, the Corporate Defendants have derived and received gains, profits, and advantages in an amount not presently known to Plaintiff Gold Crest.

40.     Accordingly, pursuant to 35 U.S.C. § 289, Plaintiff Gold Crest is entitled to the Corporate Defendants' total profits from the Corporate Defendants' infringement of the '512 Design Patent.

41.     In addition, pursuant to 35 U.S.C. § 284, Plaintiff Gold Crest is entitled to damages for the Corporate Defendants' infringing acts and treble damages together with interest and costs as fixed by this Court.

42.     Pursuant to 35 U.S.C. § 285, Plaintiff Gold Crest is entitled to reasonable attorneys' fees and costs for the necessity of bring this action.

43.     The Corporate Defendants, and each of them, in performing the conduct complained of herein, acted willfully and with intent to cause injury to Plaintiff Gold Crest.  The Corporate Defendants, and each of them, are therefore guilty of malice and oppression in conscious disregard of Plaintiff Gold Crest's rights thereby warranting an assessment of punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an amount appropriate to punish the Corporate Defendants and deter others from engaging in such conduct.

44.     Plaintiff Gold Crest is informed and believes and thereon alleges that the Corporate Defendants have engaged in, and continue to engage in, and unless

restrained, will continue to engage in the wrongful acts described herein.  As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Gold Crest's business operations, reputation, good will, and customer base.  Consequently, the Corporate Defendants' conduct, if allowed to continue, would inevitably result in the destruction of Plaintiff Gold Crest. Accordingly, Plaintiff Gold Crest is entitled to preliminary and permanent injunctive relief against all of the Corporate Defendants for their misconduct.

## SECOND CLAIM FOR RELIEF

### [Infringement of '735 Design Patent Under 35 U.S.C. § 271
### Against All Corporate Defendants]

45.    Plaintiff realleges, adopts and incorporates by reference, each and every allegation contained in Paragraphs 1 through 44, inclusive, of this First Amended Complaint as though fully set forth herein

46.    Plaintiff is informed and believes and thereon alleges that the Corporate Defendants have infringed and continue to infringe the '735 Design Patent by manufacturing, distributing, promoting, using, selling and/or offering to sell in the United States, and/or importing into the United States infringing products as identified in this First Amended Complaint, which embody the design covered by the '735 Design Patent.  The Corporate Defendants' actions constitute infringement of the '735 Design Patent under 35 U.S.C. § 271 and 35 U.S.C. § 289.

47.    Plaintiff is informed and believes and thereon alleges that the Corporate Defendants, through their agents, employees and servants, have, knowingly, intentionally and willfully directly infringed, engaged in acts of contributory infringement, and/or induced the infringement of the '512 Design Patent by directly and/or indirectly making, using, selling, offering for sale and/or

importing products into the United States that were covered by the claims of the '512 Design Patent.

48.     The Corporate Defendants' acts of infringement of the '512 Design Patent were undertaken without permission or license from Plaintiff Gold Crest. The Corporate Defendants had actual and/or constructive knowledge of the '512 Design Patent, and their actions constitute willful and intentional infringement of the '512 Design Patent.

49.     As a direct and proximate result of the Corporate Defendants' infringement of the '512 Design Patent, the Corporate Defendants have derived and received gains, profits, and advantages in an amount not presently known to Plaintiff Gold Crest.

50.     Accordingly, pursuant to 35 U.S.C. § 289, Plaintiff Gold Crest is entitled to the Corporate Defendants' total profits from Defendants' infringement of the '512 Design Patent.

51.     In addition, pursuant to 35 U.S.C. § 284, Plaintiff Gold Crest is entitled to damages for the Corporate Defendants' infringing acts and treble damages together with interest and costs as fixed by this Court.

52.     Pursuant to 35 U.S.C. § 285, Plaintiff Gold Crest is entitled to reasonable attorneys' fees and costs for the necessity of bring this action.

