UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | |
|---|---|
| GOLD CREST, LLC, a California Limited Liability Company,<br><br>                                               Plaintiff,<br><br>vs.<br><br>PROJECT LIGHT, LLC, an Ohio Limited Liability Company; PROSPETTO LIGHT, LLC, an Ohio Limited Liability Company; PROSPETTO LIGHTING, LLC, an Ohio Limited Liability Company; SAM AVNY, an individual; and DOES 1-10, inclusive,<br><br>                                             Defendants. | CASE No. 5:19-CV-02921<br><br>JUDGE SARA LIOI<br><br>**PLAINTIFF'S MOTION TO COMPEL DEPOSITION OF MITCHELL STANLEY AND FOR PRODUCTION OF DOCUMENTS AT DEPOSITION**<br>*(Declaration of Konrad L. Trope filed concurrently herewith and [Proposed] Order lodged concurrently herewith)*<br><br>DATE:<br>TIME:<br>CTRM*:*<br><br>Complaint Filed: 08-12-2019 |

**NOW COMES,** Plaintiff GOLD CREST, LLC ("Plaintiff" or "Gold Crest"), by and through counsel, and pursuant to *Federal Rules of Civil Procedure*, Rule 37 and Local Rule 37.1 hereby moves this Court for a hearing seeking an order compelling Mitchell Stanley, a managing agent of Defendant Project Light, under FRCP Rule 30(b)(1), to appear for his deposition and to produce documents at the deposition. In addition, in accordance with Rule 37(a), Plaintiff also seeks attorneys' fees and costs associated with bringing this motion.

Plaintiff served a Notice of Deposition with a Request for Production of Documents attached thereto ("NOD"), on Mitch Stanley, Vice President and General Counsel for Defendant Project Light on April 23, 2020. Plaintiff served Mr. Stanley with an Amended NOD on April

1
MOTION TO COMPEL DEPOSITION

25, 2020. The deposition was scheduled for May 28, 2020, with a stipulation set forth in the NOD, that the documents requested were to be produced five (5) days in advance. Defendant's counsel, at the time, Cheryl Farine, had agreed to this stipulation.

Documents were never produced and Mr. Stanley, notified Plaintiff's counsel at 7:50 p.m. (E.D.T.), on May 26, 2020, less than 48 hours before the deposition, that he could not attend. Moreover, Mr. Stanley gave no explanation as to why documents had not been produced or when they would be produced.

Plaintiff has made several attempts to "meet and confer" in accordance with Rule 37 and Local Rule 37.1. Plaintiff also filed a Motion seeking a Telephonic Conference with the Court regarding this matter on June 10, 2020. *See Docket Entry #73.* On June 15, 2020, the Court denied the Telephonic Conference request and instead authorized Plaintiff to move forward with filing this instant motion. *See Docket Entry #74.*

This Motion is based upon this Notice, the attached Memorandum of Points and Authorities and the Declaration of Konrad L. Trope, as well as all pleadings and papers on file herein and upon such other matters or evidence as may be permitted at the time of the hearing on this Motion.

Respectfully submitted,

Dated: June 21, 2020

_____
Kyri S. Tsircou (California Bar No. 209905)
Konrad L. Trope (California Bar No. 133214)
*Admitted Pro Hac Vice*
Tsircou Intellectual Property Law PC
515 S. Flower St. Floor 36
Los Angeles, California 90071
Phone (323) 660-9916  Fax (323) 660-9917
kyri@tsircoulaw.com; ktrope@tsircoulaw.com

Counsel for Plaintiff Gold Crest, LLC, a California Limited Liability Company

# MEMORANDUM OF POINTS AND AUTHORITIES

1. **Statement of Facts**

Plaintiff Gold Crest is the owner of design patent No. US D769,512 ("'512 Design Patent") and design patent No. US D787,735 ("'735 Design Patent").

