# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF OHIO

# EASTERN DIVISION

| | |
|---|---|
| GOLD CREST, LLC, a California Limited Liability Company,<br><br>                                         Plaintiff,<br><br>vs.<br><br><br>PROJECT LIGHT, LLC, an Ohio Limited Liability Company; PROSPETTO LIGHT, LLC, an Ohio Limited Liability Company; PROSPETTO LIGHTING, LLC, an Ohio Limited Liability Company; SAM AVNY, an individual; and DOES 1-10, inclusive;<br><br><br>                                         Defendants. | CASE No. 5:19-CV-02921<br><br>JUDGE SARA LIOI<br><br>**PLAINTIFF GOLD CREST, LLC's MEMORANDUM IN OPPOSITION TO DEFENDANTS PROJECT LIGHT, LLC, PROSPETTO LIGHT, LLC, PROSPETTO LIGHTING, LLC and SAM AVNY's MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT UNDER RULE 12(b)(6)**<br><br>*[Declaration of Konrad L. Trope filed concurrently herewith]*<br><br>Complaint Filed:  08-12-2019 |

Plaintiff GOLD CREST, LLC ("Plaintiff" or "Gold Crest") presents this Memorandum in opposition to Defendants PROJECT LIGHT, LLC, PROSPETTO LIGHT, LLC, PROSPETTO LIGHTING, LLC and SAM AVNY's Motion to Dismiss Plaintiff's First Amended Complaint in accordance with FRCP Rule 12(b)(6).

Defendants base the entirety of their Motion to Dismiss on the assertion that Plaintiff has failed to provide "any factual allegations sufficient to show what alleged infringing conduct was purportedly engaged in by each of the named Movant-Defendants," relying on a purported doctrine of "group pleading," and improperly citing to cases in a failed attempt to give this theory credibility.  Additionally, Defendants have seemingly misinterpreted the well-defined FRCP Rule 8 pleading standards to include requirements and specificity of facts, which are not required at the pleading stage.  Overall, Defendants seem to be attempting to

improperly and untimely litigate the matter within a motion to dismiss for failure to state a claim.

In total, Plaintiff's First Amended Complaint more than meets the standard required to survive a motion to dismiss under *Twombly/Iqbal*, and Defendants' theory of "group pleading" to be non-applicable to the instant action.

Dated:   July 30, 2020                          Respectfully submitted,

Kyri S. Tsircou (California Bar No. 209905)
Konrad L. Trope (California Bar No. 133214)
*Admitted Pro Hac Vice*
Tsircou Intellectual Property Law PC
515 S. Flower St. Floor 36
Los Angeles, California 90071
Phone (323) 660-9916  Fax (323) 660-9917
kyri@tsircoulaw.com; ktrope@tsircoulaw.com

Jay R. Campbell  (41293)
David A. Bernstein (93995)
Tucker Ellis LLP
950 Main Avenue, Suite 1100
Cleveland, Ohio  44113
Phone: 216-592-5000  Fax: 216-592-5009
Jay.Campbell@tuckerellis.com;
David.Bernstein@tuckerellis.com

Counsel for Plaintiff Gold Crest, LLC,
  a California Limited Liability Company

# TABLE OF CONTENTS

I.    FACTS / PROCEDURAL HISTORY ................................................................. 6

II.    ARGUMENT ................................................................................................. 7

    A.   Standard of Review ...................................................................................7

    B.   First Amended Complaint Sufficiently Meets Standard of Review ........................................8

    C.   First Amended Complaint is Not Based on "Impermissible Group Pleading" and is Properly Plead Pursuant to FRCP 8. ................................................................10

        1.   <u>Case Law and Legal Theory Put Forth by Defendants is Inapplicable</u> .........................10

        2.   <u>Plaintiff's Pleading in the FAC Are Sufficient and Well Pled Relating to Multiple Defendants</u> ................................................................14

    D.   Plaintiff's FAC Sufficiently Pleads Facts to State A Claim Against Sam Avny ..................15

    E.   Plaintiff's FAC Sufficiently Pleads Facts to State a Claim Against Each Corporate Defendant. ................................................................16

    F.   Plaintiff's FAC Properly Pleads Induced and Vicarious Infringement Causes of Action......17

III.    NEWLY DISCLOSED EVIDENCE AND JUDICIAL NOTICE OF PRIOR CASES INVOLVING DEFENDANTS ................................................................ 19

    A.   Plaintiff Requests Judicial Notice Under FRE 201 of Prior Cases Involving Sam Avny, Prospetto Lighting, Prospetto Light and Project Light, Showing the Common Control by Sam Avny Over the Corporate Defendants. ................................................................19

    B.   Newly Disclosed Evidence Clearly Shows Defendant Avny's Connection to All Corporate Defendants................................................................22

IV.    CONCLUSION ................................................................ 23

# TABLE OF AUTHORITIES

## CASES

*Amini v. Oberlin Coll.,* 259 F.3d 493, 502 (6th Cir.2001)........................................ 19

*Amiron Dev. Corp. v. Sytner,* No. 12–CV–3036 (JS), 2013 WL 1332725, at *6
    (E.D.N.Y. Mar. 29, 2013) ......................................................... 13

*Aro Mfg. Co. v. Convertible Top Replacement Co.,* 377 U.S. 476, 488, 84 S.Ct.
    1526, 12 L.Ed.2d 457 (1964) ..................................................... 18

*Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009)............................................. 7

*Atuahene v. City of Hartford*, 10 Fed. Appx. 33, 34 (2d Cir. 2001) ................... 11, 12

*Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).......... 19

*Berry v. Cahoon*, 731 F. Supp. 2d 685, 688 (S.D. Ohio 2010)............................. 15

*Campbell v. Worthy*, 2013 WL 2446287 at *2 (E.D. Mich.)................................. 12

