UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| GOLD CREST, LLC, a California Limited Liability Company,<br><br>       Plaintiff,<br>vs.<br><br>PROJECT LIGHT, LLC, an Ohio Limited Liability Company; PROSPETTO LIGHT, LLC, an Ohio Limited Liability Company; PROSPETTO LIGHTING, LLC, an Ohio Limited Liability Company; SAM AVNY, an individual; and DOES 1-10, inclusive;<br><br>       Defendants. | ) CASE No. 5:19-cv-02921-SL<br>) Honorable Sara Lioi<br>)<br>) **STIPULATED PRELIMINARY**<br>) **INJUNCTION ORDER**<br>)<br>) Complaint Filed: 08-12-2019<br>) |

Plaintiff GOLD CREST, LLC, a California Limited Liability Company, ("Plaintiff" or "Gold Crest"), and Defendant PROJECT LIGHT, LLC, an Ohio Limited Liability Company ("Defendant" or "Project Light"), hereby present the following Stipulated Preliminary Injunction which the parties request the Court to enter it into the record and retain jurisdiction to enforce the same. Accordingly, by stipulation of the parties named herein, and for purposes of this Preliminary Injunction Order only, the Court finds as follows:

## PRELIMINARY FACTS

1. On August 12, 2019, Plaintiff Gold Crest LLC ("Gold Crest") filed its Complaint [Docket Entry No. 1] against Project Light, LLC in this action alleging design patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271 *et. seq*.

2. Defendant Project Light is an Ohio limited liability company with a principal place of business at 4976 Hudson Drive, Stow, Ohio, 44224.

3. This Court has subject matter jurisdiction over this matter.

4. Defendant Project Light has admitted in its Answer, filed on January 28, 2020, that this Court has personal jurisdiction over it. *See Docket Entry No. 52, PageID #311, Par. 3.*

5. On June 1, 2020, Plaintiff Gold Crest filed its First Amended Complaint ("FAC") against multiple defendants, including Project Light alleging design patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271 *et. seq. See Docket Entry No. 67.*

6. Defendant Project Light has admitted in its Answer to the FAC, filed on July 16, 2020, that this Court has personal jurisdiction over it. *See Docket Entry No. 89, Page ID# 897, Par. 3.*

7. Plaintiff Gold Crest has alleged ownership of Design Patent No. US D769,512 ("'512 Design Patent") and Design Patent No. US D787,735 ("'735 Design Patent), and each identifies Plaintiff Gold Crest on its face as assignee.

8. Plaintiff Gold Crest has alleged that a desk lamp displayed at the HD Expo in Las Vegas, Nevada in 2017 and a desk lamp previously but no longer displayed on Project Light's website as D63 infringe the '512 Design Patent and '735 Design Patent. *See Docket Entry No. 67, PageID## 425-429.*

9. Defendant Project Light has represented through counsel before this Court, that (a) since at least being served with the Complaint [Docket Entry No. 1], it has not sold the desk lamp displayed at the HD Expo in Las Vegas, Nevada in 2017, or the D63 desk lamp displayed on its website, or any light assembly against which the '512 Design Patent or the '735 Design Patent has been asserted; (b) currently does not intend to sell, offer to sell, manufacture, or otherwise cause to enter into commerce the accused light assemblies; and (c) without admission of any liability or prejudice to the assertions of any affirmative defense or counterclaim, will not during the pendency of this litigation.

///

///

**THEREFORE, IT IS HEREBY ORDERED:**

1. That Defendant Project Light, and its partners, officers, agents, representatives, servants, employees, and those persons and entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, separately and collectively, submit to the jurisdiction of the United States District Court for the Northern District of Ohio, Eastern Division, without objection or reservation for purposes of this Stipulated Preliminary Injunction and the enforcement thereof; and

2. That Defendant Project Light, and its partners, officers, agents, representatives, servants, employees, and those persons and entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, separately and collectively, are hereby enjoined during the pendency of this litigation, by consent but without admission of any liability or prejudice to the assertions of any affirmative defense or counterclaim, from (a) making, causing to be made, selling, offering for sale, or otherwise causing to enter into commerce in the United States, any product or part of a product covered by the claim of the '512 Design Patent or the claim of '735 Design Patent, respectively, or which uses the trade dress of a commercial embodiment thereof; (b) encouraging another to commit any of the acts proscribed in subsection (a) directly above; (c) ) making, causing to be made, selling, offering for sale, or otherwise causing to enter into commerce in the United States, any product or part of a product covered by the claim of the '512 Design Patent or the claim of '735 Design Patent, respectively, or which uses the trade dress of a commercial embodiment thereof; (d) offering to sell or selling within the United States or importing into the United States a material component of either of the patented inventions knowing the same to be especially made or especially adapted for use in the infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use; and (e) supplying or causing to be supplied in or from the United States, all or a substantial portion of the components of either of the patented inventions, where such components are uncombined in whole or in part, in such manner as to actively induce the combination of such components outside of the United States in a manner that would infringe

either of the '512 Design Patent or the '735 Design Patent if such combination occurred within the United States.

Respectfully submitted,

Dated:  August 20, 2020

_____
Kyri S. Tsircou (California Bar No. 209905)
Konrad L. Trope (California Bar No. 133214)
*Admitted Pro Hac Vice*
Tsircou Intellectual Property Law PC
515 S. Flower St. Floor 36
Los Angeles, California 90071
Phone (323) 660-9916  Fax (323) 660-9917
kyri@tsircoulaw.com; ktrope@tsircoulaw.com

Jay R. Campbell (0041293)
David A. Bernstein (0093955)
TUCKER ELLIS LLP
950 Main Avenue, Suite 1100
Cleveland, OH  44113
Tel:  216.592.5000
Jay.campbell@tuckerellis.com;
James.mizgala@tuckerellis.com
David.Bernstein@tuckerellis.com
Counsel for Plaintiff Gold Crest, LLC,
  a California Limited Liability Company


*/s/*  Ray L. Weber
_____
Ray L. Weber (OH 0006497)
Laura J. Gentilcore (OH 0034702)
**RENNER, KENNER, GREIVE, BOBAK,
TAYLOR & WEBER CO., L.P.A.**
Huntington Tower, Suite 400
106 South Main Street
Akron, OH  44308
Telephone: (330) 376-1242
E-mail: rlweber@rennerkenner.com
E-mail: ljgentilcore@rennerkenner.com

*Counsel for All Named Defendants*

**IT IS SO ORDERED**.

Dated: _____

_____
SARA LIOI
Judge of the United States District Court
for the Northern District of Ohio, Eastern Division