### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| GOLD CREST, LLC, | ) | CASE NO. 5:19-cv-2921 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OPINION AND |
| | ) | ORDER (Resolving Doc. No. 94) |
| | ) | |
| PROJECT LIGHT, LLC, et al., | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

This matter is before the Court on the motion of defendant Project Light, LLC ("Project Light" or "defendant") pursuant to Fed. R. Civ. P. 36 to withdraw admissions to twenty-nine (29) requests for admissions served upon Project Light on April 8, 2020. (Doc. Nos. 94 and 94-1 ("Mot.").) Plaintiff Gold Crest, LLC ("Gold Crest" or "plaintiff") opposed defendant's motion (Doc. No. 97 ("Opp'n")), and Project Light replied (Doc. No. 99 ("Reply")).

The parties have adequately addressed the issues in their briefs and oral argument is not necessary to assist the Court in resolving the motion. For the reasons that follow, the motion is granted in part and denied in part.

### I.  Background

Gold Crest is the owner of two design patents attached to the amended complaint— Design Patent No. US D769,512 (Doc. No. 67-1 ("'512 D. Patent")) and Design Patent No. US D787,735 (Doc. No. 67-2 ("'735 D. Patent")) (collectively, the "Design Patents"). (Doc. No. 67 ("Am. Compl.") ¶ 5.) The Design Patents depict a desk lamp with drawings, and the claim in each is for

"the ornamental design for a light assembly, as shown and described." ('512 D. Patent at 451[1]; '735 D. Patent at 458.) Gold Crest alleges that Project Light is in the business of selling lamps and lighting products and that Project Light has infringed the Design Patents under 35 U.S.C. § 271 and engaged in unfair competition in violation of 15 U.S.C. § 1125. (*See e.g.* Am. Compl. ¶¶ 34–59.)

In the instant motion, Project Light seeks to withdraw 29 requests for admissions served upon it by Gold Crest on April 8, 2020. (Mot. at 1042.) Project Light states that the relevant facts underlying the motion "parallel" the facts recited in its opposition (Doc. No. 93) to Gold Crest's motions to compel (which have been resolved by the Court) and Project Light incorporates the "totality of those background and relevant facts" into its motion. (Mot. at 1042.)

---

[1] Page number references are to page identification numbers generated by the Court's electronic filing system.

## II.    Discussion

### A.  Fed. R. Civ. P. 36 [2]

Fed. R. Civ. P. 36 "permits one party to request admissions as to a broad range of matters by another party, including ultimate facts and the application of law to fact." *Goodson v. Brennan*, 688 F. App'x 372, 375 (6th Cir. 2017) (citing *United States v. Petroff-Kline*, 557 F.3d 285, 293 (6th Cir. 2009)). This includes requests for admission "of matters ultimately dispositive of the case." *Bilaal v. Defiance Pub. Co.*, No. 3:04-cv-07189, 2005 WL 3817289, at *2 (N.D. Ohio Oct. 27, 2005) (citing *Campbell v. Spectrum Automation Co.,* 601 F.2d 246, 253 (6th Cir. 1979)).

"By operation of law, '[a] matter *is admitted unless*, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney.'" *Goodson*, 688 F. App'x at 375 (emphasis in original) (quoting Fed. R. Civ. P. 36(a)(3)); *see also Shell v. Lautenschlager*, No. 1:15-cv-1757, 2017 WL 4919206, at *4 (N.D. Ohio Oct. 31, 2017) ("Unanswered requests for

---

[2] Rule 36. Requests for Admission

(a) Scope and Procedure.
    (1) *Scope.* A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:
        (A) facts, the application of law to fact, or opinions about either; and
        (B) the genuineness of any described documents.
….
    (3) *Time to Respond; Effect of Not Responding.* A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.
….
(b) Effect of an Admission; Withdrawing or Amending It. A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. An admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding.

admission are automatically deemed admitted under Rule 36(a); no motion to establish or affirm the admissions is required.") (citing, *inter alia*, *Goodson*, 688 F. App'x at 375). "A matter admitted under [the] rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b).

