# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

GOLD CREST, LLC,  ⟩  CASE NO. 5:19-cv-2921

PLAINTIFF,  ⟩  JUDGE SARA LIOI

vs.  ⟩  MEMORANDUM OPINION
AND ORDER

PROJECT LIGHT, LLC, et al.,  ⟩

DEFENDANTS.  ⟩

This matter is before the Court on defendants' motion to dismiss plaintiff Gold Crest's ("Gold Crest") first amended complaint ("amended complaint") (Doc. No. 67 ["Am. Compl."]) pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. No. 90. ["Mot."]; Doc. No. 90-1 (Memorandum in Support ["Mem."]).) Gold Crest opposed defendants' motion (Doc. No. 96 ["Opp'n"]), and defendants replied (Doc. No. 98 ["Reply"]). For the reasons that follow, defendants' motion is granted in part and denied in part.

## I.  Background

Gold Crest is the owner of the two design patents attached to the amended complaint—Design Patent No. US D769,512 ("'512 D. Patent") (Doc. No. 67-1) and Design Patent No. US D787,735 ("'735 D. Patent") (Doc. No. 67-2) (collectively, the "Design Patents").[1] (Am. Compl.

---

[1] In analyzing defendants' Rule 12(b)(6) motion, the Court may consider documents attached to the amended complaint and referred to in the pleading. *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 335–36 (6th Cir. 2007) ("[D]ocuments attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss. Fed. R. Civ. P. 10(c). In addition, when a document is referred to in the pleadings and is integral to the claims, it may be considered without converting a motion to dismiss into one for summary judgment.").

¶ 5.) The '512 D. Patent was registered by the United States Patent and Trademark Office ("USPTO") on October 16, 2016, and the '735 D. Patent was registered on May 23, 2017. Both remain in effect. (*Id.* ¶ 20.) The Design Patents depict a desk lamp with drawings, and the claim in each is for "the ornamental design for a light assembly as shown and described." ('512 D. Patent at 451[2]; '735 D. Patent at 458.) Gold Crest alleges that it has a reputation for high quality products and has made a substantial investment in advertising and promoting the products depicted in the Design Patents and has earned "residual goodwill and reputation" for being the sole source of these products. (Am. Compl. ¶ 21.)

Gold Crest asserts claims against four named defendants and ten John Does[3] concerning the Design Patents. Three of the defendants are Ohio limited liability companies that sell lamps and lighting products, including products that allegedly infringe the Design Patents: (1) Project Light, LLC[4] ("Project Light") with its principal place of business at 4976 Hudson Drive, Stow,

---

[2] Page number references are to page identification numbers generated by the Court's electronic filing system.

[3] With respect to the John Doe defendants 1-10, Gold Crest alleges that these unknown defendants "are in some manner responsible for the wrongs alleged herein" and at all relevant times were the "agent and servant" of the named defendants. (*See* Am. Compl. ¶¶ 17–18.)

[4] The motion to dismiss is brought only by defendants Prospetto Light, LLC, Prospetto Lighting, LLC, and Sam Avny. Project Light, one of the three defendants collectively defined as "Corporate Defendants" with Prospetto Light and Prospetto Lighting, answered the amended complaint and asserted the affirmative defense of failure to state a claim upon which relief may be granted. (Doc. No. 89 at 906.) To the extent the Court concludes herein that Gold Crest has failed to state a claim against defendants Prospetto Light and Prospetto Lighting, that conclusion applies equally to Project Light for the same reasons. *Sua sponte* dismissal for failure to state a claim is proper where the plaintiff is given notice and an opportunity to be heard. *See Nichols v. Cty. of Wayne*, No. 18-cv-12026, 2018 WL 6505360, at *3 (E.D. Mich. Dec. 11, 2018) (citing *Tingler v. Marshall*, 716 F.2d 1109 (6th Cir. 1983) (requiring, before a district court dismiss a claim *sua sponte* for failure to state a claim, that a plaintiff have notice of the arguments for the claim's dismissal and a chance to respond to them)), *aff'd sub nom. Nichols v. Wayne Cty., Mich.*, 822 F. App'x 445 (6th Cir. 2020); *Bruguier v. United States*, No. 4:12-cv-2742, 2013 WL 5937316, at *1 (N.D. Ohio Oct. 22, 2013) (same) (citing *Bajenski v. Chivatero*, 818 F. Supp. 1085, 1088 (N.D. Ohio 1993) ("Although a district court has the power to dismiss a complaint *sua sponte* for failure to state a claim . . . it may not properly do so without giving plaintiff adequate notice and an opportunity to be heard.")). In the amended complaint, Gold Crest's claims against Project Light are identical to its claims against Prospetto Light and Prospetto Lighting. Gold Crest has had the opportunity to respond, and has responded, to Prospetto Light's and Prospetto Lighting's motion. There being no relevant factual or legal distinction between plaintiff's claims against Project Light, Prospetto Light, and Prospetto Lighting, the Court's ruling on Prospetto Light and Prospetto Lighting's Rule 12(b)(6) motion applies equally to Project Light. *Nichols*,

Ohio; (2) Prospetto Lighting, LLC ("Prospetto Lighting") with its principal place of business at 4976 Hudson Drive, Stow, Ohio, and (3) Prospetto Light, LLC ("Prospetto Light") with its principal place of business at 1970 Miller Parkway, Streetsboro, Ohio. (*Id*. ¶¶ 6–8.) Plaintiff collectively refers to these three defendants as the "Corporate Defendants" and alleges that they share the same web address—www.projectlightinc.com—where their products are marketed and presented as coming from a single source. (*Id.* ¶¶ 9, 15-16.)

The fourth named defendant is an individual—Sam Avny ("Avny"). Gold Crest makes several factual allegations concerning Avny's relationship with the Corporate Defendants and attaches supporting documents to the amended complaint. (*See id*. ¶ 10; Doc. No. 67-3; *id*. ¶ 11; Doc. No. 67-4.) Gold Crest claims upon information and belief that Avny is the Managing Member of Project Light, Prospetto Light, and Prospetto Lighting, and an "officer and a guiding force behind the activities" of the Corporate Defendants at all times material to the amended complaint. (*Id.* ¶¶ 12–14.)

Plaintiff alleges that in 2017, the Corporate Defendants displayed and offered for sale a desk lamp (shown in photographs) at the "HD Expo" in Las Vegas, Nevada that infringes the Design Patents. (*See id.* ¶¶ 22–25.) Gold Crest claims that the "Corporate Defendants were made

---

2018 WL 6505360, at *3 (*sua sponte* dismissing non-moving defendant for failure to state a claim where there was no relevant factual or legal distinction between plaintiff's claims against moving and non-moving defendants and plaintiff had the opportunity to respond to the moving defendant's arguments for dismissal); *see also Aliff v. W. Virginia Reg'l Jail & Corr. Facility Auth.*, No. 2:15-cv-13513, 2016 WL 5419444, at *10 (S.D.W. Va. Sept. 26, 2016) (dismissing non-moving defendants for failure to state a claim "'[w]here, as here, two defendants have moved to dismiss the Amended Complaint in its entirety for failure to state a claim, and the plaintiff has responded in full, the plaintiff is on notice and the 12(b)(6) motion may be considered with regard to all defendants for all claims briefed[]'") (quoting *Citadel Mgmt., Inc. v. Telesis Trust, Inc.*, 123 F. Supp. 2d 133, 147 (S.D.N.Y. 2000)) (further citation omitted).

aware of their infringing activity in August 2017," responded through an individual identified as Mitch Stanley, and a settlement offer was circulated but communications were terminated by Project Light. (*Id.* ¶ 26.) Then in March 2019, Gold Crest sent a cease and desist letter to Project Light concerning a desk lamp displayed for sale on Project Light's website that is pictured and listed as item "D63," which plaintiff claims infringes the Design Patents. (*Id.* ¶¶ 27–29.) Gold Crest claims that "[a]n ordinary observer familiar with the prior art would be deceived into thinking that the design of the infringing products was the same as" the Design Patents, and that the Corporate Defendants are aware of their infringing conduct but have continued that conduct through the present time. (*Id.* ¶¶ 30–33.) Based upon these factual allegations, Gold Crest asserts nine claims for relief.

