# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| GOLD CREST, LLC, | ) | CASE NO. 5:19-cv-2921 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| PROJECT LIGHT, LLC, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Plaintiff Gold Crest LLC ("Gold Crest") filed an amended complaint against defendants Project Light LLC ("Project Light"), Prospetto Light LLC ("Prospetto Light"), Prospetto Lighting LLC ("Prospetto Lighting"), and Sam Avny ("Avny") for patent infringement and unfair competition. (Doc. No. 67.) Prospetto Light, Prospetto Lighting, and Avny moved to dismiss Gold Crest's claims against them pursuant to Fed. R. Civ. P. 12(b)(6), which the Court granted in part and denied in part as to the moving defendants and as to Project Light.[1] (*See* Doc. No. 110.) Because certain claims against Prospetto Light, Prospetto Lighting, and Avny survived the motion to dismiss, the Court ordered these defendants to file their answers by March 31, 2021. (*See* Doc. No. 110 at 34.)

---

[1] Project Light did not participate in or separately file a motion to dismiss, but rather answered the amended complaint. (*See* Doc. No. 89.) However, the Court determined that its ruling granting the Rule 12(b)(6) motion as to Prospetto Light and Prospetto Lighting applied equally to Project Light. (*See* Doc. No. 110 at 2 n.4 (All page number references herein are to the consecutive page numbers applied to each individual document by the electronic filing system, a citation practice recently adopted by this Court despite a different directive in the Initial Standing Order for this case.).)

At the time these defendants were required to answer, however, their counsel had withdrawn and they were unrepresented and did not file their answers as ordered by the Court. (*See* Doc. No. 112 and Order [non-document] dated March 18, 2021.) While Prospetto Light, Prospetto Lighting, and Sam Avny were not represented by counsel, Gold Crest sought entry of default against them and default was entered by the Clerk on April 15, 2021. (*See* Doc. Nos. 121, 122, and 123, respectively.)

On April 19, 2021, counsel entered an appearance on behalf of *all* defendants. (Doc. No. 125.) The Court conducted telephonic conferences on April 19 and April 28, 2021, and counsel for plaintiff participated as well as counsel for defendants on behalf of *all* defendants. (*See* Minute Orders [non-document] entered on April 19 and April 28, 2021.) Gold Crest's counsel did not object to the participation by counsel on behalf of all defendants, nor has Gold Crest ever sought default judgment against Prospetto Light, Prospetto Lighting, or Sam Avny.

Then Gold Crest moved for partial summary judgment only against Project Light on the issues of patent infringement and validity. (Doc. No. 126.) All defendants opposed the motion (Doc. No. 128), and Gold Crest directed its reply to all defendants, mentioning in a footnote that Prospetto Light, Prospetto Lighting, and Sam Avny were in default (*see* Doc. No. 132 at 2 fn.1).

Fed. R. Civ. P. 55(c) provides that a court may set aside an entry of default for good cause, and the Court has considerable discretion to do so. *United States v. Real Prop., All Furnishings Known as Bridwell's Grocery*, 195 F.3d 819, 820 (6th Cir. 1999) (the district court has considerable latitude under the 'good cause shown' standard of Rule 55(c) to grant relief from a default entry) (citing *Waifersong Ltd. Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992) and *Manufacturers' Indus. Relations Ass'n v. East Akron Casting Co.*, 58 F.3d 204, 208 (6th

Cir. 1995)). "Indeed, [the Sixth Circuit] has indicated a 'strong preference for trials on the merits.'" *Id.* (quoting *Shepard Claims Serv., Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986)). "[T]he Court may act *sua sponte* to set aside the entry of default under Rule 55(c)." *Annette v. Haslam*, No. 3:18-cv-1299, 2020 WL 5226622, at *2 (M.D. Tenn. Apr. 29, 2020) (collecting cases), *report and recommendation adopted,* No. 3:18-cv-1299, 2020 WL 2520512 (M.D. Tenn. May 18, 2020), *appeal dismissed sub nom. Annette v. Bradley*, No. 20-5657, 2021 WL 2554211 (6th Cir. Apr. 8, 2021); *see also Stanford v. Diligent Supportive Living, Inc.*, No. 1:12-cv-736, 2014 WL 4988225, at *1 (S.D. Ohio Oct. 7, 2014) ("The Court accepted the [defendant's untimely] Answer as filed and *sua sponte* vacated the Entry of Default and terminated as moot Plaintiff's application for entry of default judgment."); *Broad. Music, Inc. v. Timbers Bar & Grill of Ludington, LLC*, No. 1:19-cv-119, 2019 WL 5697988, at *2 (W.D. Mich. June 3, 2019) ("A court may set aside entry of default for good cause and may do so *sua sponte*.") (citations omitted).

In order to determine whether good cause exists to set aside an entry of default, the Court must consider: "(1) whether culpable conduct of the defendant led to the default, (2) whether the defendant has a meritorious defense, and (3) whether the plaintiff will be prejudiced." *Burrell v. Henderson*, 434 F.3d 826, 831–32 (6th Cir. 2006); *see also Krowtoh II LLC v. ExCelsius Int'l Ltd*, 330 F. App'x 530, 534–35 (6th Cir. 2009) (same).

To the extent that default was properly entered against Prospetto Light, Prospetto Lighting, and Avny, and given the unusual circumstances of this case, the Court concludes that good cause exists to set aside the entries of default against them. First, Prospetto Light, Prospetto Lighting, and Avny were unrepresented by counsel at the time their answers were due, though defendants undoubtedly contributed to the revolving door of counsel of record. Second, since counsel for

defendants entered an appearance on behalf of all defendants shortly after Gold Crest sought entry of default, Gold Crest has engaged defendants' counsel and all defendants without objection in conferences with the Court, by directing its reply in support of its motion for partial summary judgment to all defendants (Doc. No. 132), and most recently, by filing a discovery dispute as to all defendants (Doc. No. 148). Third, the unenforceability and invalidity defenses anticipated by Gold Crest in its motion for partial summary judgment against Project Light are the same defenses as asserted by all defendants in opposing Gold Crest's motion, and Gold Crest fully responded to all defendants in its reply. To the extent that Project Light has a meritorious defense to Gold Crest's patent infringement claims, so does Prospetto Light, Prospetto Lighting, and Avny, and resolution of Gold Crest's claims on the merits is preferred to resolution by default.

Accordingly, the Court concludes that there being no discernable prejudice to Gold Crest, and in the interest of resolving this case against all defendants on the merits, there is good cause to *sua sponte* set aside the entries of default against Prospetto Light, Prospetto Lighting, and Avny, and the Court exercises its discretion to do so. The entries of default at Doc. Nos. 121, 122, and 123 are hereby VACATED, and the Court's prior order that defendants Prospetto Light, Prospetto Lighting, and Avny file their answers to the amended complaint by March 31, 2021 is extended to February 22, 2022.

Further, the Court construes Gold Crest's reply in support of its motion for summary judgment, which is directed to *all* defendants, as an amendment to assert its motion for partial summary judgment against *all* defendants. The Court will proceed accordingly in ruling on Gold Crest's motion for partial summary judgment unless Gold Crest advises the Court by February 15, 2022 as to a reason the Court should not so proceed.

**IT IS SO ORDERED**.

Dated: February 8, 2022

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**