53.     The Corporate Defendants, and each of them, in performing the conduct complained of herein, acted willfully and with intent to cause injury to Plaintiff Gold Crest.  The Corporate Defendants, and each of them, are therefore guilty of malice and oppression in conscious disregard of Plaintiff Gold Crest's rights thereby warranting an assessment of punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an amount appropriate to punish the Corporate Defendants and deter others from engaging in such conduct.

54.     Plaintiff Gold Crest is informed and believes and thereon alleges that the Corporate Defendants have engaged in, continue to engage in, and unless restrained, will continue to engage in the wrongful acts described herein.  As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Gold Crest's business operations, reputation, good will, and customer base.  Consequently, the Corporate Defendants' conduct, if allowed to continue, would inevitably result in the destruction of Plaintiff Gold Crest. Accordingly, Plaintiff Gold Crest is entitled to preliminary and permanent injunctive relief against all of the Corporate Defendants for their misconduct.

## THIRD CLAIM FOR RELIEF

### [Unfair Competition Under 15 U.S.C. §1125

### Against All Corporate Defendants]

55.     Plaintiff realleges, adopts and incorporates by reference, each and every allegation contained in Paragraphs 1 through 54, inclusive, of this First Amended Complaint as though fully set forth herein.

56.     The Corporate Defendants' conduct as described above constitutes illegal passing off, and misappropriation of the trademarks, trade names and/or trade dress of Plaintiff in violation of 15 U.S.C. §1125(a).

57.     By reason of the foregoing, Plaintiff Gold Crest has been irreparably harmed and will continued to be irreparably harmed.  Plaintiff is entitled to the remedies provided for in 15 U.S.C. §1116 et seq., including but not limited to, damages, treble damages, injunctive relief, and attorneys' fees.

58.     The Corporate Defendants, and each of them, in performing the conduct complained of herein, acted willfully and with intent to cause injury to Plaintiff Gold Crest.  The Corporate Defendants, and each of them, are therefore guilty of malice and oppression in conscious disregard of Plaintiff Gold Crest's

rights thereby warranting an assessment of punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an amount appropriate to punish the Corporate Defendants and deter others from engaging in such conduct.

59.     Plaintiff Gold Crest is informed and believes and thereon alleges that the Corporate Defendants have engaged in, continue to engage in, and unless restrained, will continue to engage in the wrongful acts described herein.  As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, in that said damages would not adequately compensate for the injury to Gold Crest's business operations, reputation, good will, and customer base.  Consequently, the Corporate Defendants' conduct, if allowed to continue, would inevitably result in the destruction of Plaintiff Gold Crest. Accordingly, Plaintiff Gold Crest is entitled to preliminary and permanent injunctive relief against all of the Corporate Defendants for their misconduct.

<u>**FOURTH CLAIM FOR RELIEF**</u>

**[Contributory Liability for Unfair Competition Under 15 U.S.C. §1125 Against the Individual Defendant Sam Avny]**

60.     Plaintiff realleges, adopts and incorporates by reference, each and every allegation contained in Paragraphs 1 through 59, inclusive, of this First Amended Complaint as though fully set forth herein.

61.     The Corporate Defendants' conduct as described above constitutes illegal passing off, and misappropriation of the trademarks, trade names and/or trade dress of Plaintiff in violation of 15 U.S.C. §1125(a).

62.     The Individual Defendant Sam Avny had or has knowledge of the illegal and otherwise infringing activities described herein.  Indeed, the Individual Defendant Sam Avny induced, caused, or materially contributed to the illegal and infringing conduct of the Corporate Defendants named herein.  Plaintiff is

informed and believes and thereon alleges that the Individual Defendant Sam Avny is a Managing Member and/or a corporate officer of the Corporate Defendants and thus, is the moving, acting conscious force behind the Corporate Defendants' illegal actions.

63.    The Individual Defendant Sam Avny an an officer or controlling member or Managing Member is personally liable as a contributory infringer where he normally engages in personal conduct or encourages or assists the illegal activity of the Corporate Defendants.