After Plaintiff had sent out two Cease & Desist Letters to Defendant Project Light and exchanged multiple emails regarding settlement with Defendant's Vice President & General Counsel, Mitch Stanley, between May 2017 and May 2019, Defendant ceased all communications. Thus, Plaintiff was forced to file this instant action on August 12, 2019 for *inter alia,* Design Patent Infringement under 35 U.S.C. § 271 and Unfair Competition under 15 U.S.C. § 1125. A copy of the '512 Design Patent and a copy of the '735 Design Patent are attached as Exhibits "1" and "2," respectively, to Plaintiff's Complaint. *See Docket Entry Nos. 01-1 and 01-2*.

On or about October 25, 2019, Defendant filed its Motion to Dismiss pursuant to FRCP 12(b)(2), 12(b)(3) and 12(b)(6), along with alternatively asking the Court to transfer venue. *See Docket Entry No. 18*. On December 12, 2019, the instant case was transferred from the Central District of California to the Northern District of Ohio. *See Docket Entry No. 33*.

On January 28, 2020 Defendant filed their answer to the Complaint. *See Docket Entry No. 52*. By the time Defendant filed its Answer, it had retained its third set of attorneys. *See Docket Entry Nos. 14, 30, 31, 41, 42, 45*.

On March 25, 2020, Cheryl Farine, Esq., Project Light's counsel of record, at that time, served Plaintiff's counsel with Defendant's Initial Disclosures in accordance with Rule 26(a)(1)(A). *See* Declaration of Konrad L. Trope ("Trope Decl.") filed concurrently herewith and incorporated herein at ¶1, and Exhibit "1" contained therein. Exhibit "1" is a true and correct copy of Defendant Project Light's Rule 26(a)(1)(A) Initial Disclosures. On Page 3 of

Project Light's Initial Disclosures, Ms. Farine identified Mitch Stanley as Project Light's "general counsel, [who] may have some factual knowledge about the manufacture and sale of the accused product." *See* Exhibit "1" to Trope Decl. at Page 3. Ms. Farine further stated in the Initial Disclosures that:

> "[b]y identifying Mr. Stanley, Project Light is not waiving any applicable attorney-client privilege or work product immunity relating to any communications with his client or employees, legal advice, opinion and/or analysis that Mr. Stanley may have rendered in his role as general counsel to Project Light, its officers, directors, employees, agents, or representatives, including any of Project Light's outside counsel."

*Id.*

In response to Defendant's Initial Disclosures, Plaintiff's lead counsel, Konrad Trope, sent an email to Ms. Farine on April 1, 2020, seeking further information about Mr. Stanley, including whether or not his was suspended from the practice of law in Ohio since 2009, as this would invalidate or nullify any claims of attorney-client privilege or attorney work-product privilege. *See* Exhibit "2" to Trope Decl. at Page 2.

Ms. Farine wrote and email in reply on April 2 stating that it was represented to her that Mitch Stanley was "Project Light's Executive VP and General Counsel." *See* Exhibit "2" to Trope Decl. at Page 1. Ms. Farine also stated that she would check with the Ohio State Supreme Court to confirm that Mr. Stanley had not been reinstated. *Id.* We would ask the Court to take Judicial Notice under *FRE*, Rule 201, of the records of the Ohio State Supreme Court which confirm that Mitch Stanley has been continuously suspended from the practice of law since 2009. *See* true and correct copy of Internet printout from Ohio State Supreme Court website confirming Mr. Stanley's suspended status at Exhibit "3" to the Trope Decl.

Then on or about April 20, 2020, as part of the preparations for the submission of the Joint CMC Report for the upcoming CMC conference, wrote to Ms. Farine regarding Plaintiff's repeated requests for deposition dates for Mr. Stanley. Ms. Farine replied that she had made Mr.

Stanley aware of our repeated requests for his deposition and that she had made him aware of our intent to notice his deposition if he failed to provide us with his availability by April 21st. *See* true and correct copy of April 20, 2020 email exchange between Mr. Trope and Ms. Farine attached as Exhibit "4" to the Trope Decl.

On April 23, 2020, the document entitled Plaintiff Gold Crest, LLC's *Notice of Taking Deposition of Party Witness Mitchell Stanley and Notice To Produce Documents at Deposition* ("NOD") was served to Cheryl L. Farine and Michael W. Vary of Hudak, Shunk & Farino Co, counsel for Defendant. A true and correct copy of the NOD and Certificate of Service is attached to the Trope Decl. as Exhibit "5" and incorporated herein.