*DSU Med. Corp. v. JMS Co.,* 471 F.3d 1293, 1306 (Fed.Cir.2006)....................... 17

*Elec. Mirror, LLC v. Project Light, LLC,* No. 1:17-CV-01747 (ALC)
    (S.D.N.Y.)........................................................................ 21

*Erickson v. Pardus*, 551 U.S. 89, 97 (2007) ............................................. 7

*Fifth Third Bank v. Barkaukas*, 2012 WL 5507831......................................... 12

*Freedom Banc Mortg. Servs., Inc. v. O'Harra,* No. 2:11–cv–01073, 2012 WL
    3862209, at *4 (S.D.Ohio Sept. 5, 2012)........................................... 14

*Global–Tech Appliances, Inc. v. SEB S.A.,* —— U.S. ——, 131 S.Ct. 2060,
    2068, 179 L.Ed.2d 1167 (2011) .................................................... 17

*Gunasekara v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) ............................... 7, 8

*Hale v. Enerco Grp., Inc* No. 1:10 CV 00867–DAP, 2011 WL 49545, at *4
    (N.D.Ohio Jan. 5, 2011)........................................................... 14

*Hall v. Bed Bath & Beyond, Inc.*, 705 F.3d 1357, 1362 (Fed. Cir. 2013)................ 15

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d
    1323, 1339 (Fed. Cir. 2012)....................................................... 18

*Kesterson v. Moritsugu,* 149 F.3d 1183, 1998 WL 321008, *4 (6th Cir. Jun.3,
    1998) ............................................................................ 13

*Marcilis v. Twp. of Redford*, 693 F.3d 589, 596 (6th Cir. 2012) ................... 12, 15

*New York v. Mountain Tobacco Co.*, 55 F. Supp. 3d 301, 315 (E.D.N.Y. 2014)........ 12, 13

*Skinner v. Switzer,* 562 U.S. 521, 529, 131 S. Ct. 1289, 1296, 179 L. Ed. 2d 233
    (2011)............................................................................ 17

OPPOSITION TO MOTION TO DISMISS

*Spero v. Avny*, 2015-Ohio-4671, 47 N.E.3d 508 ................................................................... 20, 21

*Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) ............................... 7

*Transition Healthcare Associates, Inc. v. Tri-State Investors, LLC* 306 Fed.
    Appx. 273, 280-281, 2009 WL 67869 at **7-8 ........................................................... 17

*Zurich Am. Ins. Co. v. Dah Sing Bank, Ltd.,* No. 03 Civ.7778 (DLC), 2004 WL
    1328215, *6 (S.D.N.Y.2004) ...................................................................................... 13

## <u>STATUTES</u>

35 U.S.C. § 271(b) ................................................................................................................ 17

## <u>RULES</u>

Federal Rule of Civil Procedure 8(a)(2) ..................................................................................... 8

Federal Rules of Civil Procedure, Rule 12(b)(6) ........................................... 1, 7, 16, 17, 18, 19

Federal Rules of Evidence, Rule 201 ........................................................................ 3, 19, 20, 22

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  FACTS / PROCEDURAL HISTORY

Plaintiff Gold Crest is the owner of design patent No. US D769,512 ("'512 Design Patent") and design patent No. US D787,735 ("'735 Design Patent").  A copy of the '512 Design Patent and a copy of the '735 Design Patent are attached as Exhibits "1" and "2," respectively, to Plaintiff's First Amended Complaint ("FAC").  *See* Docket Entry No. 67.

Gold Crest filed for the '512 Design Patent on September 8, 2015 and the patent was registered by the USPTO on October 16, 2016. Additionally, Gold Crest filed the '735 Design Patent application on October 14, 2016, and it was registered by the USPTO on May 23, 2017. The patents have been in force since that time and continue to be in force.  *See* Plaintiff's FAC, p. 3, at Docket Entry No. 67.

In 2017, Gold Crest became aware that Defendant Project Light, LLC had displayed and made offers for sale for a desk lamp that direct infringes on both the '512 Design Patent, and '735 Design Patent, at the 2017 "HD Expo" in Las Vegas, Nevada.  *See* Plaintiff's FAC at Page 3, lines 23-28, Page 4, lines 1-3, at Docket Entry No. 67.

Defendant was openly offering for sale a lamp product that infringes both the '512 Design Patent and '735 Design Patent.  Defendant displayed for sale the infringing product at what was known as the "HD Expo" in Las Vegas, Nevada in 2017.  *See Id*. at ¶¶ 23-27.

Plaintiff's counsel sent Defendant a cease and desist letter dated May 4, 2017.  *See Id*. at ¶ 26.

In or about March 2019, a second cease and desist letter was sent to Defendant based on the infringing product being listed for sale on Defendant's website at www.projectlightinc.com.  *See* Plaintiff's FAC at p. 8, Docket Entry No. 67  *See Id.* at ¶ 27.

Unfortunately, settlement talks broke down between the parties which compelled Plaintiff to file this instant action on August 12, 2019.

On June 1, 2020 Plaintiff filed their First Amended Complaint, adding the new Defendants Prospetto Light, LLC, Prospetto Lighting, LLC, and Sam Avny (Defendants Project Light, LLC, Prospetto Light, LLC, and Prospetto Lighting, LLC are collectively

referred to herein as "Corporate Defendants."). *See* FAC, Docket No. 67. Newly discovered facts, in addition to newly produced discovery shows a connection among these newly added Defendants and the instant matter.