Rule 36(b) makes clear that the rule is intended to promote, not defeat, consideration of an action on its merits. Indeed, Rule 36 "is essentially intended to facilitate proof at trials by obviating the need to adduce testimony or documents as to matters that are really not in controversy." *Petroff-Kline*, 557 F.3d at 293. To that end, "the court may permit withdrawal or amendment [of an admission] if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b).

"The first prong of the test articulated in Rule 36(b) is satisfied 'when upholding the admission would practically eliminate any presentation on the merits of the case.'" *Riley v. Kurtz*, 194 F.3d 1313 (table), 1999 WL 801560, at *3 (6th Cir. Sept. 28, 1999) (quoting *Hadley v. United States,* 45 F.3d 1345, 1348 (9th Cir. 1995) (holding that the district court abused its discretion in refusing to allow the withdrawal of two inadvertent admissions that went to the heart of the case)). As to the second prong, the "'prejudice contemplated by [Rule 36(b)] is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth.'" *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 154 (6th Cir. 1997) (quoting *Brook Village N. Assoc. v. Gen. Elec. Co.,* 686 F.2d 66, 70 (1st Cir. 1982)). The non-moving party bears the burden of proof on the second prong of Rule 36(b). *See Riley,* 1999 WL 801560, at *3.

Rule 36(b) "'emphasizes the importance of having the action resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice.'" *Elsayed v. Nat'l Credit Sys., Inc.*, No. 3:19-CV-214, 2020 WL 6748504, at *4 (S.D. Ohio Oct. 7, 2020) (quoting Fed. R. Civ. P. 36(b) Advisory Committee Notes). "There is a strong preference for adjudicating cases on the merits rather than on a failure to timely file answers to requests for admissions." *Siser N. Am., Inc. v. Herika G. Inc.*, 325 F.R.D. 200, 209 (E.D. Mich. 2018) (citing *Kerry Steel, Inc.*, 106 F.3d at 154; *Bell v. Konteh*, 253 F.R.D. 413, 416 (N.D. Ohio 2008)). And while the Court has "considerable discretion" over whether to permit the withdrawal or amendment of admissions, "[that] discretion must be exercised in light of Rule 36(b), which permits withdrawal (1) when the presentation of the merits of the action will be subserved thereby, and (2) when the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." *Kerry Steel, Inc.,* 106 F.3d at 154 (internal quotation marks omitted) (citation omitted).

## B.  Project Light's Motion

Project Light acknowledges that 29 requests for admissions (the "RFAs") were served upon it on April 8, 2020. (Mot. at 1042.) Project Light did not respond until July 23, 2020 (*see* Opp'n at 1137) and, because its response was untimely, the RFAs are deemed admitted under Rule 36.

In a nutshell, Project Light attributes its failure to timely respond to the RFAs to its counsel, Attorney Cheryl Farine ("Farine"). Farine entered an appearance on behalf of Project Light on January 14, 2020, when this action was transferred to the Northern District of Ohio from the Central District of California. (*See* Doc. No. 33.) Mitchell Stanley[3] ("Stanley") avers that he

---

[3] Stanley is vice president and general counsel of Project Light. (Doc. No. 93-1 ("Stanley Decl.") ¶ 2.)

5

provided Farine with all documents relevant to this action. Farine advised Stanley that the RFAs had been served. Hearing nothing further from her, Stanley believed that Farine had handled the RFAs based upon the documents he provided her. (Doc. 99-1 ("Stanley Supp. Decl.") ¶¶ 3–6.)