In the First and Second Claims, Gold Crest alleges that the Corporate Defendants directly and indirectly infringed the '512 D. Patent and '735 D. Patent, respectively, in violation of 35 U.S.C. § 271. (*Id.* ¶¶ 34–54.) In its Third Claim, Gold Crest claims that the Corporate Defendants engaged in illegal passing off and misappropriation of trademarks, trade names, and/or trade dress of plaintiff in violation of 15 U.S.C. § 1125(a). (*Id.* ¶¶ 55-59.)

Gold Crest's remaining six claims are asserted against Avny, whom Gold Crest alleges is an officer or controlling member of the Corporate Defendants who willfully encouraged, assisted, induced, caused, or materially contributed to the Corporate Defendants' alleged infringement and unfair competition with respect to the Design Patents: Claim Four—personal liability for unfair competition under 15 U.S.C. § 1125 (*id.* ¶¶ 60–65); Claim Five—vicarious liability for unfair competition under 15 U.S.C. § 1125 (*id.* ¶¶ 66–70); Claim Six—personal liability for infringement of '512 D. Patent under 35 U.S.C. § 271 (*id.* ¶¶ 71–75); Claim Seven—vicarious liability for

infringement of '512 D. Patent under 35 U.S.C. § 271 (*id.* ¶¶ 76–80); Claim Eight—personal

liability for infringement of '735 D. Patent under 35 U.S.C. § 271 (*id.* ¶¶ 81–85); and Count Nine—

vicarious liability for infringement of '735 D. Patent under 35 U.S.C. § 271 (*id.* ¶¶ 86–90). For

relief, Gold Crest seeks injunctive relief,[5] monetary relief, and attorney fees. (*See id.* at 446–48.

## II.  Standard of Review

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of the complaint

tested against the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), which provides that a

complaint must contain "a short and plain statement of the claim showing that the pleader is

entitled to relief[.]" Although this standard is liberal, Rule 8 still requires a complaint to provide

the defendant with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Thus, "[t]o

survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true,"

to state a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868

(2009) (quoting *Twombly*, 550 U.S. at 570); *see also Ryan v. Blackwell*, 979 F.3d 519, 524 (6th

Cir. 2020) ("When determining whether [plaintiff's] complaint meets this standard 'we accept as

true its factual allegations and draw all reasonable inferences in his favor, but we disregard any

legal conclusions.'") (quoting *Rudd v. City of Norton Shores*, 977 F.3d 503, 511 (6th Cir. 2020))

(further citation omitted).

A claim is plausible "when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S.

at 678 (citing *Twombly*, 550 U.S. at 556). Plausibility "is not akin to a 'probability requirement,'

---

[5]  The parties entered a voluntary stipulated preliminary injunction order. (*See* Doc. No. 105.)

but it asks for more than a sheer possibility that a defendant has acted unlawfully.'" *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2) (second alteration in original)). In such a case, the plaintiff has not "nudged [its] claims across the line from conceivable to plausible, [and the] complaint must be dismissed." *Twombly*, 550 U.S. at 570. "'The plausibility of an inference depends on a host of considerations, including common sense . . ..'" *Ryan*, 979 F.3d at 524 (quoting *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678)).

While a complaint need not set down in detail all the particulars of a plaintiff's claim, "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678–79 (stating that this standard requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). That said, "[t]he pleading standard is generally construed quite liberally." *Ryan*, 979 F.3d at 524 (citing *Sam Han v. Univ. of Dayton*, 541 F. App'x 622, 625 (6th Cir. 2013)). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

### III.  Discussion

Gold Crest claims that defendants' alleged infringement of the Design Patents violates 35 U.S.C. § 271 and constitutes unfair competition under 15 U.S.C. § 1125. In the motion, defendants argue that the amended complaint fails to state a claim against the Corporate Defendants and Avny for infringement or unfair competition because there are no factual allegations from which the

Court may reasonably infer that the defendants are liable for the misconduct alleged. Because Gold Crest's allegations of patent infringement and unfair competition against the individual defendant Sam Avny are related to the alleged wrongdoing of the Corporate Defendants, the Court will first address defendants' Rule 12 motion as to the Corporate Defendants.

### A.  The Corporate Defendants

The defendants seek dismissal of Gold Crest's claims against the Corporate Defendants for reasons separate and apart from the plausibility of Gold Crest's allegations of infringement of the Design Patents and unfair competition. Primarily citing civil rights cases for support, defendants argue that Gold Crest fails to state a plausible claim against the Corporate Defendants because plaintiff groups the allegations against them and does not separately assert sufficient claims of patent infringement and unfair competition against Project Light, Prospetto Light, and Prospetto Lighting. (Mem. at 922–23; 926–28.) The Court disagrees.

Collecting defendants under a single defined term is permissible and, on its own, is not a basis for dismissal under Rule 12(b)(6). Gold Crest separately identifies the three defendants—Project Light, Prospetto Light, and Prospetto Lighting—then collectively defines the three as the "Corporate Defendants." (Am. Compl. ¶¶ 6–9.) The amended complaint alleges relationships between the three. Project Light and Prospetto Lighting share the same business address. (*Id.* ¶¶ 6, 8.) Prospetto Light is a tradename for Project Light. (*Id.* ¶ 11; Doc. No. 67-4.) The Corporate Defendants are in the same business of selling lamps and lighting products (*id.* ¶¶ 6–8) and share a website (*id.* ¶ 16) where a desk lamp was offered for sale that Gold Crest claims infringes the Design Patents (*id.* ¶¶ 27–29). Gold Crest asserts that these collectively-defined defendants

engaged in conduct that infringes the Design Patents and violates 15 U.S.C. § 1125. (*Id.* Claims 1–3.)

While Gold Crest must ultimately prove its case separately against each of the Corporate Defendants, collecting the three under a defined term then claiming all three are liable for the same misconduct is, at the pleading stage, sufficient to give each of them notice of the claims alleged against them. *See Berry v. Cahoon*, 731 F. Supp. 2d 685, 688 (S.D. Ohio 2010) (denying defendants' motion to dismiss on grounds that they were "gathered up in one undifferentiated lump and all collectively alleged to have violated Plaintiffs' rights" where: "The individual Defendants are addressed in the Complaint, the facts are alleged, and then the three counts are set forth. It is only after Mr. Hazen and Mr. Thurston were addressed separately in the Complaint that all Defendants are grouped together which succeeded in making the Complaint more efficient. Therefore, this Court finds that each Defendant can be identified in this case and the Defendants do not have to be addressed separately if the Plaintiffs are alleging that all Defendants are liable under the same causes of action."); *see also Hale v. Enerco Grp., Inc.*, No. 1:10-cv-00867-DAP, 2011 WL 49545, at *4 (N.D. Ohio Jan. 5, 2011) (denying motion to dismiss where plaintiffs plausibly alleged that multiple defendants engaged in the same conduct, which is sufficient to give defendants adequate notice of plaintiffs' claims; distinguishing *Muhammem v. Weis,* 2009 WL 637112, at *2 (E.D. Pa. Mar. 11, 2009) where plaintiff asserted broad allegations against 200 defendants). Indeed, citing *Hale,* defendants acknowledge that a group pleading may state a claim against each of the collectively defined defendants where plaintiff plausibly alleges facts showing entitlement to relief for the claimed misconduct. (*See* Reply at 1147.) As discussed below, the Court finds that Gold Crest has plausibly alleged a claim for infringement of the Design Patents

8

against the Corporate Defendants. Plaintiff's claims against the Corporate Defendants are not subject to dismissal as an improper group pleading.

### 1.  Claims One and Two – 35 U.S.C. § 271[6] – Patent Infringement

In the first two claims, Gold Crest alleges that the Corporate Defendants are liable for direct (§ 271(a)) and indirect (§ 271(b) and (c)) infringement of the Design Patents. To survive a Rule 12(b)(6) motion in the context of a patent infringement claim, a plaintiff must allege facts sufficient to place "a potential infringer … on notice of what activity or device is being accused of infringement." *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1284 (Fed. Cir. 2013); *see also Golden v. Apple Inc.*, 819 F. App'x 930, 930–31 (Fed. Cir. 2020) (Patent infringement claims "are subject to the pleading standards established by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed.2 d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009).").[7]

---

[6]  35 U.S.C. § 271 (Patent Infringement) provides in relevant part:

> **(a)** Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.
> **(b)** Whoever actively induces infringement of a patent shall be liable as an infringer.
> **(c)** Whoever offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer.