64.    Therefore, the Individual Defendant Sam Avny, in performing the conduct complained of herein, acted willfully and with the intent to cause injury to Plaintiff Gold Crest.  The Individual Defendant Sam Avny is therefore guilty of malice and oppression in a conscious disregard of Plaintiff Gold Crest's rights, thereby warranting an assessment of punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an amount appropriate to punish the Individual Defendant Sam Avny and deter others from engaging in similar conduct.

65.    Plaintiff Gold Crest is informed and believes and thereon alleges that the Individual Defendant Sam Avny has engaged in wrongful and illegal conduct, and unless restrained will continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, and that said damages would not adequately compensate for injury to Plaintiff Gold Crest's business operations, reputation, good will and customer base.  Consequently, the Individual Defendant Sam Avny's conduct, if allowed to continue, will inevitably result in the destruction of Plaintiff Gold Crest.  Accordingly, Gold Crest is entitled to preliminary and permanent injunctive relief against all defendants for their misconduct.

## FIFTH CLAIM FOR RELIEF

## [Vicarious Liability for Unfair Competition Under 15 U.S.C. §1125
## Against the Individual Defendant Sam Avny]

66.    Plaintiff realleges, adopts and incorporates by reference, each and every allegation contained in Paragraphs 1 through 65, inclusive, of this First Amended Complaint as though fully set forth herein.

67.    Assuming *arguendo*, that the Individual Defendant Sam Avny did not have actual or direct knowledge of the illegal activity of the Corporate Defendants, the Individual Defendant Sam Avny is vicariously liable for the Corporate Defendants' conduct of illegal passing off, and misappropriation of the trademarks, trade names and/or trade dress of Plaintiff in violation of 15 U.S.C. §1125(a).  Plaintiff is informed and believes and thereon alleges that the Individual Defendant Sam Avny could and did control the illegal conduct of the Corporate Defendants and thereby obtained a direct financial benefit from the illegal conduct of the Corporate Defendants.

68.    Plaintiff is informed and believes and thereon alleges that the Individual Defendant Sam Avny had the right and ability to supervise the illegal activity and also has a direct financial interest in the illegal activities of the Corporate Defendants and also has a direct financial interest in the activities of the Corporate Defendants in which these Corporate Defendants are affiliated or otherwise controlled by the Individual Defendant Sam Avny, operating as an officer or Managing Member of the Corporate Defendants, which are limited liability companies.

69.    Therefore, the Individual Defendant Sam Avny, in performing the conduct complained of herein, acted willfully and with the intent to cause injury to Plaintiff Gold Crest.  Accordingly, the Individual Defendant Sam Avny is therefore guilty of malice and oppression in a conscious disregard of Plaintiff Gold Crest's

rights, thereby warranting an assessment of punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an amount appropriate to punish the Individual Defendant Sam Avny and deter others from engaging in similar conduct.

70.     Plaintiff Gold Crest is informed and believes and thereon alleges that Individual Defendant Sam Avny has engaged in wrongful and illegal conduct, and unless restrained will continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, and that said damages would not adequately compensate for injury to Plaintiff Gold Crest's business operations, reputation, good will and customer base.  Consequently, the Individual Defendant Sam Avny's conduct, if allowed to continue, will inevitably result in the destruction of Plaintiff Gold Crest.  Accordingly, Gold Crest is entitled to preliminary and permanent injunctive relief against all defendants for their misconduct.

## SIXTH CLAIM FOR RELIEF

### [Contributory Liability for Design Patent Infringement
### Under 35 U.S.C. § 271 for Design Patent No. U.S. D769,512
### Against the Individual Defendant Sam Avny]

71.     Plaintiff realleges, adopts and incorporates by reference, each and every allegation contained in Paragraphs 1 through 70, inclusive, of this First Amended Complaint as though fully set forth herein.