The deposition was noticed to take place on May 28, 2020. The NOD further contained a demand for production documents no later than five (5) days before the date of the deposition, on May 23, 2020. *See* Exhibit "A" to the NOD attached as Exhibit "5" to Trope Decl. The demand for the production of documents in advance of the deposition was pursuant to a stipulation reached on April 17, 2020, between Mr. Trope, as Plaintiff's counsel, and Ms. Farine, as Defendant's counsel at that time. *See* true and correct email exchange of April 23-24, 2020 between Mr. Trope and Ms. Farine, attached as Exhibit "6" to the Trope Decl.

On April 25, 2020, the document entitled Plaintiff Gold Crest, LLC's *Amended Notice of Taking Deposition of Party Witness Mitchell Stanley and Notice To Produce Documents at Deposition* ("Amended NOD") was served to Cheryl L. Farine and Michael W. Vary of Hudak, Shunk & Farino Co, counsel for Defendant. A true and correct copy of the Amended NOD and Certificate of Service is attached to the Trope Decl. as Exhibit "7" and incorporated herein. The deposition was still set for May 28, 2020, along with a demand for production documents, which documenters were to be produced not later than five (5) days before the date of the deposition, on May 23, 2020. *See* Exhibit "A" to the Amended NOD attached as Exhibit "7" to Trope Decl.

On April 22, 2020, counsels for Defendant Cheryl L. Farine and Michael W. Vary, submitted a Motion to Withdraw as attorneys for Defendant. *See Docket Entry No. 60*.

On April 23, 2020, a Case Management Conference was held with Konrad L. Trope and Jay R. Campbell, appearing on behalf of Plaintiff, and Cheryl L. Farine, appearing on behalf of Defendant. During this conference, Ms. Farine represented to the Court that the discovery requests had been forwarded to the owners and authorized representatives of Defendant Project Light. *See* Trope Decl. at ¶7. Ms. Farine's representation was further affirmed in the *Certification in Support of Motion For Leave To Withdraw* submitted to the Court by Ms. Farine on April 27, 2020 in which it was certified that the discovery requests, Case Management Schedule, and Notice of Deposition had all been forwarded to Defendant Project Light. *See Docket Entry No. 62*. The Court granted Ms. Farine's Motion for Leave to Withdraw on April 29, 2020. (Text Only).

On May 22, 2020, Plaintiff's Counsel wrote to Mr. Stanley asking him to confirm his attendance at the deposition, and the status of accompanying request to produce documents under Rule 30(b). A true and correct copy of the May 22, 2020 letter is attached to the Trope Decl. as Exhibit "8" and incorporated herein.

May 23, 2020 came and went without any documents being produced in accordance with the Amended NOD that had been served on April 25, 2020.

On May 26, 2020, at 7:50 p.m., less than 48 hours before the deposition, Mr. Stanley sent an email to Konrad Trope, counsel for Plaintiff, stating that he had a family member with health issues and requested a continuance of the deposition until the week of June 22nd. A true and correct copy of the May 26, 2020 email is attached to the Trope Decl. as Exhibit "9" and incorporate herein.

On May 28, 2020, Konrad Trope conducted the deposition of Party Witness Mitchell Stanley ("Mr. Stanley"), at which Mr. Stanley did not appear. A Certificate of Non-Appearance was taken and recorded by the court reporter. A true and correct copy of the Certificate of Non-Appearance is attached to the Trope Decl. as Exhibit "10" and incorporate herein.

On May 29, 2020, Konrad Trope sent a letter to Mr. Stanley detailing his lack of communication about the Amended NOD, which had been served on April 25, 2020, until the email on May 26, 2020. Further, this letter outlined the fact that the Amended NOD had requested documents be produced not later than May 23rd, and that no communication regarding the documents was ever transmitted. A true and correct copy of the May 29, 2020 letter is attached to the Trope Decl. as Exhibit 11" and incorporated herein.