The Corporate Defendants share the multiple web addresses where consumers searching for one of those companies are inevitably directed to the website of www.projectlightinc.com (the "Common Website"), wherein the products of Project Light, LLC, Prospetto Light, LLC and Prospetto Lighting, LLC are all marketed or presented together as coming from one source. *See Id.* at ¶¶ 15-16.  In addition, there are documents of public record, which the court is permitted take notice of, that show the connection between Corporate Defendants, and Individual Defendant Sam Avny acting as the controlling force behind Corporate Defendants.  *See Id.* at ¶¶ 10-14. These "public records" are discussed herein below.

## II.  <u>ARGUMENT</u>

### A.  **Standard of Review**

Under Rule 12(b)(6), the Court accepts the plaintiff's factual allegations as true and construes the complaint in the light most favorable to the plaintiff.  *See Gunasekara v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). In order to survive a motion to dismiss under this Rule, "a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.' " *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56, 570 (2007)).

In considering such a motion, a court must "accept as true all of the factual allegations contained in the complaint."  *Erickson v. Pardus*, 551 U.S. 89, 97 (2007) (*per curiam*), and may dismiss the case or a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

///

A claim is plausible on its fact when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).

An "examination of a complaint for a plausible claim for relief is undertaken in conjunction with the "well-established principle that 'Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." ' " *Gunasekera*, 551 F.3d at 466 (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007))"

### B. First Amended Complaint Sufficiently Meets Standard of Review

As stated above, examination of a complaint for a plausible claim for relief is undertaken in conjunction with the Fed. R. Civ. P. 8(a)(2) that only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Gunasekera*, 551 F.3d at 466. Despite this, Defendants seem to claim not only that some heightened standard requiring specific facts is necessary, but also that "The First Amended Complaint alleges no other facts whatsoever as to any actual infringing conduct by each Movant-Defendant" (*See* Defendants' Motion at Pg. 4). Plaintiff would like to identify what has been specifically plead in terms of the newly added Defendants, Sam Avny and Prospetto Lighting, LLC.

Defendants' Motion asserts that the FAC does not specifically set forth the applicable facts to each newly named Defendant. *See, e.g.,* Pls.' Mem. in Support of Mot. to Dismiss, p. 3, Docket Entry 90. Contrary to Defendants' accusations, all newly added defendants are separately and individually named, multiple times throughout Plaintiff's FAC:

"7.      Plaintiff is informed and believes and based thereon alleges, that Defendant **Prospetto Light, LLC** is an Ohio limited liability company with a principal place of business at 1970 Miller Parkway, Streetsboro, Ohio, 44241 ("Prospetto Light"). Defendant Prospetto Light, LLC is a seller of

lamps, and lighting products, including the infringing products complained of herein.

8.      Plaintiff is informed and believes and based thereon alleges, that Defendant **Prospetto Lighting, LLC**. is an Ohio limited liability company with a principal place of business at 4976 Hudson Drive, Stow, Ohio, 44224 ("Prospetto Lighting"), Defendant Prospetto Lighting, LLC is a seller of lamps, and lighting products, including the infringing products complained of herein.

9.      Defendants Project Light, LLC, Prospetto Light, LLC, and Prospetto Lighting, LLC are collectively referred to herein as "Corporate Defendants."

10.     Defendant **Sam Avny** (sometimes referred to as the "Individual Defendant") conducts business in the State of Ohio. He is the statutory agent for Prospetto Lighting, LLC as of October 20, 2008. *See* true and correct copy *of Subsequent Agent Appointment for Limited Liability Company* attached hereto and incorporated herein as **Exhibit "3."** Furthermore, Mr. Avny's address is listed as 4976 Hudson Drive, Stowe, Ohio, 44224, which is also the same business address for Defendant Prospetto Lighting, LLC as well as the address for Defendant Project Light, LLC.

11.     In addition, on or about December 5, 2008, the Individual Defendant Sam Avny signed and filed a document whereby the name "Prospetto Light" is to be known as a trade name for Project Light, LLC. *See* true and correct copy of *Tradename Registration Certificate* filed with the Ohio Secretary of State attached hereto and incorporated herein as **Exhibit "4."**

12.     Plaintiff is informed and believes and thereon alleges that the Individual Defendant Sam Avny is not only a Managing Member of Defendant Project Light, LLC, but is also an officer and a guiding force

OPPOSITION TO MOTION TO DISMISS

behind the activities of Defendant Project Light, LLC and was so at all material times.

        13.    Plaintiff is informed and believes and thereon alleges that the Individual Defendant Sam Avny is not only a Managing Member of Defendant Prospetto Light, LLC, but is also an officer and a guiding force behind the activities of Defendant Prospetto Light, LLC and was so at all material times.

        14.    Plaintiff is informed and believes and thereon alleges that the Individual Defendant Sam Avny is not only a Managing Member of Defendant Prospetto Lighting, LLC, but is also an officer and a guiding force behind the activities of Defendant Prospetto Lighting, LLC and was so at all material times."

*See* FAC at Paragraphs 7-14.

As can be clearly seen, added Defendants Sam Avney, Prospetto Lighting, LLC and Prospetto Light, LLC have been separately identified multiple times.  Specifically, Paragraphs 6-14 of the FAC list the relationships of the newly named Defendants (Sam Avny, Prospetto Lighting, LLC and Prospetto Light, LLC).  Paragraphs 12-16 plead the connection among the Defendants and Paragraphs 22-33 of the FAC pleads the infringing conduct. These facts, if taken as true, show the plausibility of the claims being alleged.  Plaintiff has pled more than enough facts to properly put each and every Defendant on notice as to their conduct, and gives them sufficient information regarding the legal claims and the factual grounds upon which they rest.  The fact that Defendants do not agree with the claims asserted is not grounds for a motion to dismiss.