Farine withdrew her representation of Project Light in this matter effective April 29, 2020 when the Court granted her motion to withdraw. Before permitting Farine's withdrawal, the Court required Farine to provide Project Light with a copy of the Court's case management plan and trial order ("CMPTO") and certify the same. (Minute Order [non-document] dated Apr. 24, 2020.) Farine filed the certification on April 27, 2020. As required by the Court, Farine certified that she provided Project Light with the CMPTO. In addition, Farine went beyond the Court's requirements and advised Project Light to obtain new counsel and advised Stanley of the notice for his deposition. (Doc. No. 62 ("Certification").) The Certification does not mention the RFAs or any outstanding discovery other than Stanley's deposition, and Stanley claims that he relied upon Farine and believed she had responded to outstanding discovery requests and was never informed to the contrary.[4] (*See* Mot. at 1045–46; Stanley Supp. Decl. ¶¶ 3–8.) After Farine withdrew, Project Light was not represented by counsel until early July.

Project Light submits that its motion should be granted because both prongs of Rule 36(b) are satisfied. That is, withdrawal of the RFAs will promote resolution of this matter on the merits[5]

---

[4] The Court notes that Farine moved to withdraw as counsel for defendants based upon an "irreconcilable breakdown in the attorney-client relationship." (Doc. No. 60.) As Farine is no longer counsel of record, the Court does not have the benefit of a complete understanding of the communications between Farine and Stanley regarding outstanding discovery.
[5] Project Light points to specific admissions that, if allowed to stand, will eliminate the need for presentation of this case on the merits. (*See* Mot. at 1048 (citing RFAs 19, 20, 24); *see also* Reply at 1157 (citing RFAs 1–4, 6, 7, 9, 10, 19, 20, and 24).)

and Gold Crest will not suffer any prejudice because this complex case is in its early stages, discovery remains open, and the case is not scheduled for trial until 2022. (Mot. at 1047–48.)

In response, Gold Crest argues that Project Light was aware of the RFAs and it "strains credulity" that Project Light was unaware responses had not been submitted because the RFAs were not mentioned in the Certification. (*See* Opp'n at 1129–37.) Plaintiff acknowledges that the two considerations under Rule 36(b) for withdrawing admissions are whether doing so would "practically eliminate any presentation on the merits of the case" and whether Gold Crest would experience prejudice in the form of "special difficulties" caused by a sudden need to obtain evidence upon withdrawal of the admissions. (*Id*. at 1137–38.) But Gold Crest maintains that the language of Rule 36(b) is permissive, and the Court should consider what plaintiff characterizes as Project Light's history of discovery abuses and "blatantly inconsistent statements" and exercise its discretion to deny Project Light's motion. (*Id.* at 1138.) Alternatively, if the Court does not find that Project Light's conduct is "sanctionable" and deny the motion in its entirety on that basis, Gold Crest asks the Court to strictly construe Project Light's motion as limited to the RFAs identified by Project Light as case dispositive. (*Id*. at 1139.) As to the second prong of Rule 36(b), Gold Crest argues that it will be prejudiced by withdrawal of the admissions "because it would be restarting the already long delayed clock on hard-won steps in the discovery process, where Plaintiff has played by the rules and Defendant has taken every opportunity to delay, deny, and obfuscate." (*Id*. at 1139–41.)

In its reply, Project Light identifies RFA numbers 1–4, 6, 7, 9, 10, 19, and 20 as admissions of patent infringement, and number 24 as an admission of unfair competition, that would eliminate consideration of this case on the merits. As to the second prong of Rule 36(b), Project Light

maintains that if the Court grants the motion, Gold Crest will not experience any special difficulties in obtaining evidence concerning the matters at issue in the withdrawn admissions because discovery is still underway and this case is not scheduled for trial until 2022. (Reply at 1156–57.)