[7] Prior to December 1, 2015, when Fed. R. Civ. P. 84 and Form 18 were abrogated, "Form 18 in the Appendix of Forms provided a form adequate to plead a direct infringement patent claim." *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1258 (Fed. Cir. 2018) (citing *In re Bill of Lading Transmission & Processing Sys. Patent Litig*., 681 F.3d 1323, 1334 (Fed. Cir. 2012)). Since Form 18 was abrogated, the pleading standard for direct infringement is governed solely by *Twombly* and *Iqbal*. *See Golden*, 819 F. App'x at 930-31. Form 18 only applied to claims of direct infringement. *Twombly* and *Iqbal* always governed claims of induced and contributory patent infringement. *See In re Bill of Lading*, 681 F.2d at 1336–37.

Defendants argue in that "the principal inquiry before the Court is, applying [the five elements of a patent infringement claim[8]], whether Plaintiff has made out a plausible claim of design patent infringement against Movant-Defendants[,]" emphasizing that Gold Crest has not described "the means by which defendant allegedly infringes" the Design Patents. (Mem. at 922; Opp'n at 1086 ("Defendants correctly state the standard for pleading design patent infringement: '[t]he complaint must: (1) allege ownership of the asserted patent; (2) name each defendant; (3) cite the patent that is allegedly infringed; (4) describe the means by which the defendant allegedly infringes; and (5) point to the specific sections of the patent law invoked.'" (citing *Hall*, 705 F.3d at 1362)).)

### *Direct infringement*

Direct patent infringement is governed by 35 U.S.C. § 271(a), which provides that: "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States . . . during the term of the patent therefor, infringes the patent." Direct infringement is a "strict-liability offense" and the alleged infringer's mental state is irrelevant. *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 135 S. Ct. 1920, 1926, 191 L. Ed. 2d 883 (2015) (citation omitted).

Gold Crest claims the Corporate Defendants directly infringed the Design Patents by using, selling, and/or offering for sale products that embody the design covered by the Design Patents. (*See* Am. Compl. ¶¶ 35, 46.) Plaintiff identifies two specific acts of alleged direct infringement by

---

[8] Citing *Hall*, defendants identify five elements that must be pleaded with respect to design patent infringement: (1) allege ownership of the asserted patent; (2) name each defendant; (3) cite the alleged infringed patent; (4) describe the means by which defendant allegedly infringed; and (5) identify the specific sections of the patent law invoked. (Mem. at 922 (citing *Hall v. Bed Bath & Beyond, Inc.*, 705 F.3d 1357, 1362 (Fed. Cir. 2013).)

the Corporate Defendants, and includes photographs of the accused infringing products pictured alongside views of the design claimed by the Design Patents.[9] First, Gold Crest claims that in 2017, the Corporate Defendants displayed and offered for sale an allegedly infringing desk lamp at a trade show in Las Vegas, Nevada.[10] (*Id.* ¶¶ 23–25.) Then in 2019, Gold Crest claims that the

---

[9] Defendants do not challenge Gold Crest's images of the alleged infringing desk lamps, but claim that paragraphs 25 and 28 do not plausibly draw a "comparison" between the accused lamps and the Design Patents because some, but not all, of the Design Patents' drawing figures are compared to the alleged infringing lamps and the ordinary observer test must consider all the drawing figures in an infringement analysis. (*See* Mot. at 920, nn.4 and 5; Reply 1148-49 (citing *Golo Slipper Co. v. Glass & Fitzgerald Co.*, 14 F. Supp. 786, 787 (D. Mass. 1936) ("the design patent covers the entire design pictured and that the patentee cannot pick out one portion of the patented design and claim that that portion is really the design patented, and hence infringed") (citations omitted). But *Golo Slipper* does not appear to involve analysis of a Rule 12 motion, and the Design Patents' views included by Gold Crest in the amended complaint are sufficient to support a plausible claim for patent infringement for purposes of the Court's Rule 12(b)(6) analysis. *See simplehuman, LLC v. iTouchless Housewares & Prod., Inc.*, No. 19-cv-02701-HSG, 2019 WL 5963245, at *3 (N.D. Cal. Nov. 13, 2019) (denying Rule 12(b)(6) motion on the argument that an insufficient number of views of the design patent were presented and finding that simplehuman had presented enough views to plausibly allege an overall similarity of design, noting that "numerous cases have denied motions to dismiss or granted summary judgment while citing only a few possible views") (citing *Crocs, Inc. v. Int'l Trade Comm'n*, 598 F.3d 1294, 1304 (Fed. Cir. 2010) (three view comparisons); *Steven Madden, Ltd. v. Yves Saint Laurent*, No. 18-cv-7592 (VEC), 2019 WL 2023766 (S.D.N.Y. May 8, 2019) (two view comparisons); *NuVasive, Inc. v. Alphatec Holdings, Inc.*, No. 18-cv-347-CAB-MDD, 2018 WL 2734881 (S.D. Cal. May 14, 2018) (two view comparisons)). Moreover, plausibility does not require an element-by-element comparison, rather, the "ordinary observer" test looks at the similarity of the design "as a whole." *See simplehuman, LLC*, 2019 WL 5963245, at *2 (citing *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1335 (Fed. Cir. 2015)).

[10] Gold Crest's claim regarding the trade show is pleaded upon information and belief. Defendants generally argue in the motion that such claims are insufficient to state a plausible claim. (*See* Mot. at 920.) But allegations asserted upon information and belief are not *per se* insufficient to withstand a Rule 12(b)(6) motion and the Court must consider the pleading's factual allegations as a whole. *See 16630 Southfield Ltd. P'ship*, 727 F.3d at 506 ("'[N]aked assertions devoid of further factual enhancement' contribute nothing to the sufficiency of the complaint.") (quoting *Iqbal*, 556 U.S. at 678 (internal quotation marks and alteration omitted)); *see also Evans v. Burrell*, No. 14-cv-330-GFVT, 2015 WL 5772414, at *4 (E.D. Ky. Sept. 30, 2015) ("While pleading on information and belief cannot necessarily insulate a plaintiff at the 12(b)(6) stage, *Iqbal* did not render pleading on information and belief entirely ineffectual.") (citations omitted); *Stephens v. Premiere Credit of N. Am., LLC*, No. 3:16-cv-00007GNSCHL, 2018 WL 505593, at *2 (W.D. Ky. Jan. 22, 2018) (A claim is implausible when the complaint simply recites the claim's elements or when the only factual allegations supporting it are asserted upon information and belief.) (citing *16630 Southfield Ltd. P'ship, F.S.B.*, 727 F.3d at 506). Factual allegations based upon information and belief may be sufficient to support a plausible claim for purposes of Rule 12(b)(6) analysis where the factual allegations in the entire pleading allow the Court to draw the reasonable inference that defendant is liable for the conduct alleged. *See E.E.O.C. v. Care Centers Mgmt. Consulting, Inc.*, 942 F. Supp. 2d 771, 779 (E.D. Tenn. 2013) (denying defendant's Rule 12(b)(6) motion on the issue of integrative enterprise where some factors were pleaded on "information and belief" but the complaint's factual allegations taken as a whole were sufficient to state a plausible claim on that issue). Here, Gold Crest's claim that it is "informed and believes" that the Corporate Defendants displayed and offered for sale an infringing desk lamp at a trade show is not made in isolation. That claim is accompanied by a photograph of the accused product and must be considered in the context of Gold Crest's second specific allegation, which is not alleged upon information and belief, concerning a similar accused desk lamp "displayed for sale" on the Corporate Defendants' website. Given the Court's limited review under Rule 12(b)(6) and considering the entire context of the amended complaint, the Court finds Gold Crest's

11

Corporate Defendants "displayed for sale" an allegedly infringing desk lamp on their website (www.projectlightinc.com). The allegedly infringing desk lamp is depicted in a product catalogue and identified as item "D63" and pictured alongside drawings from the Design Patents. (*Id.* ¶¶ 27–29.)