72.      Individual Defendant Sam Avny has or had knowledge of the illegal and otherwise infringing activities described herein.  Indeed, Individual Defendant Sam Avny induced, caused, or materially contributed to the illegal and infringing conduct of the Corporate Defendants named herein.  Plaintiff is informed and believes and thereon alleges that the Individual Defendant Sam Avny is a

Managing Member and/or corporate officer of the Corporate Defendants and thus, is the moving, acting conscious force behind the Corporate Defendants' illegal actions.

73.     Individual Defendant Sam Avny, as an officer or controlling member or Managing Member is personally liable as a contributory infringer where he normally engages in personal conduct or encourages or assists the illegal activity of the Corporate Defendants.

74.     Therefore, Individual Defendant Sam Avny, in performing the conduct complained of herein, acted willfully and with the intent to cause injury to Plaintiff Gold Crest.  The Individual Defendant Sam Avny is therefore guilty of malice and oppression in a conscious disregard of Plaintiff Gold Crest's rights, thereby warranting an assessment of punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an amount appropriate to punish the Individual Defendant Sam Avny and deter others from engaging in similar conduct.

75.     Plaintiff Gold Crest is informed and believes and thereon alleges that the Individual Defendant Sam Avny has engaged in wrongful and illegal conduct, and unless restrained will continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, and that said damages would not adequately compensate for injury to Plaintiff Gold Crest's business operations, reputation, good will and customer base.  Consequently, the Individual Defendant Sam Avny's conduct, if allowed to continue, will inevitably result in the destruction of Plaintiff Gold Crest.  Accordingly, Gold Crest is entitled to preliminary and permanent injunctive relief against all defendants for their misconduct.

///

## SEVENTH CLAIM FOR RELIEF

### [Vicarious Liability for Design Patent Infringement
### Under 35 U.S.C. § 271 for Design Patent No. U.S. D769,512
### Against the Individual Defendant Sam Avny]

76.     Plaintiff realleges, adopts and incorporates by reference, each and every allegation contained in Paragraphs 1 through 75, inclusive, of this First Amended Complaint as though fully set forth herein.

77.     Assuming *arguendo*, that the Individual Defendant Sam Avny did not have actual or direct knowledge of the illegal activity of the Corporate Defendants, the Individual Defendant Sam Avny is vicariously liable for violation of 35 U.S.C. § 271with respect to Plaintiff's Design Patent No. U.S. D769,512 in that Plaintiff is informed and believes and thereon alleges that the Individual Defendant Sam Avny could and did control the illegal conduct of the Corporate Defendants and thereby obtained a direct financial benefit from the illegal conduct of the Corporate Defendants.

78.     Plaintiff is informed and believes and thereon alleges that the Individual Defendant Sam Avny had the right and ability to supervise the illegal activity and also had a direct financial interest in the illegal activities of the Corporate Defendants and also had a direct financial interest in the activities of the Corporate Defendants in which these Corporate Defendants are affiliated or otherwise controlled by the Individual Defendant Sam Avny operating as an officer or Managing Member of the Corporate Defendants, which are limited liability companies.

79.     Therefore, the Individual Defendant Sam Avny, in performing the conduct complained of herein, acted willfully and with the intent to cause injury to Plaintiff Gold Crest.  Accordingly, Individual Defendant Sam Avny is therefore guilty of malice and oppression in a conscious disregard of Plaintiff Gold Crest's

rights, thereby warranting an assessment of punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an amount appropriate to punish the Individual Defendant Sam Avny and deter others from engaging in similar conduct.

80.    Plaintiff Gold Crest is informed and believes and thereon alleges that Individual Defendant Sam Avny has engaged in wrongful and illegal conduct, and unless restrained will continue to engage in the wrongful and illegal acts described herein.   As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, and that said damages would not adequately compensate for injury to Plaintiff Gold Crest's business operations, reputation, good will and customer base.  Consequently, the Individual Defendant Sam Avny's conduct, if allowed to continue, will inevitably result in the destruction of Plaintiff Gold Crest.  Accordingly, Gold Crest is entitled to preliminary and permanent injunctive relief against all defendants for their misconduct.