On June 10, 2020, Plaintiff filed a *Notice of Request for Local Rule 37.1 Telephone Conference Re Discovery Disputes and Certification of Prior "Meet and Confer" Efforts. See Docket Entry No. 73*. On June 15, 2020 the Court denied Plaintiff's Request for a Telephone Conference. *See Docket Entry No. 74.*

In making its ruling the Court noted that artificial business entities, such as Defendant Project Light, LLC, may only appear in federal court through licensed counsel, and in the absence of counsel, Project Light, LLC, could not rightfully participate in a conference with the Court. Thus, the Court authorized Plaintiff to file a motion to compel discovery without conducting a conference pursuant to Local Rule 37.1. *See Docket Entry No. 74.*

Furthermore, Defendant Project Light was admonished by the Court to obtain legal counsel without further delay. *Id. at Page 2.*

## II. Legal Argument

*Federal Rule of Civil Procedure,* Rule 26(b)(1) permits parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and

proportional to the needs of the case..." *Fed. R. Civ. P*. 26(b)(1). The scope of discovery is traditionally quite broad. *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 402 (6th Cir. 1998).

Rule 30(b)(1) provides that "[a] party may, by oral questions, depose any person, including a party, without leave of the court. "Depositions of officers, directors, or managing agents of a party corporation may be taken by noticing the deposition of that particular person pursuant to *Federal Rule of Civil Procedure,* Rule 30(b)(1). *See Libbey Glass, Inc. v. Oneida, Ltd.,* 197 F.R.D. 342, 349 (N.D.Ohio 1999)." *Stacey v. ZF Lemforder Corp.*, No. 05-CV-72777-DT, 2007 WL 201018, at *1 (E.D. Mich. Jan. 23, 2007).

As Mr. Stanley is the Vice-President and General Counsel of Defendant Project Light, Mr. Stanley qualifies as an officer, director or managing agent of corporate Defendant Project Light whom Defendant Project Light must produce without a subpoena being issued. *Id.*

Rule 30(b)(2) provides that a deposition notice "to a party deponent may be accompanied by a request under Rule 34 to produce documents and tangible things at the deposition." *FED. R. CIV. P*. 30(b)(2). The reference to Rule 34 triggers the procedural requirements of Rule 34 whereby the party affiliated witness has 30 days to interpose objections to the document request. *See Dowling v. Cliveland Clinic Foundation,* 593 F3d 472, 479 (6th Cir. 2010); *Nozinich v. Johnson & Johnson, Inc.,* No. 09-02105-DKV, 2011 WL 13124086, at *2 (W.D. Tenn. Apr. 4, 2011).

*Federal Rule of Civil Procedure*, Rule 34 provides that a party must respond in writing within 30 days to a request for documents, electronically stored information, or tangible things. *Fed. R. Civ. P*. 34(b)(2). For each item or category, the response must "either state that inspection and related activities will be permitted as requested or state an objection to the

8
MOTION TO COMPEL DEPOSITION

request, including the reasons." *Fed. R. Civ. P*. 34(b)(2)(B). *See Hitachi Medical Systems America, Inc. v. Branch,* 2010 WL 11565326 at *2 (N.D. Ohio 2010).

Pursuant to Rule 37(a)(1), when an opposing party fails to produce permitted discovery, "a party may move for an order compelling disclosure or discovery" so long as the movant has "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Fed. R. Civ. P.* 37(a)(1). *See Ethosenergy LTD. V. PACS Switchgear, LLC,* 2018 WL 7290812 at *1 (N.D. Ohio 2018.)

In addition, Rule 37(d) provides that "[i]f ... an officer, director or managing agent of a party ... fails ... to appear before the officer who is to take [a] deposition, after being served with the proper notice" the Court may impose sanctions against the non-appearing party. *E.E.O.C. v. Honda of Am. Mfg., Inc.,* No. 2:06-CV-0233, 2007 WL 682088, at *1 (S.D. Ohio Feb. 28, 2007).

Because of the availability of such sanctions under Rule 37(d), a deposition notice, unaccompanied by a subpoena, is ordinarily sufficient to compel the appearance of a corporate opponent's officers, directors, and managing agents at a deposition. Other witnesses who do not fall into the category of officer, director, or managing agent, may be compelled to appear and testify at a deposition only by the issuance of subpoena in accordance with Rule 45. *Id.*

In the instant case, Mitchell Stanley, Vice President Defendant Project Light, LLC, has been aware for months, since April 1, 2020, that Plaintiff was seeking his deposition. Defendant's most recent counsel, Ms. Farine, advised Mr. Stanley in late April that unless he provided dates of his availability by April 21, then Plaintiff would set his deposition without further consultation.