**C.**    **First Amended Complaint is Not Based on "Impermissible Group Pleading" and is Properly Plead Pursuant to FRCP 8.**

    1.    <u>Case Law and Legal Theory Put Forth by Defendants is Inapplicable</u>

In putting forth their theory of "impermissible group pleading" Defendants have stated: "Assertions regarding conduct by Movant-Corporate Defendants are devoid of any supporting

factual substantiation.  No additional facts are asserted regarding infringing conduct by each individual Defendant, and there are no allegations sufficient to give notice to either Movant-Corporate Defendant regarding its specific conduct that supposedly supports patent infringement claims." *See* Defs.' Mem. in Support of Their Motion to Dismiss for Failure to State A Claim ("Motion") at Page 10, Docket Entry 90-1.

Defendants go on to claim authority for this position by citing to *Atuahene v. City of Hartford*, 10 Fed. Appx. 33, 34 (2d Cir. 2001).  In addition to this case being non-applicable and easily distinguishable to the instant action, the long list of parenthetical cites provided by Defendants to support their position are all cases with vastly different fact patterns and inapplicable pleading issues to the instant action.

It must be emphasized at the outset that Defendants have failed not only to use any cases from this District to support their position, and have only managed to produce one case within the Sixth Circuit with an entirely different fact pattern and pleading standard: all other cases cited by Defendants are outside of the Sixth Circuit.

As stated by Defendants, "In *Atuahene,* the Second Circuit affirmed the dismissal of the complaint because "by lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, the complaint failed to satisfy FRCP Rule 8's minimum standard." *Id*.  However Defendants failed to give the factual context of the case, leading to a manipulated view of the holding as they attempted to shoehorn the holding into the instant fact pattern.

The procedural history of *Atuahene* developed in the following way: (1) plaintiff originally alleged a cause of action against "all defendants" grouping them together, and failing to identify any factual basis for legal claims made; (2) plaintiff was given the opportunity to amend the complaint, whereby they added no new factual basis for legal claims made; and (3) plaintiff submitted a second amended complaint which replaced the allegations against "the defendants" with the names of all of the defendants, still failing to identify which defendants were alleged to be responsible for which alleged violations, leading to dismissal of the complaint.  *See Id*.

Even a cursory reading of the instant procedural history would show the *Atuahene* fact pattern inapposite with the instant action.  In the instant action, Plaintiff has separately named Defendants Avny, Prospetto Lighting, Prospetto Light, and Project Light, along with the separate facts pertaining to each of them, and their connection to each cause of action.

The string of inapplicable cases cited to by Defendants further show the cavalier and disingenuous attitude of Defendants toward facts and probative arguments.

In most of the cases that Defendants cite, the courts dismissed the complaints because the complaints failed to distinguish *at all* between any of the defendants in claims alleging discrimination or constitutional-rights violations.  *See Marcilis v. Twp. of Redford*, 693 F.3d 589, 596 (6th Cir. 2012) (dismissing a complaint raising a *Bivens* claim where the complaint "ma[de] only categorical references to 'Defendants' " (emphasis added); *Campbell v. Worthy*, 2013 WL 2446287 at *2 (E.D. Mich.) ("The complaint in the present case suffers from the identical infirmity as did the complaint in *Marcilis*"); *Atuahene,* 10 Fed.Appx. at 34 (noting that the complaint "alleging a host of constitutional and state common law claims" initially "failed to differentiate among the defendants, alleging instead violations by 'the defendants,' " and then later "still fail[ed] to identify which defendants were alleged to be responsible for which alleged violations" when the plaintiff "replaced the allegations against 'the defendants' with the names of all of the defendants");  *New York v. Mountain Tobacco Co.*, 55 F. Supp. 3d 301, 315 (E.D.N.Y. 2014)(court stated in *dicta, not holding,* that not a single fact connecting [defendant] to the alleged sale of unstamped cigarettes, but rather asserts only conclusions about "defendants." And it was this type of pleading which was inadequate);  *and Fifth Third Bank v. Barkaukas*, 2012 WL 5507831 (complaint dismissed where plaintiff has conducted "shotgun pleading" where the complaint contains several counts, each one incorporating by reference the allegations of its predecessors, creating uncertainty which factual allegations are relevant to each count or defendant).

Whether it was a misreading, or intentional obfuscation, Defendants have cited to a number of *Bivens* cases, which require a special heightened pleading standard not applicable to the instant action.  *See Kesterson v. Moritsugu*, 149 F.3d 1183, 1998 WL 321008, *4 (6th Cir.

Jun. 3, 1998).

One of Defendants more egregious citation errors that necessitate reflection is their citation to *New York v. Mountain Tobacco,* where Defendants repeated clear dicta in a seeming attempt to claim this was a holding of the case. *See* Defs.' Mem. in Support of Motion to Dismiss, at p. 7, Docket Entry 90-1. Further, Defendants cited to a quote in their parenthetical, but then for the authority/origin of that quote Defendants wrote "(**Citation Omitted**)." Defendant's quote in the Motion is as follows:

"See also, *New York v. Mountain Tobacco Co.*, 55 F. Supp. 3d 301, 315 (E.D.N.Y. 2014) ("the Court pauses to note that the amended complaint does not allege a single fact connecting [the defendant] to the [alleged wrongful conduct], but rather asserts only conclusions about 'defendants.' 'This type of group pleading is inadequate to state a claim.'" (citation omitted)"  (Motion at pg. 7)

The citation that Defendants omitted reads as follow:

"*Zurich Am. Ins. Co. v. Dah Sing Bank, Ltd.,* No. 03 Civ.7778 (DLC), 2004 WL 1328215, *6 (S.D.N.Y.2004) (where the Court chastised the plaintiff for "lump[ing] three bank defendants together"); *Amiron Dev. Corp. v. Sytner,* No. 12–CV–3036 (JS), 2013 WL 1332725, at *6 (E.D.N.Y. Mar. 29, 2013) (finding that group pleading did not satisfy the requirements of Rule 8 where the defendants were not individually mentioned in the facts section of the complaint or in any exhibits)*." *New York v. Mountain Tobacco Co.*, 55 F. Supp. 3d 301, 315 (E.D.N.Y. 2014)

Neither *Zurich* nor *Amiron* are applicable, nor related, to the instant fact pattern.  In the instant action, Plaintiff has separately identified and named Defendants Avny, Prospetto Light, Prospetto Lighting and Project Light numerous times in the facts section, and only grouped Defendants together after being individually or separately named and described.  It is difficult to argue anything other than the fact that Defendants omitted the above citation from a quote upon which they rely, because the citation goes directly against Defendants' position, and does not fit their manipulated narrative of the underlying standard at issue.