### C.  Analysis

As an initial matter, the Court declines to deny Project Light's motion in its entirety as a sanction or punishment. While Gold Crest—for good reason—is clearly frustrated by Project Light's responses to discovery in this case, withdrawing counsel's Certification informing Project Light of the Court's CMPTO dates and deadlines and the outstanding discovery issue concerning the deposition of Stanley does not mention or allude to the RFAs. Stanley does not claim that he was unaware of the RFAs, but rather that he believed Farine had complied with discovery requests based upon information he provided her. (*See* Stanley Supp. Decl. ¶¶ 3–8.) Stanley admits that after Farine's withdrew on April 29, 2020, his search for replacement counsel was "casual" as he did not understand Project Light could proceed in this action *pro se* and must be represented by licensed counsel. (Stanley Decl. ¶ 6.) When he learned of this upon receiving the Court's order of June 15, 2020 (Doc. No. 74), however, Stanley "began a diligent search" to obtain representation and replacement counsel entered an appearance for Project Light on July 1, 2020 (Doc. No. 80). (*See* Stanley Decl. ¶¶ 7–12.) While the Court does not condone Stanley's assumptions regarding the status of discovery in this case or his relaxed attitude about obtaining replacement counsel when Farine withdrew, under the totality of the circumstances, the Court declines to deny Project Light's motion as a sanction. *See Duchene v. Strawberry Fields, Inc.*, No. 13-cv-15049, 2014 WL 7342217, at *3 (E.D. Mich. Dec. 23, 2014) (Granting plaintiffs' motion to withdraw admissions and finding that "[t]hough the Court does not condone Plaintiffs' unexcused failure to meet a

discovery deadline, the Court considers it inappropriate to bind them to their admissions—all but precluding consideration of the merits of their claims—as punishment for a minor discovery infraction. … Only egregious abuses of the discovery process … should be allowed to preclude consideration of the merits to the extent that Plaintiffs' admissions threaten to do.); *Vecron Exim Ltd. v. Stokes*, No. 17-cv-2944, 2018 WL 6168022, at *5 (C.D. Cal. June 20, 2018) ("When analyzing Rule 36(b), 'a court should not go beyond the necessities of the situation to foreclose the merits of controversies as punishment.'") (some internal quotation marks omitted) (quoting *Hydrotech, Inc. v. Bara Infoware, Inc.*, No. 1:09-cv-69, 2009 WL 2460893, at *6 (E.D. Cal. Aug. 10, 2009) (quoting *Rubin v. Belo Broad. Corp.*, 769 F.2d 611, 619 (9th Cir. 1985)) (unpublished))).

While Project Light's conduct in this case has caused delays (*See, e.g.,* 7/8/2020 Minute Order), at this time, the Court will not sanction Project Light. If unwarranted delays continue, however, or there is any additional failure to cooperate or to timely respond to discovery requests, the Court will consider sanctions, up to and including an adverse judgment against Project Light. That said, the Court will consider Project Light's motion on the merits for each of the 29 RFAs.

### 1.  RFA numbers 5, 13, 15, 21, 22, 26, 28, and 29

As an initial matter, Project Light's belated response to the RFAs on July 23, 2020 (Doc. No. 94-2 ("RFA Resp.")) admits the following RFAs: 5, 13, 15, 21, 22, 26, 28, and 29. Because Project Light's actual response to these RFA's is the same as the default result for failing to respond under Rule 36(a), the Court need not further consider RFA numbers 5, 13, 15, 21, 22, 26, 28, and 29 as no ruling is required and the motion is moot as to these RFAs.

### 2.  RFA numbers 1–4, 6, 7, 9, 10, 19, 20, and 24

Project Light identifies the following RFAs as admissions that will eliminate the need for presentation the merits of this action: RFA numbers 1,[6] 2,[7] 3,[8] 4,[9] 6,[10] 7,[11] 9,[12] 10,[13] 19,[14] 20,[15] and 24.[16] (Reply at 1157.) Project Light denies each of the above in its belated July 23, 2020 response to the RFAs. (*See* RFA Resp.)