Defendants also argue that the display of the allegedly infringing desk lamp on Project Light's website is not a plausible offer to sell under § 271(a), citing *Rotec Indus., Inc. v. Mitsubishi Corp.*, 215 F.3d 1246, 1255 (Fed. Cir. 2000). (Reply at 1149). In *Rotec*, the Federal Circuit defined "offer to sell" under § 217(a) "according to the norms of traditional contractual analysis." *Rotec*, 215 F.3d at 1254–55. The Federal Circuit then affirmed the district court's grant of summary judgment to defendants on this issue of whether defendants extended an offer for sale of the claimed invention in the United States and were liable under § 271(a). But the issue before the Court under the Rule 12(b)(6) standard of review is whether Gold Crest has plausibly alleged that defendants offered the alleged infringing lamp for sale on Project Light's website,[11] and the Court

---

claim upon information and belief that the Corporate Defendants displayed an allegedly infringing desk lamp at the Las Vegas trade show supports a plausible claim that the Corporate Defendants are liable for the claimed misconduct. The same is true with respect to the allegations asserted upon information and belief with respect to Avny.

[11] Defendants also argue that Gold Crest's allegation concerning the accused product pictured online fails to state a plausible direct infringement claim against Prospetto Lighting or Prospetto Light because there are no factual allegations that they themselves displayed or offered for sale the accused product on Project Light's website or that, under Ohio law, Prospetto Light's and Prospetto Lighting's corporate form may be disregarded and they may be held liable for conduct of Project Light. (Mem. at 926–28.) But Gold Crest alleges that:

> The Corporate Defendants share the same web address whereby consumers searching for one of those companies are directed one way or the other to the website of www.projectlightinc.com (the "Common Website"), wherein the products of Project Light, LLC, Prospetto Light, LLC and Prospetto Lighting, LLC are all marketed or presented together as coming from one source.

> Indeed, when seeking to access the Internet address of www.prospettolite.com, the consumer is redirected to the Common Website. In addition, when someone is searching the Internet and uses the web address www.prospettolight.com, again, the consumer is redirected to the Common Website.

(Am. Compl. ¶¶ 15–16.)

is required to take Gold Crest's factual allegations as true. Gold Crest alleges that defendants "displayed for sale" the accused product pictured and designated as item D63 in the online catalogue. The totality of plaintiff's factual allegations, taken as true, are sufficient to satisfy the notice requirements of Rule 8(a)[12] and to state a plausible claim against the Corporate Defendants for direct infringement of the Design Patents under § 271(a) and withstand the Corporate Defendants' motion to dismiss.

Having plausibly alleged the device and means by which Gold Crest claims the Corporate Defendants directly infringed the Design Patents, Gold Crest further alleges that "[a]n ordinary observer familiar with the prior art would be deceived into thinking that the design of the infringing products was the same as the '512 Design Patent and the '735 Design Patent" (Am. Compl. ¶ 30). The test for direct design patent infringement is the ordinary observer test. A design patent is infringed where the accused product is "substantially the same" as the patented product and the resemblance is such that the ordinary observer would be induced into purchasing the accused product believing it to be the patent owner's product. *Hall*, 705 F.3d at 1363; *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 672 (Fed. Cir. 2008) (test for design patent infringement is the ordinary observer test) (citing *Gorham Mfg. Co. v. White,* 81 U.S. 511, 528, 20 L. Ed. 731 (1871)) ("[I]f, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two

---

In analyzing defendants' motion, the Court must assume the facts alleged are true, and if so, whether those facts are sufficient to place defendants on notice of the claims against them and state a plausible claim for relief. Gold Crest alleges that the Corporate Defendants' separate web addresses all funnel into Project Light's website and the products of all three are marketed together. In addition, Gold Crest alleges facts that suggest a close relationship among the Corporate Defendants—a shared business enterprise and addresses and a tradename relationship—that, if true, further support the plausibility of Gold Crest's allegation of a common website upon which the Corporate Defendants display and sell their products.

[12] *K-Tech*, 714 F.3d at 1248 (Rule 8 requires that, "a potential infringer be placed on notice of what activity or device is being accused of infringement.").

13

designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other."). The ordinary observer test is applied to the patented design in its entirety, and minor differences between the patented design and the accused product do not prevent the Court from concluding that Gold Crest has plausibly alleged direct infringement. *See Crocs, Inc.*, 598 F.3d at 1303 (citations omitted); *see also Int'l Seaway Trading Corp. v. Walgreens Corp.*, 589 F.3d 1233, 1243 (Fed. Cir. 2009) (the ordinary observer test requires consideration of the design as a whole) (citing among authority *Egyptian Goddess,* 543 F.3d at 675).

Therefore, in order to prevail on the motion, defendants must show that, when the facts alleged in the amended complaint are accepted as true, it is not plausible that an ordinary observer would likely find the accused desk lamps substantially similar to the desk lamps claimed by the Design Patents. *See Ford Glob. Techs., LLC v. New World Int'l Inc.*, No. 2:15-cv-10394, 2016 WL 3349041, at *10 (E.D. Mich. June 16, 2016). "It is not enough to show that an ordinary observer would likely find the accused parts materially dissimilar from the patented designs. Rather, at the pleading stage, it is Defendants' burden to show that the converse is not even plausible." *Id.* (citing *Iqbal*, 556 U.S. at 678).

Defendants have not carried that burden. The design of the accused desk lamps depicted in the amended complaint is sufficiently similar to the drawings of the desk lamps claimed in the Design Patents (*see* Am. Compl. ¶¶ 24, 25, 28, 29) that defendants have failed to show it is not plausible that an ordinary observer would likely find the accused desk lamps substantially similar to the desk lamps claimed by the Design Patents. *See Magnolia & Vine Inc. v. Tapestry, Inc.*, No. 17-cv-4382 (JNE/DTS), 2018 WL 2208316, at *4 (D. Minn. May 14, 2018) (denying Rule 12(b)(6)

motion where the "differences between the asserted design patents and the accused products are not so great as to allow for dismissal of Magnolia and Vine's claims of infringement of the design patents at this stage of the litigation") (*comparing Anderson v. Kimberly–Clark Corp.*, 570 F. App'x 927, 933–34 (Fed. Cir. 2014) ("These differences are markedly apparent, and the court properly concluded that Ms. Anderson did not state a plausible claim for why the ordinary observer would be deceived into believing that the Defendant's products were the same as the patented design.")); *Oakley, Inc. v. Trillion Top Co. Ltd. LLC*, No. SACV 17-cv-01580 AG (JCGx), 2018 WL 5099484, at *4 (C.D. Cal. June 4, 2018) (denying Rule 12(b)(6) motion where the Court found that the design of the protected design patent and accused product, as a whole, show sufficient visual similarity to make infringement at least plausible); *AirHawk Int'l, LLC v. TheRealCraigJ, LLC*, No. SACV 16-cv-00624-JVS (KESx), 2016 WL 9584008, at *3 (C.D. Cal. Aug. 1, 2016) (denying Rule 12(b)(6) motion to dismiss claim for design patent infringement where the designs as a whole are substantially similar and the defendants "have not shown that the designs could not be found to be substantially similar, and thus have not shown that AirHawk's patent infringement claims are implausible"); *cf. Colida v. Nokia, Inc*., 347 F. App'x 568, 569–71 (Fed. Cir. 2009) (finding district court properly granted Nokia's motion to dismiss where Colida's infringement claims were facially implausible and provided the district court with no basis upon which to reasonably infer the ordinary observer would confuse plaintiff's patent design with Nokia's phone where the dissimilarities between the two far exceed the similarities); *OurPet's Co. v. Iris USA, Inc*., Case No. 1:14-cv-1642, 2015 WL 12780599, at *3 (N.D. Ohio Mar. 23, 2015) (granting defendant's Rule 12(b)(6) motion to dismiss plaintiff's design patent infringement case where, when comparing the design patent drawings with photographs of defendant's accused product, the

15

court found that the two products are plainly dissimilar (not substantially the same) and an ordinary observer would not be induced to buy one supposing it to be the other).

Defendants' motion to dismiss Gold Crest's claims against the Corporate Defendants for direct infringement of the Design Patents is denied.

### Indirect Infringement

Indirect patent infringement is governed by 35 U.S.C. §§ 271(b) (induced infringement) and (c) (contributory infringement):

> ....
> **(b)** Whoever actively induces infringement of a patent shall be liable as an infringer.
> **(c)** Whoever offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer.