## EIGHTH CLAIM FOR RELIEF

### [Contributory Liability for Design Patent Infringement
### Under 35 U.S.C. § 271 for Design Patent No. U.S. D787,735
### Against the Individual Defendant Sam Avny]

81.    Plaintiff realleges, adopts and incorporates by reference, each and every allegation contained in Paragraphs 1 through 80, inclusive, of this First Amended Complaint as though fully set forth herein.

82.     Individual Defendant Sam Avny had or has knowledge of the illegal and otherwise infringing activities described herein.  Indeed, Individual Defendant Sam Avny induced, caused, or materially contributed to the illegal and infringing conduct of the Corporate Defendants named herein.  Plaintiff is informed and believes and thereon alleges that the Individual Defendant Sam Avny is a

Managing Members and/or corporate officer of the Corporate Defendants and thus, is the moving, acting conscious force behind the Corporate Defendants' illegal actions.

83.    Such officer or controlling member or Managing Member is personally liable as a contributory infringer where he normally engages in personal conduct or encourages or assists the illegal activity of the Corporate Defendants.

84.    Therefore, the Individual Defendant Sam Avny, in performing the conduct complained of herein, acted willfully and with the intent to cause injury to Plaintiff Gold Crest.  Individual Defendant Sam Avny is therefore guilty of malice and oppression in a conscious disregard of Plaintiff Gold Crest's rights, thereby warranting an assessment of punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an amount appropriate to punish the Individual Defendant Sam Avny and deter others from engaging in similar conduct.

85.    Plaintiff Gold Crest is informed and believes and thereon alleges that Individual Defendant Sam Avny has engaged in wrongful and illegal conduct, and unless restrained will continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, and that said damages would not adequately compensate for injury to Plaintiff Gold Crest's business operations, reputation, good will and customer base.  Consequently, Individual Defendant Sam Avny's conduct, if allowed to continue, will inevitably result in the destruction of Plaintiff Gold Crest.  Accordingly, Gold Crest is entitled to preliminary and permanent injunctive relief against all defendants for their misconduct.

///

///

///

## NINTH CLAIM FOR RELIEF

### [Vicarious Liability for Design Patent Infringement
### Under 35 U.S.C. § 271 for Design Patent No. U.S. D787,735
### Against the Individual Defendant Sam Avny]

86.     Plaintiff realleges, adopts and incorporates by reference, each and every allegation contained in Paragraphs 1 through 85, inclusive, of this First Amended Complaint as though fully set forth herein.

87.     Assuming *arguendo*, that the Individual Defendant Sam Avny did not have actual or direct knowledge of the illegal activity of the Corporate Defendants, the Individual Defendant Sam Avny is vicariously liable for violation of 35 U.S.C. § 271with respect to Plaintiff's Design Patent No. U.S. D787,735 in that Plaintiff is informed and believes and thereon alleges that the Individual Defendant Sam Avny could and did control the illegal conduct of the Corporate Defendants and thereby obtained a direct financial benefit from the illegal conduct of the Corporate Defendants.

88.     Plaintiff is informed and believes and thereon alleges that the Individual Defendant Sam Avny had the right and ability to supervise the illegal activity and also had a direct financial interest in the illegal activities of the Corporate Defendants and also had a direct financial interest in the activities of the Corporate Defendants in which these Corporate Defendants are affiliated or otherwise controlled by the Individual Defendant Sam Avny operating as an officer or Managing Member of the Corporate Defendants, which are limited liability companies.