Mr. Stanley was properly served on April 25, 2020 with Plaintiff's Amended NOD. The documents responsive to the Rule 34 Document Request attached to the Amended NOD were to

be produced not later than May 25, 2020, pursuant to an April 17, 2020 stipulation reached between Plaintiff's counsel, Mr. Trope, and Defendant's counsel at that time, Ms. Farine .

Thus, Mr. Stanley was obligated and aware that he had to serve any objections to the document requests and/or produce the requested documents not later than May 25, 2020.

Instead Mr. Stanley did not provide any communication about: (a) his inability to be deposed; or (b) the documents requested, until less than 48 hours before his scheduled appearance on May 26. He then stated in his email of May 26, 2020 at 7:40 p.m. (EDT) that he was available sometime during the week of June 22, 2020. He also stated that "[Defendant] project light will be seeking to retain counsel this week to discuss the request for docs." *See* Exhibit "9" to Trope Decl.

His participation in this matter going back to May 2017 is nothing but documented delays and obfuscation. This cavalier and dismissive attitude is precisely why the Court in its Order of June 15 directed Plaintiff to file the instant Motion without any further procedures under *FRCP* Rule 37 or Local Rule 37.1.

As of the date of filing this instant motion, Defendant Project Light has not retained new counsel, nor has party affiliated witness Mr. Stanley has provided any substantive responses or documents, whatsoever. Thus, all objections to Rule 34 Document Request which accompanied the Rule 30(b)(1) Amended NOD were waived.

District courts in the Sixth Circuit have held that the waiver applies to both Rule 33 interrogatories and Rule 34 document production requests. *Firneno v. Nationwide Marketing Services, Inc.*, No. 14-10104, 2015 WL 132805453, at *3 (E.D. Mich. Dec. 10, 2015) ("Although Rule 34, unlike Rule 33, does not specifically state that objections are waived after 30 days, the considerable weight of authority is that the failure to timely object to requests for production of documents also constitutes a waiver."); *see also Patton v. Aerojet Ordinance Co.*,

765 F.2d 604, 609 (6th Cir. 1985) (noting that the district court should have "determined whether defendants failed timely to object to the answers and whether they thereby waived any objection"); *Carfagno v. Jackson Nat. Life Ins. Co.*, No. 99-118, 2001 WL 34059032, at *1 (W.D. Mich. Feb. 13, 2001) ("As a general rule, failure to object to discovery requests within the thirty days provided by Rules 33 and 34 constitutes a waiver of any objection.") (quoting *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992)).

Furthermore, the waiver applies to objections based on privilege. *See Caldwell v. 9172-7999 Quebec, Inc.,* No. 18-CV-12752, 2019 WL 6907349, at *2 (E.D. Mich. Dec. 19, 2019), reconsideration denied, No. 18-CV-12752, 2020 WL 428356 (E.D. Mich. Jan. 28, 2020); *see also Hennigan v. Gen. Electric Co.*, No. 09-11912, 2011 WL 1321444, at *1–4 (E.D. Mich. June 1, 2011) (finding that the defendant waived both its attorney-client privilege and its work-product privilege due to its failure to assert them within thirty days of the plaintiff's discovery request); *Cleveland Indians Baseball Co. v. United States*, No. 96-2240, 1998 WL 180623, at *4 (N.D. Ohio Jan. 28, 1998) ("This rule applies with equal force to all objections, including those based on attorney-client privilege or attorney work product.").

Accordingly, Project Light should be ordered to produce Mr. Stanley for his deposition without any further delay, or Mr. Stanley, directly, should be ordered to appear for his deposition without further delay. Moreover, Project Light or Mr. Stanley should be ordered to provide full and complete responses to each and every document request without any objections within five (5) days of the Court issuing its order. Those Responses must comply with the instructions set forth in Plaintiff's Amended NOD. Furthermore, concurrent with providing fully compliant Responses, all documents responsive to each document request should be provided.