///

2.    <u>Plaintiff's Pleading in the FAC Are Sufficient and Well Pled Relating to</u>
<u>Multiple Defendants</u>

With regard to the alleged infringing conduct of each Movant/Defendant, nearly every one of Defendants' accusations can be refuted by simply reviewing the FAC. One of Defendants' main contentions seems to be the grouping of Defendants into the designation "Corporate Defendants." This is only done after separately and individually naming and describing the Defendants, then grouping them together because they are alleged to be liable under the same causes of action, without any legal support. Defendants seems to claim the well-established legal drafting practice of grouping parties under a single designation for efficiency is now somehow improper.

Courts have dealt with this exact issue, and in cases much more on point than the instant action. For example, in *Hale v. Enerco Grp., Inc.,* the court distinguished between small and large groups of defendants and found that "allegations that multiple Defendants have engaged in the same conduct" were "plausible and raise a reasonable expectation that discovery will reveal evidence to support their claims." *Hale v. Enerco Grp., Inc* No. 1:10 CV 00867–DAP, 2011 WL 49545, at \*4 (N.D.Ohio Jan. 5, 2011); *see also Freedom Banc Mortg. Servs., Inc. v. O'Harra,* No. 2:11–cv–01073, 2012 WL 3862209, at \*4 (S.D.Ohio Sept. 5, 2012) (holding that blanket allegations against **multiple defendants** were sufficient under Rule 8(a) because it was plausible that **multiple defendants** engaged in, or assisted in, the alleged misconduct).

  In *Berry v. Cahoon:*

> [t]he individual Defendants are addressed in the Complaint, the facts are alleged, and then the three counts are set forth. It is only after Mr. Hazen and Mr. Thurston were addressed separately in the Complaint that all Defendants are grouped together which succeeded in making the Complaint more efficient. Therefore, this Court finds that each Defendant can be identified in this case and the Defendants do not have to be addressed separately if the Plaintiffs are alleging that all Defendants are liable under

the same causes of action."

*Berry v. Cahoon*, 731 F. Supp. 2d 685, 688 (S.D. Ohio 2010).

Similarly, in *Gillispie v Miami*, "[t]he Sixth Circuit addressed the issue of the sufficiency of a pleading that refers to all defendants generally and categorically in *Marcilis v. Township of Redford*, 693 F.3d 589 (6th Cir. 2012). In that case, every allegation of misconduct against the group of "Defendants" was "lumped" together. *Id.* at 596. The complaint only mentioned agents by name to identify them as government employees. *Id.*; *see also Gillispie v. Miami Twp.*, 2019 WL 3408587, at *5 (S.D. Ohio May 1, 2019)  The Sixth Circuit has clearly laid out the standard for improper pleading when dealing with multiple defendants, and those facts do not exist in the instant action.  As held in *Gillispie* "[a]lthough both complaints make categorical references to "Defendants," unlike in *Marcilis*, Mr. Gillispie names Defendant Wolfe individually on numerous occasions.  Together, the allegations referring to him by name and as one of the "GM Defendants" informs Defendant Wolfe of his plausible involvement in the conspiracy." *Id.*

The same exists in the instant action.  Defendants Prospetto Lighting, Prospetto Light, and Project Light have been separately named, before they were grouped together as "Corporate Defendants", and therefore were clearly informed of the plausible involvement in the causes of action pled.

### D. Plaintiff's FAC Sufficiently Pleads Facts to State A Claim Against Sam Avny

Defendants correctly state that the standard for pleading design patent infringement: "[t]he complaint must: (1) allege ownership of the asserted patent; (2) name each defendant; (3) cite the patent that is allegedly infringed; (4) describe the means by which the defendant allegedly infringes; and (5) point to the specific sections of the patent law invoked."  *Hall v. Bed Bath & Beyond, Inc.*, 705 F.3d 1357, 1362 (Fed. Cir. 2013).

Again, Defendant's assertions can be easily by refuted by a simple review of the FAC in light of the proper pleading standards.  Defendant has (1) alleged ownership of the patents at issue in ¶5 of the FAC; (2) named each defendant in ¶¶6-10 of FAC; (3) cite to the patent that

is infringed in ¶5, 22; (4) describe the means by which defendants allegedly infringed in ¶23-33; and (5) point to the specific sections of patent law evoked in ¶35, 40-42, 46, 50-52.  *See* FAC.

As such, it is difficult to understand Defendants' consternation, as it seems they expect Plaintiff to entirely prove their case in the pleading stage.

As an example of Defendants' self-referentially incoherent arguments, they state in their Motion: "The First Amended Complaint only alleges on information and belief that Mr. Avny is a Managing Member and an officer of Corporate Defendants..." and go onto list a long set of facts plead by Plaintiff making it more than plausible Avny was the controlling force behind Prospetto Lighting, and its connection to Project Light.  *See* FAC at ¶¶10-14, Docket Entry 67.  However, in the very next sentence they bemoan "the First Amended Complaint contains no factual allegations whatsoever to plausibly suggest that Mr. Avny dominated Project Light."