The above-enumerated RFAs go directly to Project Light's alleged liability for patent infringement under 35 U.S.C. § 271 and unfair competition under 15 U.S.C. § 1125(a). (*See* Am. Compl. ¶¶ 34–54 (First and Second Claims for infringement of the '512 Design Patent and '735 Design Patent under 35 U.S.C. § 271; *id.* ¶¶ 55–59 (Third Claim for unfair competition under 15 U.S.C. § 1125).) Moreover, Project Light's Rule 36(a) admissions are directly contrary to Project Light's denial of plaintiff's allegations of patent infringement and unfair competition in its answer. (*See* Doc. No. 89 ¶¶ 34–54; *id.* ¶¶ 55–59.) *See In re Smith Rd. Furniture, Inc.*, 304 B.R. 790, 792 (Bankr. S.D. Ohio 2003) (granting motion to withdraw admissions where plaintiff will not be prejudiced and a timely filed answer denies each allegation in the complaint) (citing *Ropfogel v.*

---

[6] Admit or deny that you have sold lighting products that infringe Plaintiff's '512 Design Patent. (RFA Resp. at 1050.)
[7] Admit or deny that you have sold lighting products that infringe Plaintiff's '735 Design Patent. (RFA Resp. at 1050.)
[8] Admit or deny that you have offered to sell in the United States lighting products that infringe Plaintiff's '512 Design Patent. (RFA Resp. at 1051.)
[9] Admit or deny that you have offered to sell in the United States lighting products that infringe Plaintiff's '735 Design Patent. (RFA Resp. at 1051.)
[10] Admit or deny that you offered to sell at the HD Expo in Las Vegas desk lamps that infringed Plaintiff's '512 Design Patent. (RFA Resp. at 1051.)
[11] Admit or deny that you offered to sell at the HD Expo in Las Vegas desk lamps that infringed Plaintiff's '735 Design Patent. (RFA Resp. at 1051.)
[12] Admit or deny that your website catalog product D63 infringed Plaintiff's '512 Design Patent. (RFA Resp. at 1052.)
[13] Admit or deny that your website catalog product D63 infringed Plaintiff's '735 Design Patent. (RFA Resp. at 1052.)
[14] Admit or deny that your products infringe Plaintiff's '512 Design Patent. (RFA Resp. at 1054.)
[15] Admit or deny that your products infringe Plaintiff's '735 Design Patent. (RFA Resp. at 1054.)
[16] Admit or deny that you have unfairly competed with Plaintiff under the Lanham Act. (RFA Resp. at 1055.)

10

*U.S.,* 138 F.R.D. 579, 583 (D. Kan. 1991) ("In considering whether the presentation of the merits will be facilitated by permitting an admission to be withdrawn, the court may look at whether the admission is contrary to the record of the case.")); *Ahoyt v. Native Oilfield Servs., LLC*, No. 15-cv-262, 2017 WL 10581120, at *2 (W.D. Tex. Apr. 5, 2017) (setting aside admission where doing so promotes the presentation of the merits and the admissions are contrary to defendant's answer). The Court finds that the first prong of Rule 36(b) is satisfied with respect to RFA numbers 1–4, 6, 7, 9, 10, 19, 20, and 24 in that setting aside these admissions will promote the presentation and determination of the case on the merits rather than Project Light's failure to timely respond to the RFAs.

With respect to the second prong, Gold Crest does not articulate any "special difficulties" it would face by the need to now obtain the evidence necessary to establish the truth of RFA numbers 1–4, 6, 7, 9, 10, 19, 20, and 24. Rather, Gold Crest complains that if the Court grants Project Light's motion, it "would be restarting the already long delayed clock on hard-won steps in the discovery process, where Plaintiff has played by the rules and Defendant has taken every opportunity to delay, deny, and obfuscate." (Opp'n at 1141.) The type of prejudice contemplated by Rule 36(b) consists of more than having to conduct discovery and convince the factfinder of the truth of the withdrawn admissions. *See Kerry Steel, Inc.*, 106 F.3d at 154. Accordingly, the Court is not persuaded that Gold Crest will encounter any special difficulties in discovery if the Court grants Project Light's motion as to RFA numbers 1–4, 6, 7, 9, 10, 19, 20, and 24, and finds that the second prong of Rule 36(b) is satisfied.