To state a claim for induced infringement (§ 271(b)), Gold Crest must plead facts that raise a plausible inference that (1) the inducer actually induced infringing acts and (2) the inducer knew or should have known that his or her actions would cause actual infringement. *DSU Med. Corp. v. JMS Co., Ltd*, 471 F.3d 1293, 1304–05 (Fed. Cir. 2006); *see also Straight Path IP Grp., Inc. v. Vonage Holdings Corp.*, No. 14-cv-502 (JLL) (JAD), 2014 WL 3345618, at *2 (D. N.J. July 7, 2014) (induced infringement where (1) defendants knowingly induced a third party to perform specific acts; (2) defendants specifically intended for the induced acts to infringe the Design Patents; and (3) as a result of the inducement, the third party directly infringed the patents) (citing *DSU Med. Corp.,* 471 F.3d at 1305); *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009) ("Inducement requires a showing that the alleged inducer knew of the patent,

knowingly induced the infringing acts, and possessed a specific intent to encourage another's infringement of the patent.") (citing *DSU Med. Corp.,* 471 F.3d at 1304).

To state a claim for contributory infringement (§ 271(c)), plaintiff must plead facts showing that: (1) defendants knew the alleged infringing products are material to practicing the invention and have no substantial non-infringing uses; (2) defendants knew that the alleged infringing products were especially made or especially adapted to infringe the patents at issue; and (3) a third party used the alleged infringing products to directly infringe the patents at issue. *Straight Path IP Grp.*, 2014 WL 3345618, at \*3 (citing *DSU Med. Corp.,* 471 F.3d at 1303).

In order to withstand the motion, Gold Crest's indirect infringement claims must plausibly allege that Corporate Defendants' actions led to direct infringement of the Design Patents. *See Parallel Networks Licensing, LLC v. Microsoft Corp.*, 777 F. App'x 489, 493 (Fed. Cir. 2019) (citing *Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1274 (Fed. Cir. 2004) (indirect patent infringement requires an allegation of direct infringement by another)).

Gold Crest's only allegation of indirect infringement against the Corporate Defendants with respect to the '512 D. Patent is contained in paragraph 37[13] of the amended complaint, and in paragraph 47[14] as to the '735 D. Patent. These two paragraphs constitute the entirety of Gold

---

[13] Amended complaint, ¶ 37:

> 37. Plaintiff is informed and believes and thereon alleges that the Corporate Defendants, through their agents, managing members, employees and servants, have, knowingly, intentionally and willfully directly infringed, engaged in acts of contributory infringement, and/or induced the infringement of the '512 Design Patent by directly and/or indirectly making, using, selling, offering for sale and/or importing products into the United States that were covered by the claims of the '512 Design Patent.

[14] Amended complaint, ¶ 47:

> 47. Plaintiff is informed and believes and thereon alleges that the Corporate Defendants, through their agents, employees and servants, have, knowingly, intentionally and willfully directly infringed, engaged in acts of contributory infringement, and/or induced the infringement of the '512\* Design Patent by directly and/or

Crest's allegations against the Corporate Defendants concerning induced and contributory infringement.

Defendants argue that Gold Crest's claims against the Corporate Defendants of indirect infringement should be dismissed because the allegations in paragraphs 37 and 47 of the amended complaint are no more than conclusory legal assertions, and Gold Crest has failed to assert factual allegations that support a plausible claim of indirect infringement against the Corporate Defendants. (Mem. at 928–32.) In response, Gold Crest argues that to survive defendants' Rule 12(b)(6) motion with respect to induced infringement, the amended complaint need only allege facts "plausibly showing that Defendant specifically intended their customers to infringe [the Design Patents] and knew that the customer's acts constituted infringement[,]" but need not prove its case at the pleading stage. (Opp'n at 1088.)

It is true that direct infringement by customers of the accused product can satisfy the direct infringement component of an indirect infringement claim against defendant. *Dynacore Holdings,* 363 F.3d at 1274. But Gold Crest's allegation concerning induced and contributory infringement states only that "the Corporate Defendants, through their agents, managing members, employees and servants, have, knowingly, intentionally and willfully directly infringed, engaged in acts of contributory infringement, and/or induced the infringement of the [Design Patents] by directly and/or indirectly making, using, selling, offering for sale and/or importing products into the United States that were covered by the claims of the [Design Patents]." (*See* Am. Compl. ¶¶ 37, 47.) This

---

indirectly making, using, selling, offering for sale and/or importing products into the United States that were covered by the claims of the '512 Design Patent.

* Gold Crest's second claim for relief pertains to the '735 D. Patent. It appears that plaintiff's reference to the '512 D. Patent in the paragraph 47 is a clerical error.

allegation, generically referring to products "covered by the claims of the [Design Patents]," makes no mention of customers or any third party whom the Corporate Defendants knowingly induced to perform unnamed acts that the Corporate Defendants intended to infringe the Design Patents, or that any third party's acts actually infringed the Design Patents. Nor does the amended complaint contain any factual allegations at all concerning the elements of a contributory infringement claim, such as identifying a component of an accused product and alleging that such component has no substantial non-infringing use. *See Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015) ("'To state a claim for contributory infringement . . . a plaintiff must, among other things, plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses[,]'" and dismissing claim for contributory infringement where complaint contains no allegations regarding substantial non-infringing uses) (quoting *In re Bill of Lading*, 681 F.3d at 1337).

While Gold Crest need not prove its case at the pleading stage, the amended complaint's generic and conclusory claims of induced and contributory infringement provide no factual allegations to support those claims that are sufficient to both place the Corporate Defendants on notice of the infringing conduct alleged and allow them to answer, nor do the allegations plausibly suggest that the Corporate Defendants are liable for indirect infringement of the Design Patents. *See Kremerman v. Open Source Steel, LLC*, No. C17-953-BAT, 2017 WL 3970894, at *3 (W.D. Wash. Sept. 8, 2017) (granting defendant's motion to dismiss induced design patent infringement claim where, "[a]lthough Kremerman is not required to prove his case at the pleading stage, he has failed to allege who was induced to infringe, how they infringed, and how defendants had knowledge that the induced acts occurred and that they constituted patent infringement.

19

Kremerman has pleaded no facts from which it may be reasonably inferred that Defendants specifically intended to induce their customers or anyone else to infringe his Patents."); *see also Addiction and Detoxification Inst.*, 620 F. App'x at 936 (affirming the district court's Rule 12(b)(6) dismissal of a patent infringement claim where plaintiff's complaint "contained … a single allegation of indirect infringement: 'Defendants' [sic] have induced infringement of and/or contributorily infringed the Patent.'"); *cf. Carson Optical Inc. v. eBay Inc.*, 202 F. Supp. 3d 247, 254 (E.D.N.Y. 2016) ("Here, plaintiff's provision in the Amended Complaint of a list of allegedly infringing items available for sale on defendant's [eBay's] website is sufficient to establish the direct infringement by eBay merchants necessary for plaintiff's induced infringement claims against defendant to survive a motion to dismiss."); *Brocade Commc'ns Sys., Inc. v. A10 Networks, Inc.*, No. 10-cv-03428-LHK, 2011 WL 1044899, at *6 (N.D. Cal. Mar. 23, 2011) (finding that plaintiff's claim of indirect design patent infringement is sufficient to withstand defendant's motion to dismiss where plaintiff alleges the infringing product, the third party allegedly induced to infringe, and how the third party allegedly directly infringes the design patent: "Thus, [plaintiff] has adequately alleged that [defendant's] AX Series products are accused of infringing the patents-in-suit, that any manufacturer, importer or seller in the supply chain for this product indirectly infringes the patents, and that any customer who purchases the AX Series products and uses them as intended infringes the patents.").

Gold Crest's claims against the Corporate Defendants for induced and contributory infringement of the Design patents are not supported by factual allegations that, if true, state a plausible claim for relief. *Twombly*, 550 U.S. at 570. Accordingly, defendants' motion to dismiss

Gold Crest's claims of induced and contributory infringement against the Corporate Defendants for failure to state a plausible claim for relief is granted.

### 2.   Claim 3 – 15 U.S.C. § 1125[15] – Unfair Competition

Gold Crest brings its Third Claim for relief pursuant to 15 U.S.C. § 1125, alleging unfair competition against the Corporate Defendants. (*See* Am. Compl. ¶¶ 55–59.) Gold Crest claims that the "Corporate Defendants' conduct as described [in the amended complaint] constitutes illegal passing off, and misappropriation of the trademarks, trade names, and or trade dress of Plaintiff in violation of 15 U.S.C. § 1125(a)." (*Id.* ¶ 56.)