89.     Therefore, Individual Defendant Sam Avny, in performing the conduct complained of herein, acted willfully and with the intent to cause injury to Plaintiff Gold Crest.  Individual Defendant Sam Avny is therefore guilty of malice and oppression in a conscious disregard of Plaintiff Gold Crest's rights, thereby

warranting an assessment of punitive damages or exemplary damages or enhanced damages to the extent allowed by law in an amount appropriate to punish the Individual Defendant Sam Avny and deter others from engaging in similar conduct.

90.    Plaintiff Gold Crest is informed and believes and thereon alleges that the Individual Defendant Sam Avny has engaged in wrongful and illegal conduct, and unless restrained will continue to engage in the wrongful and illegal acts described herein.  As a result, Plaintiff will suffer great and irreparable injury, for which damages would not afford adequate relief, and that said damages would not adequately compensate for injury to Plaintiff Gold Crest's business operations, reputation, good will and customer base.  Consequently, Individual Defendant Sam Avny's conduct, if allowed to continue, will inevitably result in the destruction of Plaintiff Gold Crest.  Accordingly, Gold Crest is entitled to preliminary and permanent injunctive relief against all defendants for their misconduct.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully request that the Court, upon final hearing of this matter, grant the following relief against the Defendants as follows:

### **On the First Claim for Relief:**

1.    A judgment that the Corporate Defendants have infringed the asserted '512 Design Patent;

2.    An order a judgment permanently enjoining the Corporate Defendants and their officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, predecessors, successors and assigns, from further acts of infringement of the asserted design patent;

3.    A judgment awarding Plaintiff all damages adequate to compensate for the Corporate Defendants' infringement of the asserted patents, and particularly

the Corporate Defendants' total profits pursuant to 35 U.S.C. § 289;

4.  A judgment awarding Plaintiff all damages, costs, and interest, including treble damages, based on any infringement found to be willful, pursuant to 35 U.S.C. § 284, together with prejudgment interest;

5.  An accounting of the Corporate Defendants' profits;

6.  A judgment declaring this case to be exceptional and awarding Plaintiff its reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

7.  For injunctive relief until trial is completed; and

8.  Awarding Plaintiff such other and further relief as this Court deems just and proper.

**<u>On Second Claim for Relief</u>**:

1.  A judgment that the Corporate Defendants have infringed the asserted '735 Design Patent;

2.  An order a judgment permanently enjoining the Corporate Defendants and their officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, predecessors, successors and assigns, from further acts of infringement of the asserted design patent;

3.  A judgment awarding Plaintiff all damages adequate to compensate for the Corporate Defendants' infringement of the asserted patents, and particularly the Corporate Defendants' total profits pursuant to 35 U.S.C. § 289;

4.  A judgment awarding Plaintiff all damages, costs, and interest, including treble damages, based on any infringement found to be willful, pursuant to 35 U.S.C. § 284, together with prejudgment interest;

5.  An accounting of the Corporate Defendants' profits;

6.  A judgment declaring this case to be exceptional and awarding Plaintiff their reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