///

///

Moreover, Project Light should be ordered, in accordance with *FRCP*, Rule 37(a)(5)(A) to pay all of Plaintiff's attorneys' fees and costs incurred in bring this instant motion. *See Timmings v. Liftking Industries, Inc.,* 2011 WL 13233256 at *3 (N.D. Ohio 2011). Accordingly, Plaintiff Gold Crest requests the opportunity to provide documentation of its fees and costs incurred herein shortly after the conclusion of these motion proceedings.

Respectfully submitted,

Dated: June 21, 2020

Kyri S. Tsircou (California Bar No. 209905)
Konrad L. Trope (California Bar No. 133214)
*Admitted Pro Hac Vice*
Tsircou Intellectual Property Law PC
515 S. Flower St. Floor 36
Los Angeles, California 90071
Phone (323) 660-9916  Fax (323) 660-9917
kyri@tsircoulaw.com; ktrope@tsircoulaw.com

Counsel for Plaintiff Gold Crest, LLC, a California Limited Liability Company

# CERTIFICATION OF EFFORTS
# TO RESOLVE DISCOVERY DISPUTE

Pursuant to *Fed.R.Civ.P* 37(a), this is to certify that counsel for the Plaintiff attempted *on several occasions* in good faith to confer with Defendant Project Light, LLC to resolve this discovery issue without court intervention *as set forth in the Declaration of Konrad L. Trope, filed concurrently herewith*.

Respectfully submitted,

Dated: June 21, 2020

Kyri S. Tsircou (California Bar No. 209905)
Konrad L. Trope (California Bar No. 133214)
*Admitted Pro Hac Vice*
Tsircou Intellectual Property Law PC
515 S. Flower St. Floor 36
Los Angeles, California 90071
Phone (323) 660-9916  Fax (323) 660-9917
kyri@tsircoulaw.com; ktrope@tsircoulaw.com

Counsel for Plaintiff Gold Crest, LLC, a California Limited Liability Company

# CERTIFICATE OF SERVICE

I am over the age of 18 and not a party to the within action; my business address is 515 S. Flower St. Floor 36, Los Angeles, California 90071.  I am employed by a member of the Bar of this Court at whose direction the service was made.

On June 21, 2020, I served the foregoing document entitled **PLAINTIFF'S NOTICE OF REQUEST FOR LOCAL RULE 37.1 TELEPHONE CONFERENCE RE DISCOVERY DISPUTES AND CERTIFICATION OF PRIOR "MEET AND CONFER" EFFORTS** on interested parties in this action electronically through the Court's ECF System to:

| | |
|---|---|
| Kyri Tsircou, Counsel for Plaintiff | kyri@tsircoulaw.com |
| Jay Campbell, Counsel for Plaintiff | jay.campbell@tuckerellis.com |
| David Bernstein, Counsel for Plaintiff | david.bernstein@tuckerellis.com |
| Konrad Trope, Counsel for Plaintiff | ktrope@tsircoulaw.com |

My electronic address is ginakincaid@tsircoulaw.com.  On the date set forth herein, I electronically served the above-listed document to the persons at the electronic address listed and/or sent a true and correct copy via FedEx (standard overnight delivery) as follows:

*Via FedEx*
Mr. Sam Avny, Managing Member
*info@projectlightinc.com*
Project Light, LLC
4976 Hudson Drive
Stow, Ohio  44224

*Via FedEx & Email:*
mstanley25@aol.com
Mr. Mitchell Stanley, VP & General Counsel
14545 Shire Court
Russell, Ohio  44072

*Via FedEx & Email*: linda@projectlightinc.com
Ms. Linda Kirkwood, Legal Liaison
Project Light, LLC
4976 Hudson Drive
Stow, Ohio  44224

*Via FedEx*
Ms. Lorraine Piotrowski,
   Authorized Agent for Service
Project Light, LLC
4976 Hudson Drive
Stow, Ohio  44224

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.  Executed on June 21, 2020 at Caldwell, Idaho.

_____
Gina Kincaid

14
MOTION TO COMPEL DEPOSITION