Further, Defendants neglect the rest of the FAC whereby all claims involving Sam Avny, personally, have specific facts pled, which if taken as true, show his direct involvement in and control of Project Light and Prospetto Lighting.  *See* FAC at ¶¶ 62-64; 67-70; 70-75; 77-80; 82-85; and 88-90, Docket Entry 67.  It is clear that Defendants takes issue with the underlying facts and how they apply to the law in the case, but that is precisely why the discovery and litigation process exists; disagreement over the facts is not grounds for a 12(b)(6) motion.

**E.**     **Plaintiff's FAC Sufficiently Pleads Facts to State a Claim Against Each Corporate Defendant.**

Plaintiff simply reincorporates the arguments from above.  Plaintiff has (1) alleged ownership of the patents at issue in ¶5 of the FAC; (2) named each Defendant in ¶¶6-10 of FAC; (3) cite to the patent that is infringed in ¶5, 22; (4) describe the means by which defendants allegedly infringed in ¶23-33; and (5) point to the specific sections of patent law evoked in ¶35, 40-42, 46, 50-52.

What are more troublesome are the continued citation errors by Defendants.  This

approach belies their continued indifferent nature to legal analysis. Defendants try to put forward some principal of "the *Belevedere* test", citing to *Transition Healthcare Associates, Inc. v. Tri-State Investors, LLC* 306 Fed. Appx. 273, 280-281, 2009 WL 67869, at *7-8.

This case does not involve a 12(b)(6) motion for failure to state a claim, and rather reviews a motion for summary judgment standard under Fed. R. Civ. P. 56. Thus, the *Transition* case is not only factually off-point, it does not even involve the same type of motion or rule of civil procedure and therefore is completely inapplicable. This seems to be a further attempt by Defendants to factually litigate the case within a 12(b)(6) motion, while not even attempting to use applicable legal standards.

**F.** **Plaintiff's FAC Properly Pleads Induced and Vicarious Infringement Causes of Action**

"Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). Liability under § 271(b) "requires knowledge that the induced acts constitute patent infringement." *Global–Tech Appliances, Inc. v. SEB S.A.,* —— U.S. ——, 131 S.Ct. 2060, 2068, 179 L.Ed.2d 1167 (2011); *see also DSU Med. Corp. v. JMS Co.,* 471 F.3d 1293, 1306 (Fed.Cir.2006) ("[I]nducement requires that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement.").

To survive a motion to dismiss a complaint must contain facts plausibly showing that Defendant specifically intended their customers to infringe the alleged patent and knew that the customer's acts constituted infringement. *This does not mean*, however, that Plaintiff must prove its case at the pleading stage. *See Skinner v. Switzer,* 562 U.S. 521, 529, 131 S. Ct. 1289, 1296, 179 L. Ed. 2d 233 (2011) ("Because this case was resolved on a motion to dismiss for failure to state a claim, the question below was 'not whether [Skinner] will ultimately prevail' on his procedural due process claim, but whether his complaint was sufficient to cross the federal court's threshold.") (citations omitted); *see also Twombly,* 550 U.S. at 556, 127 S.Ct. 1955 ("A well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.") (internal quotation marks and citation omitted); *In re Bill of Lading Transmission & Processing Sys.*

*Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012).  "Like induced infringement, contributory infringement requires knowledge of the patent in suit and knowledge of patent infringement." *Aro Mfg. Co. v. Convertible Top Replacement Co.,* 377 U.S. 476, 488, 84 S.Ct. 1526, 12 L.Ed.2d 457 (1964) .

While Defendants reiterate their oft repeated argument of "not a single fact alleged," Plaintiff would simply like to point to the procedural history of this case, and what has been plead in ¶¶ 26 and 33.  *See* FAC at ¶¶ 22 ,33, at Docket Entry 67.  Defendants were made well aware of their infringement conduct, the patents that they infringed, and the products that were infringing, back in the spring of 2017.  *Id*.  Defendant Project Light, in fact, engaged with Plaintiff at the time to enter into settlement negotiations, before abruptly cutting off all contact. *Id*. Defendants then continued with their infringing conduct for another 2 years with the same exact infringing product for which they had been put on notice, while claiming to be engaging in settlement discussions with Plaintiff.  *See Id.*

To state, after all this notice, engagement, and even steps towards settlement, that Defendants did not have notice of the patent, their infringing conduct, and proceeded in spite of all this, stretches credibility.  Plaintiff alleges contributory and vicarious liability against Sam Avny, and to that end has specifically plead that Sam Avny:

> "has or had knowledge of the illegal and otherwise infringing
> activities described herein...induced, caused, or materially contributed to the
> illegal and infringing conduct of the Corporate Defendants named herein..is
> a Managing Member and/or corporate officer of the Corporate Defendants
> and thus, is the moving, acting conscious force behind the Corporate
> Defendants' illegal actions."

*See* FAC at ¶72, Docket Entry 67

Plaintiff has clearly pled that Sam Avny had knowledge of this patent, the infringing conduct, and continued with the conduct and inducing others to as well.  As stated above, Plaintiff is not required to fully prove their case in the pleading stage.  Plaintiff fully intends to diligently engage in the discovery process to fully adjudicate all claims, but a 12(b)(6) motion

is not the place to adjudicate disagreements over claims.