In light of the strong preference for deciding this case on the merits, and in the absence of the type of prejudice to plaintiff contemplated by Rule 36(b), the Court grants Project Light's

motion to withdraw its admissions to RFA numbers 1–4, 6, 7, 9, 10, 19, 20, and 24. Project Light's response to these RFAs on July 23, 2020 shall be deemed timely filed.

### 3.  RFA numbers 8, 11, 12, 14, 16–18, 23, 25, and 27

The Court has examined RFA numbers 8,[17] 11,[18] 12,[19] 14,[20] 16,[21] 17,[22] 18,[23] 23,[24] 25,[25] and 27[26]  and concludes that denying Project Light's motion to withdraw or amend these RFAs and permitting Project Light's Rule 36(a) admissions to stand will not prevent the presentation of the merits of this action. While these RFAs touch upon various elements of the case that plaintiff must establish in order to prove its allegations of patent infringement and unfair competition, these admissions do not directly address the ultimate legal issues as do RFA numbers 1–4, 6, 7, 9, 10, 19, 20, and 24. Allowing the admissions to stand in RFA numbers 8, 11, 12, 14, 16–18, 23, 25, and 27 will not prevent the presentation and determination of this case on the merits. Accordingly, having failed the first prong of Rule 36(b), the Court denies Project Light's motion to withdraw RFA numbers 8, 11, 12, 14, 16–18, 23, 25, and 27.

[17] Admit or deny that sometime during 2019, your website offered to sell a desk lamp bearing Catalog No. D63. (RFA Response at 1052.)
[18] Admit or deny that Mitch Stanley is your General Counsel. (RFA Response at 1052.)
[19] Admit or deny that Mitch Stanley is not licensed to practice law in the State of Ohio. (RFA Response at 1052.)
[20] Admit or deny that the document attached hereto as Exhibit "1" is a true and correct copy of a letter dated May 24, 2017 sent to Project Light by Plaintiff's counsel. (RFA Response at 1053, 1060–63.)
[21] Admit or deny that you ignored the correspondence attached hereto and identified herein as Exhibit "1". (RFA Response at 1053, 1060–63.)
[22] Admit or deny that as of May 4, 2017, you were on notice as to Plaintiff's rights concerning Plaintiff's '512 Design Patent. (RFA Response at 1054.)
[23] Admit or deny that as of May 4, 2017, you were on notice as to Plaintiff's rights concerning Plaintiff's '735 Design Patent. (RFA Response at 1054.)
[24] Admit or deny that your products are confusingly similar to Plaintiff's products. (RFA Response at 1055.)
[25] Admit or deny that the document attached hereto as Exhibit "2" is a true and correct copy of a letter dated August 15, 2017 from Plaintiff's counsel to Mitch Stanley. (RFA Response at 1055, 1064–66.)
[26] Admit or deny that you ignored the document attached hereto as Exhibit "2". (RFA Response at 1056, 1064–66.)

12

### III.  Conclusion

For all of the foregoing reasons, Project Light's motion to withdraw admissions (Doc. No. 94) is granted in part and denied in part.

Project Light's motion as to RFA numbers 1–4, 6, 7, 9, 10, 19, 20, and 24 is GRANTED, and Project Light's July 23, 2020 responses to these RFAs shall be considered timely filed.

Project Light's motion as to RFA numbers 8, 11, 12, 14, 16–18, 23, 25, and 27 is DENIED.

Project Light's motion to withdraw its admissions to RFA numbers 5, 13, 15, 21, 22, 26, 28, and 29 was rendered moot by its July 23, 2020 responses to these RFAs wherein these RFAs were explicitly admitted by Project Light and, therefore, no ruling by Court is required.

**IT IS SO ORDERED**.

Dated: March 9, 2021

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

13