While the defendants move to dismiss Gold Crest's unfair competition claim against the Corporate Defendants, both sides barely mention this issue. Defendants simply contend, without elaboration, that Gold Crest fails to allege a plausible unfair competition claim against the Corporate Defendants for the same reasons that Gold Crest fails to allege a plausible patent infringement claim. Gold Crest's opposition does not even address unfair competition or any of the § 1125 violations alleged. Neither side addresses the elements of such claims or the factual

---

[15]  15 U.S.C. § 1125 (False designations of origin) provides in relevant part:

> **(a) Civil action**
> **(1)** Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which--
> **(A)** is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
> **(B)** in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

allegations necessary to survive a Rule 12(b)(6) motion for Gold Crest's claims of "illegal passing off, and misappropriation of the trademarks, trade names, and or trade dress of Plaintiff in violation of 15 U.S.C. § 1125(a)." (Am. Compl. ¶ 56.)

The Court suspects that the elements of plaintiff's § 1125 claims and the factual allegations necessary to support plausible claims for relief are not identical to plausible infringement claims under 35 U.S.C. § 271. Because the briefing on both sides regarding Gold Crest's unfair competition claim is entirely inadequate, the Court will not address the sufficiency of Gold Crest's unfair competition claim against the Corporate Defendants. Defendants' Rule 12(b)(6) motion to dismiss Gold Crest's Third Claim for relief is denied. *See Patterson v. Stark Cty. Bd. of Cty. Comm'rs*, No. 5:18-cv-2542, 2019 WL 2410854, at *2 (N.D. Ohio June 7, 2019) ("While Stark County suggests that it would be futile to permit [plaintiff to amend her complaint in response to Stark County's motion for judgment on the pleading], it does so without any explanation or elaboration as to how these allegations fall short of stating proper claims under the relevant federal and state statutes. It is not the Court's job to anticipate or construct arguments for the parties. . . . Given that it is early in the case, and in light of the inadequate briefing by the parties, the Court finds that it would not be a good use of judicial resources to determine whether the amended complaint cures the potential deficiencies identified in Stark County's dispositive motion."); *see also In re Graves*, 483 B.R. 113, 116 n.2 (E.D. Mich. 2012) ("Defendants have made no effort whatsoever to identify any reasons why the Court should grant leave to appeal, nor have they addressed any of the factors that enter into this decision. On this basis alone, then, the Court could deny leave to appeal, because it is not the obligation of the Court to formulate arguments on a party's behalf.").

### B. Samuel Avny

Gold Crest asserts six claims against the individual defendant, Avny:

Claims Four and Five for contributory and vicarious liability for unfair competition under 15 U.S.C. § 1125.

Claims Six and Eight for contributory liability for infringement of the Design Patents under 35 U.S.C. §271.

Claims Seven and Nine for vicarious liability for infringement of the Design Patents under 35 U.S.C. §271.

### 1. Claims Four and Five – Contributory and Vicarious Liability under 15 U.S.C. § 1125

As discussed above, the Court denied defendants' motion to dismiss Gold Crest's claims against the Corporate Defendants for alleged violations of 15 U.S.C. § 1125 because the briefing on both sides was so inadequate that the Court was unable to determine the sufficiency of the amended complaint on that issue. Consequently, it is premature for the Court to address the sufficiency of Gold Crest's claim that Avny is personally liable for the Corporate Defendants' alleged violation of 15 U.S.C. § 1125, and defendants' motion to dismiss Claims Four and Five is denied.

### 2. Claims Six and Eight – Avny's Contributory Liability for the Corporate Defendants' Infringement of the Design Patents under 35 U.S.C. § 271

In Claims Six and Eight against Avny for "contributory liability"[16] of the Design Patents under 35 U.S.C. § 271, Gold Crest alleges that Avny, as the managing member and a corporate

---

[16] Congress crafted 35 U.S.C. § 271(b) and (c) to "expressly define the *only* ways in which individuals not completing and infringing act under §271(a) could nevertheless be liable. … [T]o the extent that tort law's contributory liability principles are applicable at all, § 271(b) and (c) embody the application of contributory liability principles to patent law." *Akamai Techs., Inc v. Limelight Networks, Inc.*, 786 F.3d 899, 906–08 (Fed. Cir. 2015) (emphasis in original)

23

officer, is the "moving, acting conscious force" behind the Corporate Defendants and "induced, caused, or materially contributed to the illegal and infringing conduct of the Corporate Defendants[,]" and is "personally liable as a contributory infringer where he normally engages in personal conduct or encourages or assists the illegal activity of the Corporate Defendants." (*See* Am. Compl. ¶¶ 72, 73, 82, 83.) Gold Crest's "contributory liability" claims against Avny seek to hold him personally liable for inducing, encouraging, assisting, and causing the alleged infringing conduct of the Corporate Defendants.

Defendants argue that Gold Crest fails to state a plausible claim against Avny individually for two reasons. First, there are no factual allegations in the amended complaint to support a plausible claim that Avny himself personally infringed the Design Patents under § 271. Second, there are no factual allegations in the amended complaint that plausibly suggest that Avny controlled and dominated the Corporate Defendants as required to hold Avny personally liable for their alleged infringing conduct by piercing the corporate veil. (Mem. at 924–26 (citing *Lambert*

---

(citing *Dawson Chem. Co. v. Rohm & Haas Co.,* 448 U.S. 176, 187–214, 100 S. Ct. 2601, 65 L. Ed. 2d 696 (1980); *Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.,* 511 U.S. 164, 184, 114 S. Ct. 1439, 128 L. Ed. 2d 119 (1994) ("The fact that Congress chose to impose some forms of secondary liability, but not others, indicates a deliberate congressional choice with which the courts should not interfere.")), *on reh'g en banc sub nom. Akamai Techs., Inc. v. Limelight Networks, Inc.,* 797 F.3d 1020 (Fed. Cir. 2015), and *reh'g en banc granted, opinion vacated sub nom. on other grounds, Akamai Techs., Inc. v. Limelight Networks, Inc.,* 612 F. App'x 617 (Fed. Cir. 2015); *see also UMG Recordings, Inc. v. Grande Commc'ns Networks, LLC,* No. A-17-ca-365-LY, 2018 WL 1096871, at *9 (W.D. Tex. Feb. 28, 2018) (35 U.S.C. § 271(c) codifies "contributory liability" for distribution of a product not suitable for substantial non-infringing use) (quoting *Metro-Goldwyn-Mater Studios, Inc. v. Grokster, Ltd.,* 545 U.S. 913, 942, 125 S. Ct. 2764, 162 L. Ed. 2d 781 (2005) (J. Ginsburg, concurring)), *report and recommendation adopted,* No. 1:17-cv-365-LY, 2018 WL 2182282 (W.D. Tex. Mar. 26, 2018), and *report and recommendation adopted,* No. 1:17-cv-365-LY, 2018 WL 1905124 (W.D. Tex. Mar. 28, 2018).

*v. Kazinetz*, 250 F. Supp. 2d 908, 913 (S.D. Ohio 2003) (citing *Belvedere Condo. Unit Owners'*
*Ass'n v. R.E. Roark Co., Inc.,* 617 N.E.2d 1075, 1085 (Ohio 1993)).