**FIRST AMENDED COMPLAINT**

7.      For injunctive relief until trial is completed; and

8.      Awarding Plaintiff such other and further relief as this Court deems just and proper.

**On the Third Claim for Relief:**

1.      For general and special damages to be proven at the time of trial to the extent allowed by law;

2.      For attorneys' fees and costs to the extent allowed by law;

3.      For punitive damages or exemplary damages or enhanced damages or treble damages to the extent allowed by law;

4.      For injunctive relief until trial is completed; and

5.      Awarding Plaintiff such other and further relief as this Court deems just and proper.

**On the Fourth Claim for Relief:**

1.      For general and special damages to be proven at the time of trial to the extent allowed by law;

2.      For attorneys' fees and costs to the extent allowed by law;

3.      For punitive damages or exemplary damages or enhanced damages or treble damages to the extent allowed by law;

4.      For injunctive relief until trial is completed; and

5.      Awarding Plaintiff such other and further relief as this Court deems just and proper.

**On the Fifth Claim for Relief:**

1.      For general and special damages to be proven at the time of trial to the extent allowed by law;

2.      For attorneys' fees and costs to the extent allowed by law;

3.      For punitive damages or exemplary damages or enhanced damages or treble damages to the extent allowed by law;

**FIRST AMENDED COMPLAINT**

4.      For injunctive relief until trial is completed;

5.      Awarding Plaintiff such other and further relief as this Court deems just and proper.

**On the Sixth Claim for Relief:**

1.      For general and special damages to be proven at the time of trial to the extent allowed by law;

2.      For attorneys' fees and costs to the extent allowed by law;

3.      For punitive damages or exemplary damages or enhanced damages or treble damages to the extent allowed by law;

4.      For injunctive relief until trial is completed;

5.      Awarding Plaintiff such other and further relief as this Court deems just and proper.

**On the Seventh Claim for Relief:**

1.      For general and special damages to be proven at the time of trial to the extent allowed by law;

2.      For attorneys' fees and costs to the extent allowed by law;

3.      For punitive damages or exemplary damages or enhanced damages or treble damages to the extent allowed by law;

4.      For injunctive relief until trial is completed; and

5.      Awarding Plaintiff such other and further relief as this Court deems just and proper.

**On the Eighth Claim for Relief:**

1.      For general and special damages to be proven at the time of trial to the extent allowed by law;

2.      For attorneys' fees and costs to the extent allowed by law;

3.      For punitive damages or exemplary damages or enhanced damages or treble damages to the extent allowed by law;

4.     For injunctive relief until trial is completed; and

5.     Awarding Plaintiff such other and further relief as this Court deems just and proper.

**On the Ninth Claim for Relief:**

1.     For general and special damages to be proven at the time of trial to the extent allowed by law;

2.     For attorneys' fees and costs to the extent allowed by law;

3.     For punitive damages or exemplary damages or enhanced damages or treble damages to the extent allowed by law;

4.     For injunctive relief until trial is completed;

5.     Awarding Plaintiff such other and further relief as this Court deems just and proper.

Dated:   June 1, 2020

Kyri S. Tsircou (California SBN 209905)
Konrad L. Trope (California SBN 133214)
   [*Admitted Pro Hac Vice*]
Tsircou Intellectual Property Law PC
515 S. Flower St. Floor 36
Los Angeles, California 90071
Telephone: (323) 660-9916
Facsimile: (323) 660-9917
Email:  kyri@tsircoulaw.com
Email:  ktrope@tsircoulaw.com

Jay R. Campbell (SBN: 41293)
David Bernstein (SBN:  0093955)
Tucker Ellis LLP
950 Main Avenue, Suite 1100
Cleveland, Ohio   44113
Telephone: (216) 592-5000
Facsimile: (216) 592-5009
Email:  jay.campbell@tuckerellis.com
Email:  david.bernstein@tuckerellis.com

Counsel for Plaintiff Gold Crest, LLC,
   a California Limited Liability Company

**FIRST AMENDED COMPLAINT**

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the *Federal Rules of Civil Procedure*, Plaintiff hereby demand a trial by jury as to all claims in this litigation.

Dated:   June 1, 2020

Kyri S. Tsircou (California SBN 209905)
Konrad L. Trope (California SBN 133214)
   [*Admitted Pro Hac Vice*]
Tsircou Intellectual Property Law PC
515 S. Flower St. Floor 36
Los Angeles, California 90071
Telephone: (323) 660-9916
Facsimile: (323) 660-9917
Email:  kyri@tsircoulaw.com
Email:  ktrope@tsircoulaw.com

Jay R. Campbell (SBN: 41293)
David Bernstein (SBN:  0093955)
Tucker Ellis LLP
950 Main Avenue, Suite 1100
Cleveland, Ohio   44113
Telephone: (216) 592-5000
Facsimile: (216) 592-5009
Email:  jay.campbell@tuckerellis.com
Email:  david.bernstein@tuckerellis.com

Counsel for Plaintiff Gold Crest, LLC,
   a California Limited Liability Company