### III.  NEWLY DISCLOSED EVIDENCE AND JUDICIAL NOTICE OF PRIOR CASES INVOLVING DEFENDANTS

Plaintiff is aware that "when a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein. *See Amini v. Oberlin Coll.,* 259 F.3d 493, 502 (6th Cir.2001)."  *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

Given this legal standard, Plaintiff would like to bring to the notice of the Court both past Court orders and holdings showing the connection of Sam Avny to Prospetto Lighting and Project Light under the doctrine of Judicial Notice.  Additionally, newly disclosed information produced by Defendant Project Light delivered on July 23, 2020, show that Defendant Sam Avny admits his control over Defendant Project Light through emails, and his control over Defendant Prospetto Lighting through corporate filings with the State of Ohio.  All of this directly refutes Defendants'/Movants' repeated contentions that there is no plausible connection among Sam Avny, Prospetto Lighting, Prospetto Light and Project Light.  Thus, Plaintiff's factual allegations are more than mere "belief;" they are based on Defendants' own documents.

In the alternative, and if it would please the Court, Plaintiff respectfully asks for leave to amend the Complaint to allege these newly provided facts.

### A.  Plaintiff Requests Judicial Notice Under FRE 201 of Prior Cases Involving Sam Avny, Prospetto Lighting, Prospetto Light and Project Light, Showing the Common Control by Sam Avny Over the Corporate Defendants.

As the Court is permitted to consider public records in a 12(b)(6) motion, Plaintiff respectfully requests the Court take Judicial Notice, under FRE 201, of a collection of cases involving Defendants Sam Avny, Prospetto Lighting, Prospetto Light and Project Light, which show the direct, and material connection among the four Defendants.

First, in *Mitchell Spero, Trustee of The Manny and Sydelle Spero Dynasty Trust, et al v. Marthy Avny, et al* (Case No: CV-2012-06-3623; hereinafter "Spero") plaintiff Spero states the following:

- Mitchell Spero hired Mr. Avny to develop products for Spero Electric. The two men later formed Project Lighting, LLC, Prospetto Light, LLC, and Prospetto Lighting, LLC. Mr. Avny eventually formed his own company, Project Light, LLC, which shared many of the same employees as Mr. Spero's and Mr. Avny's joint ventures, including Mr. DeAngelis SPERO at ¶2

- Contemporary to the settlement agreement, Mrs. Avny formed Project Light, Inc. Shortly thereafter, the Avnys transferred Project Light, LLC's assets to it. SPERO at ¶4

- "The Avnys, Project Light, LLC, Project Light, Inc., and Design Light, Inc. (collectively "the Avnys")..." SPERO at ¶6

The Ohio Court of Appeals confirmed these facts in its decision.  *See Spero v. Avny*, 2015-Ohio-4671, 47 N.E.3d 508.  *See* **Exhibit "1"** to Trope Decl.

As can be seen in the above, the Court of Appeals for Ohio, Ninth District, numerous times have stated that Sam Avny formed Prospetto Lighting and Project Light.  This directly refutes Defendants' arguments that there are no connections among Sam Avny and the Corporate Defendants.  Further this clearly shows that Sam Avny controls and/or materially directs the activities of Defendant Project Light, Defendant Prospetto Light, and Defendant Prospetto Lighting.

Next, Plaintiff requests the Court take Judicial Notice under FRE 201 pled by Plaintiff Gold Crest of the public record in *Spero v. Project Lighting, L.L.C.,* 2011-Ohio-6521.  *See* **Exhibit "2"** to Trope Decl.  In this case again, the same facts are confirmed by Court of Appeals of Ohio, Eleventh District, that Sam Avny not only was related to Project Light and Prospetto Lighting, but also that Avny created the companies and was the directing force:

- ¶ 1 Appellants, Sam Avny and Anthony J. DeAngelis, appeal the finding of contempt by the Portage County Court of Common Pleas.[1] Avny and DeAngelis

were each fined $250 and each sentenced to seven days in the Portage County Jail. For the following reasons, we affirm the judgment of the trial court.

- ¶ 2 This case stems from the dissolution of a joint venture agreement between Avny/Lighting Design, Inc., and Mitchell Spero, Manny Spero, and The Spero Electric Corporation. Avny, who has expertise and experience in making and producing high-end lighting projects, partnered with Spero, who provided the office, facilities, and production.

- ¶ 3 The parties formed several limited liability companies which were owned 50% by Avny and 50% by the Spero trusts. Two of these entities are Project Lighting, LLC and Prospetto Lighting, LLC. Another entity, Project Light, LLC, is solely owned by Avny.  The parties debated the ownership of the fourth entity, Prospetto Light, LLC.

*Spero v. Project Lighting, L.L.C.,* ¶¶ 1-3.  *See* **Exhibit "2"** to Trope Decl.

Finally, Plaintiff would like to bring to the attention of the Court *Elec. Mirror, LLC v. Project Light, LLC,* No. 1:17-CV-01747 (ALC) (S.D.N.Y.), where Sam Avny swore in a declaration, under penalty of perjury:

"I am the President of Defendant Project Light, Inc.  I also serve as the President of each of the other three (3) Defendants, Project Light, LLC, Prospetto Light, LLC and Prospetto Lighting, LLC."

 *See* Docket Entry No: 46 attached as **Exhibit "3"** to Trope Decl.

The declaration was signed on September 24, 2018, making it a legally attested to fact, and part of the public record, that Sam Avny was in fact the president and controlling force behind Project Light, LLC, Prospetto Light, LLC, and Prospetto Lighting LLC as of September 2018.

In total, a wide collection public records all state that Sam Avny created and/or controls Defendants Project Light, Prospetto Light, and Prospetto Lighting, and additionally contain Sam Avny's own admission that he is president of these companies.  Plaintiff respectfully request the Court take Judicial Notice of these indisputable public records when considering

Defendants' arguments contained in their motion to dismiss.  *See* FRE 201.

**B.**     **Newly Disclosed Evidence Clearly Shows Defendant Avny's Connection to All Corporate Defendants.**

Defendants' dilatory conduct in responding to any discovery requests has necessitated Plaintiff's filing of a Motion to Compel Responses, Docket Entry No. 75, as well as Motion to Compel the Deposition of Mitch Stanley and Compel Requested Documents, Docket Entry No. 77.  Defendant Project Light tardily responded with responses and documents on July 23, 2020, **well over 75 days after** the response and requested documents were due.