In opposition, Gold Crest argues that Avny has personally engaged in conduct that
infringes the Design Patents and is liable for the Corporate Defendants' infringing conduct because
Avny controls them. (Opp'n at 1086–87.) Specifically, Gold Crest alleges that Avny is the
"Managing Member and/or corporate officer of the Corporate Defendants and thus, is the moving,
acting conscious force behind the Corporate Defendants' illegal actions[]" and, as an officer or
controlling member, is personally liable for contributory infringement. (Am. Compl. ¶¶ 72, 73, 82,
83.) To support its allegation that Avny controls the Corporate Defendants (*id.* ¶¶ 12–14), Gold
Crest refers to and attaches to the amended complaint supporting documentation filed with the
Ohio Secretary of State as detailed later herein.[17]

### Indirect infringement

Defendants' Rule 12(b)(6) motion is granted with respect to Gold Crest's claim that Avny
is personally liable for the Corporate Defendants' indirect infringement of the Design Patents
under § 271(b) and (c). Having concluded that the amended complaint fails to state a plausible
claim against the Corporate Defendants for indirect infringement of the Design Patents, Gold

---

[17] Attached to its opposition brief, Gold Crest provides additional information in further support of its allegation that
Avny controls the Corporate Defendants. This information includes documents from court cases involving Avny in
other jurisdictions, and six items of newly discovered information that links Avny to the Corporate Defendants and
the Corporate Defendants to each other. Gold Crest asks the Court to take notice of these records, arguing that these
documents and information further support its claims regarding the controlling nature of Avny's relationship with the
Corporate Defendants, and that control is the basis of Avny's liability for the Corporate  Defendants' alleged
infringement of the Design Patents. (*See* Opp'n at 1086–1094.) Alternatively, plaintiff seeks leave to amend the
complaint to include these "newly provided facts." (*Id.* at 1090.) However, the Court need not rule on Gold Crest's
request to take notice of the court cases and additional documents, or its request to further amend the complaint,
because the Court finds that Gold Crest's allegations in the amended complaint are sufficient at this stage of the
litigation to withstand defendants' motion to dismiss with respect to the issue of Avny's control over the Corporate
Defendants.

Crest's claim that Avny is personally liable for inducing or contributing to the Corporate Defendants' alleged indirect infringement also fails.

### *Direct infringement*

With respect to Gold Crest's claim that Avny has contributory liability for the Corporate Defendants' direct infringement of the Design Patents, plaintiff fails to state a plausible claim for relief. To refresh, contributory infringement under § 271(c) "incorporates the core notion that one who sells a component especially designed for use in a patented invention may be liable as a contributory infringer, provided that the component is not a staple article of commerce suitable for substantial non-infringing use." *Ricoh Co., Ltd. v. Quanta Computer Inc.*, 550 F.3d 1325, 1337 (Fed. Cir. 2008). To withstand defendants' motion, plaintiff must plausibly allege that (1) there is direct infringement, (2) the accused infringer had knowledge of the patent, (3) the accused component has no substantial non-infringing uses, and (4) the component is a material part of the invention. *See Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010)). Contributory infringement requires knowledge of the patent in suit and knowledge of patent infringement. *Commil USA*, 135 S. Ct. at 1926. But unlike induced infringement, contributory infringement demands "only proof of a defendant's *knowledge*, not *intent*, that his activity cause infringement." *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1381 (Fed. Cir. 2017) (internal citation and quotation marks omitted) (emphases in original). The amended complaint is devoid of allegations that, if true, would support a plausible claim against Avny for contributing to the Corporate Defendants' alleged direct infringement of the Design Patents. As an initial matter, beyond conclusory assertions that Avny is aware of the Corporate Defendants' alleged infringement of the Design Patents, there are no factual allegations in the amended complaint that Avny had

26

knowledge of the Design Patents. Gold Crest claims that in August 2017, it made the Corporate Defendants aware of their alleged infringing activity at the Nevada trade show and they responded through an individual identified as Mitch Stanley. (Am. Compl. ¶ 26.) Nor are there any factual allegations that support any of the other elements of a plausible claim against Avny for contributory liability under § 271(c).

Gold Crest further alleges that Avny is personally liable for the Corporate Defendants' direct infringement of the Design Patents because he controls the Corporate Defendants and his actions are their actions. (Am. Compl. ¶¶ 72, 73, 82, 83.) Unlike personal liability for indirect infringement under §§ 271(b) and (c), Avny's personal liability for direct patent infringement (§ 271(a)) committed on behalf of the Corporate Defendants requires piercing the corporate veil. *Wordtech Sys., Inc. v. Integrated Networks Solutions, Inc.*, 609 F.3d 1308, 1313 (Fed. Cir. 2010) (the corporate veil shields a company's officers from personal liability for direct infringement that the officers commit in the name of the corporation); *Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 552 (Fed. Cir. 1990) ("[T]o be personally liable for . . . infringement under section 271(a), there must be evidence to justify piercing the corporate veil.").

When considering piercing the corporate veil, a court usually applies the law of the state of incorporation of the allegedly offending entity. *See Institut Pasteur v. Cambridge Biotech Corp*., 186 F.3d 1356, 1376 n.11 (Fed. Cir. 1999). The Corporate Defendants are Ohio limited liability companies and Ohio is the forum state. (Am. Compl. ¶¶ 6, 7, 8.) In their briefing, the parties do not disagree that Ohio law applies to this issue.

"'Under Ohio law, as elsewhere, an LLC is neither a corporation nor a partnership, as those concepts are commonly understood. Instead, an LLC is a hybrid in that it is a form of legal entity

27

that has attributes of both a corporation and a partnership but is not formally characterized as either one.'" *Denny v. Breawick, LLC*, 137 N.E.3d 578, 583 (Ohio Ct. App. 2019) (quoting *Sutter v. Henkle*, No. 10-15-14, 2016 WL 1090466, at *7 (Ohio Ct. App. Mar. 21, 2016) (further citation omitted)). Under Ohio Rev. Code § 1705.48(B): "No member, manager, or officer of a limited liability company is personally liable to satisfy any judgment, decree, or order of a court for, or is personally liable to satisfy in any other manner, a debt, obligation, or liability of the company solely by reason of being a member, manager, or officer of the limited liability company." That said, limited liability companies, like corporations are subject to the veil-piercing doctrine. *Garrison Southfield Park LLC v. Closed Loop Ref. & Recovery, Inc.*, No. 2:17-cv-783, 2019 WL 5962684, at *4 (S.D. Ohio Nov. 13, 2019) (citation omitted). "[A] member of a limited liability company may be held personally liable if the plaintiff demonstrates that the behavior of the members merits disregarding, or piercing, the entity's limited liability structure." *Denny*, 137 N.E.3d at 584 (internal quotation marks omitted) (citation omitted).

Three elements must be present to pierce the corporate veil: (1) control over the corporation by those to be held liable was so complete that the corporation has no separate mind, will, or existence of its own,[18] (2) control over the corporation by those to be held liable was exercised in such a manner as to commit fraud, an illegal act, or a similarly unlawful act, and (3) injury or unjust loss resulted to the plaintiff from such control and wrong. *Belvedere Condo. Unit Owners' Assn.*, 617 N.E.2d at 1086; *Dombroski v. Wellpoint, Inc.*, 895 N.E.2d 538, 539 (Ohio 2008)

---

[18]  Under Ohio law, "[t]he first prong of the *Belvedere* test is a restatement of the alter-ego doctrine, which requires the plaintiff to 'show that the individual and the corporation are fundamentally indistinguishable.'" *In re Thompson*, 458 B.R. 426, 433 (Bankr. S.D. Ohio 2011) (citing *Belvedere,* 617 N.E.2d at 1086; *see also Denny*,137 N.E.3d at 584 ("The first prong of *Belvedere* has been referred to as the 'alter ego doctrine'[.]") (citation omitted).

(syllabus) (modifying the second element of the *Belvedere* test to include a "similarly unlawful act").

When deciding a motion to dismiss, the Court must construe the complaint in a light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff. *See Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Under this review, if a plaintiff's factual allegations are sufficient to raise the right to relief above the speculative level and allow the Court to draw a reasonable inference that defendant is liable for the misconduct alleged, then defendant's Rule 12(b)(6) motion must be denied. *See Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. While the Court considers it to be a close call, the Court concludes that Gold Crest has alleged sufficient facts at the pleading stage to pierce the corporate veil and nudge its personal liability claims against Avny for the Corporate Defendants' alleged direct infringement of the Design Patents across the line from possible to plausible.

Gold Crest's allegation that Avny is a "controlling member" and "moving, acting conscious force behind the Corporate Defendants," supported by documentation filed by Avny with the Ohio Secretary of State and attached to the complaint,[19] is sufficient to satisfy the first *Belvedere* factor. *See Gill v. Byers Chevrolet LLC*, Case No. 2:05-cv-982, 2007 WL 3025328. at *5–6 (S.D. Ohio Oct. 15, 2007) (finding plaintiff's allegation that Byers Sons Holding, Inc. completely controls, directs, and dominates the daily operations and management of Byers Chevrolet is sufficient to

---

[19] Gold Crest's allegation that Avny is the controlling force behind the Corporate Defendants is supported with documents filed with the Secretary of State showing that he shares a common address with Prospetto Lighting and Project Light, is the statutory agent for Prospetto Lighting (Doc. 67-3), and is the authorized representative for both Project Light and Prospetto Light. In that capacity, Avny gave legal consent on behalf of defendant Prospetto Light LLC to defendant Project Light, LLC to use the name Prospetto Light (Doc. 67-4 at 468). And then, as defendant Project Light, LLC's authorized representative, Avny registered the tradename Prospetto Light with the Ohio Secretary of State (*see* Doc. 67-4 at 466–67).