Within these documents exists a number of items directly linking Sam Avny to Project Light, to Prospetto Lighting, and linking Project Light and Prospetto Lighting to each other. Below are listed the examples of connection between parties:

1.     Sam Avny signed as "President of Project Light" on a contract between Project Light and Marriot International Design & Construction Services. Bates No. ProjectLight 000019

2.     Sam Avny is listed as the New Agent for Prospetto Lighting LLC on the Statutory Agent Update filed with the Ohio Secretary of State on October 2008 Bates No. ProjectLight 000019.  This document was cited, pled and attached within Plaintiff Gold Crest's FAC at ¶10.

3.     Sam Avny signed as Authorized Representative for Project Light, LLC name registration. Bates No. ProjectLight 000061-62.

4.     Prospetto Lighting, LLC signed documents giving consent to Project Light, LLC to use the name Prospetto Light Bates No. ProjectLight 000063

5.     Project Light, LLC registered with the State of Ohio to use the name Prospetto.  Bates No. Project Light 000065

6.     Defendant Project Light also produced a thread of emails with Project Light employees answering directly to Sam Avny as the controlling force of the company, and showing Sam Avny controlling the response to the instant legal matter. Bates No. ProjectLight 000091-93

Plaintiff would like to highlight that documents Nos. 2, 3, 4 and 5, above, are all documents of public record, filed with the Ohio Secretary of State. Further, many of the documents listed here have been pled, cited, and/or attached in Plaintiff's FAC. *See* FAC, at Docket Entry 67. Therefore, the Court is permitted to consider the above.

The above shows a clear pattern that Defendant Sam Avny is the controlling and directing force of Defendants Project Light, Prospetto Light and Prospetto Lighting. Further these documents and filings show a direct connection between Project Light and Prospetto Light and Prospetto Lighting, so much so that the companies registered to use each other's names. Therefore, this further goes to conclusively disprove Defendants' contentions that there is no plausible connection among Defendants Sam Avny, Prospetto Light, Prospetto Lighting and Project Light.

## IV.    **CONCLUSION**

The entirety of Defendants' motion can be characterized by three things: (1) replicate unfounded arguments of "no facts whatsoever pled," which can be easily refuted by examining the FAC; (2) assert false arguments replete with legal reading errors at best, and intentional obfuscation of holdings and misstatements of case law at worst; (3) attempt to fully litigate the matter in pre-discovery motion practice, and (4) import inapplicable standards of review. Plaintiff respectfully contends first, all Defendants have been properly named, and conduct clearly pled as to give all Defendants fair notice of what the claim is and the grounds upon which it rests.

Second, all Defendants have been individually named before grouped together under the designation "Corporate Defendants," a widely used practice in legal drafting which has been affirmed by courts, including the Sixth Circuit and the Northern District of Ohio. Third, the case law which Defendants/Movants attempt to rely on for the authority are inapposite of what they are attempting to put forward. Defendants/Movants have misstated case law, attempted to claim dicta as holding, and cited to legal standards which are not even applicable to the instant fact pattern or this instant motion.

///

Therefore, in light of the foregoing, Plaintiff respectfully requests that Defendants' Motion be denied.  In the alternative, Plaintiff would request leave to amend the FAC in order to address any perceived deficiencies.

Respectfully submitted,

Dated:  July 30, 2020

Kyri S. Tsircou (California Bar No. 209905)
Konrad L. Trope (California Bar No. 133214)
*Admitted Pro Hac Vice*
Tsircou Intellectual Property Law PC
515 S. Flower St. Floor 36
Los Angeles, California 90071
Phone (323) 660-9916  Fax (323) 660-9917
kyri@tsircoulaw.com; ktrope@tsircoulaw.com

Jay R. Campbell  (41293)
David A. Bernstein (93995)
Tucker Ellis LLP
950 Main Avenue, Suite 1100
Cleveland, Ohio  44113
Phone: 216-592-5000  Fax: 216-592-5009
Jay.Campbell@tuckerellis.com;
David.Bernstein@tuckerellis.com

Counsel for Plaintiff Gold Crest, LLC,
  a California Limited Liability Company

OPPOSITION TO MOTION TO DISMISS

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7-1 (f).

In accordance with Local Rule 7-1(f), Plaintiff hereby certifies that:

a.  This case has been assigned to the Administrative Complex Track;

b.  That Plaintiff's Memorandum of Points and Authorities in Opposition to Defendants' Motion to Dismiss is not more than 30 pages, exclusive of Introductory Statement, Table of Authorities, Table of Contents and this Certification;

c.  That Plaintiff's Memorandum of Points and Authorities otherwise complies with the rest of mandates of Local Rule 7-1(f).

Respectfully submitted,

Dated:  July 30, 2020

Kyri S. Tsircou (California Bar No. 209905)
Konrad L. Trope (California Bar No. 133214)
*Admitted Pro Hac Vice*
Tsircou Intellectual Property Law PC
515 S. Flower St. Floor 36
Los Angeles, California 90071
Phone (323) 660-9916  Fax (323) 660-9917
kyri@tsircoulaw.com; ktrope@tsircoulaw.com

Jay R. Campbell  (41293)
David A. Bernstein (93995)
Tucker Ellis LLP
950 Main Avenue, Suite 1100
Cleveland, Ohio  44113
Phone: 216-592-5000  Fax: 216-592-5009
Jay.Campbell@tuckerellis.com;
David.Bernstein@tuckerellis.com

Counsel for Plaintiff Gold Crest, LLC,
   a California Limited Liability Company