"implicate" the first *Belvedere* factor and withstand Rule 12(b)(6) motion on the issue of piercing the corporate veil). Gold Crest need not prove the issue of Avny's alleged control over the Corporate Defendants at the pleading stage. *See id*. at *6 ("Plaintiff must merely implicate the *Belvedere* factors [to withstand defendant's 12(b)(6) motion], not prove them at this time."). Indeed, "Ohio courts have indicated that the degree of control exercised over a corporation for purposes of determining whether to pierce the corporate veil is a fact-sensitive inquiry, which should not be answered until the plaintiffs have had some opportunity to conduct discovery '[d]ue to the importance of discovery in establishing the element of control.'" *RAM Constr. Servs. of Michigan, Inc. v. TH Restoration, Inc.*, No. 11-cv-2507, 2012 WL 1854703, at *4 (N.D. Ohio May 21, 2012) (quoting *Orrand v. Kin Contractors, LLC,* No. 2: 09-cv1129, 2011 WL 1238301, at * 4 (S.D. Ohio Mar. 30, 2011)).

With respect to the second *Belvedere* factor, Gold Crest must plausibly allege that Avny used his control over the Corporate Defendants to infringe the Design Patents. Here, Gold Crest alleges that Avny used his control over the Corporate Defendants to directly infringe the Design Patents with the intent to injure Gold Crest and benefit his own financial interest. (*See e.g.* Am. Compl. ¶¶ 72–74, 77–78; *id.* ¶¶ 82–84; 87–88.) These allegations are sufficient to satisfy the second element of the *Belvedere* test. *See Gill*, 2007 WL 3025328, at *6 (finding that plaintiff has sufficiently implicated the second factor of the *Belvedere* test to survive defendant's Rule 12(b)(6) motion where plaintiff alleges that Byers Holding Company is liable for "'establishing and implementing the fraudulent and illegal consumer practices which injured plaintiff'") (quoting plaintiff's second amended complaint); *RAM Constr. Servs. of Michigan,* 2012 WL 1854703, at *5 (finding that plaintiff RAM's allegation that TH's shareholders used TH fraudulently, *i.e.,* for

30

the purpose of diverting for shareholders' personal use corporate money TH owed to and represented would be used to pay a sub-contractor is sufficient to meet the second prong of the *Belvedere* test).

Accordingly, defendants' motion to dismiss Gold Crest's personal liability claim against Avny for direct infringement of the Design Patents on behalf of the Corporate Defendants is denied. *Cf. Shea v. Bonutti Research, Inc.*, No. 2:10-cv-615, 2011 WL 53473, at *7 (S.D. Ohio Jan. 7, 2011) (declining to pierce corporate veil and find personal jurisdiction where plaintiff offered no evidence or even argument that the moving defendants controlled another corporation or that plaintiff was harmed by the moving defendants' control).

### 3. Claims Seven and Nine – Avny's Vicarious Liability for the Corporate Defendants' Infringement of the Design Patents under 35 U.S.C. § 271

In Claims Seven and Nine, Gold Crest alleges that, even if Avny did not have actual or direct knowledge of the Corporate Defendants' alleged infringement of the Design Patents, Avny is vicariously liable because he could and did control the conduct of the Corporate Defendants and benefited financially from their illegal conduct. (*See* Am. Compl. ¶¶ 77–78, 87–88.) In the motion, defendants mention vicarious liability only once, arguing that the "Amended Complaint contains no factual allegations that Avny committed any acts of direct or indirect patent infringement for which he could be vicariously or individually liable." (Mem. at 925–26.) In opposing the motion, Gold Crest quotes paragraph 72 of the amended complaint and grounds its contributory and vicarious liability in the same facts:

> Avny "has or had knowledge of the illegal and otherwise infringing activities described herein . . . induced, caused, or materially contributed to the illegal and infringing conduct of the Corporate Defendants named herein … is a Managing Member and/or corporate officer of the Corporate Defendants and thus, is the moving, acting conscious force behind the Corporate Defendants' illegal actions."

31

(Opp'n at 1089.)

Defendants reply does not discuss Gold Crest's vicarious liability claims. Neither side has briefed or argued the law regarding vicarious liability for design patent infringement and the Court is not required to make the parties' arguments for them. As the moving party, it is defendants' burden to show that Gold Crest has failed to state a plausible claim that Avny is vicariously liable for the Corporate Defendants' patent infringement and they have not met that burden.

That said, having dismissed plaintiff's claims against the Corporate Defendants for indirect infringement of the Design Patents, common sense dictates that Gold Crest's vicarious liability claim against Avny for the Corporate Defendants' alleged violation of § 271(b) and (c) must also fail. Accordingly, defendants' Rule 12(b)(6) motion with respect to Avny's vicarious liability for indirect infringement is granted. Defendants' motion to dismiss Gold Crest's vicarious liability against Avny with respect to the Corporate Defendants' alleged direct infringement of the Design Patents (§271(a)) is denied.

## IV.  Conclusion

For all the foregoing reasons, defendants' motion to dismiss Gold Crest's amended complaint is granted in part and denied in part as to the moving defendants and defendant Project Light.

Claim 1: Defendants' motion to dismiss Gold Crest's claim against the Corporate Defendants for direct infringement (35 U.S.C. § 271(a)) of the '512 D. Patent is denied. Defendants' motion to dismiss Gold Crest's claims for indirect infringement (35 U.S.C. §§ 271(b) and (c)) of the '512 D. Patent is granted.

Claim 2: Defendants' motion to dismiss Gold Crest's claim against the Corporate Defendants for direct infringement (25 U.S.C. § 271(a)) of the '735 D. Patent is denied. Defendants' motion to dismiss Gold Crest's claims for indirect infringement (35 U.S.C. §§ 271(b) and (c)) of the '735 D. Patent is granted.

Claim 3: Defendants' motion to dismiss Gold Crest's claim against the Corporate Defendants for violation of 15 U.S.C. § 1125 is denied.

Claim 4: Defendants' motion to dismiss Gold Crest's contributory liability claim against defendant Sam Avny for violation of 15 U.S.C. § 1125 is denied.

Claim 5:  Defendants' motion to dismiss Gold Crest's vicarious liability claim against defendant Sam Avny for violation of 15 U.S.C. § 1125 is denied.

Claim 6: Defendants' motion to dismiss Gold Crest's contributory liability claim against defendant Sam Avny for direct infringement (35 U.S.C. § 271(a)) of the '512 D. Patent is denied. Defendants' motion to dismiss Gold Crest's claims for indirect infringement (35 U.S.C. §§ 271(b) and (c)) of the '512 D. Patent is granted.

Claim 7: Defendants' motion to dismiss Gold Crest's vicarious liability claim against defendant Sam Avny for direct infringement (35 U.S.C. § 271(a)) of the '512 D. Patent is denied. Defendants' motion to dismiss Gold Crest's claims for indirect infringement (35 U.S.C. §§ 271(b) and (c)) of the '512 D. Patent is granted.

Claim 8: Defendants' motion to dismiss Gold Crest's contributory liability claim against defendant Sam Avny for direct infringement (35 U.S.C. § 271(a)) of the '735 D. Patent is denied. Defendants' motion to dismiss Gold Crest's claims for indirect infringement (35 U.S.C. §§ 271(b) and (c)) of the '735 D. Patent is granted.

Claim 9: Defendants' motion to dismiss Gold Crest's vicarious liability claim against defendant Sam Avny for direct infringement (35 U.S.C. § 271(a)) of the '735 D. Patent is denied. Defendants' motion to dismiss Gold Crest's claims for indirect infringement (35 U.S.C. §§ 271(b) and (c)) of the '735 D. Patent is granted.

Prospetto Light, Prospetto Lighting, and Sam Avny shall file their answer to the claims remaining in the amended complaint by March 31, 2021. A case management conference scheduling order will be separately published.

**IT IS SO ORDERED**.


Dated: March 10, 2021

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**