**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| Gold Crest, LLC, | : | |
| Plaintiff, | : | Case No. 5:19-cv-2921-SL |
| vs. | : | Judge Sara Lioi |
| | | Magistrate Judge Carmen E. Henderson |
| Project Light, LLC, *et al*. | : | |
| | | **DEFENDANTS' MOTION** |
| Defendants. | : | **FOR SUMMARY JUDGMENT** |
| | : | |

NOW COME the *Defendants*, and hereby respectfully submit their motion for summary judgment.  Defendants seek summary judgment on all of Plaintiff's claims.  This motion is intended to be dispositive as to the entirety of this case.

**I.**   **Statement of the Case**

The Plaintiff, Gold Crest, LLC, is a corporation with its principal place of business located in California.  The Defendants, Project Light, LLC, et al., collectively, are essentially a small, local business with its principal place of business located in Stow, Ohio.  The Plaintiff has also sued the individual owner of Project Light, namely, Sam Avny, a Florida resident, and also a few other entities that Plaintiff alleges could be relevant to their claims.

The Plaintiff has asserted nine (9) claims; to wit:

1. Direct Infringement of '512 Design Patent Under 35 U.S.C. § 271;
2. Infringement of '735 Design Patent Under 35 U.S.C. § 271;
3. Unfair Competition Under 15 U.S.C. §1125;
4. Contributory Liability for Unfair Competition Under 15 U.S.C. §1125;
5. Vicarious Liability for Unfair Competition Under 15 U.S.C. §1125;
6. Contributory Liability for Design Patent Infringement Under 35 U.S.C. § 271 for Design Patent No. US D769,512;
7. Vicarious Liability for Design Patent Infringement Under 35 U.S.C. § 271 for Design Patent No. U.S. D769,512;

    8. Contributory Liability for Design Patent Infringement Under 35 U.S.C. § 271 for Design Patent No. U.S. D787,735; and
    9. Vicarious Liability for Design Patent Infringement Under 35 U.S.C. § 271 for Design Patent No. U.S. D787,735.

(See, CM/ECF Doc. No. 67.) Defendants now move for summary judgment in their favor and against the Plaintiff on every single claim asserted by the Plaintiff in this case.

## II.    Statement of Facts

Gold Crest designed the "Brooklyn LED Task Light" beginning in 2014 and, in 2016 and 2017, the United States Patent and Trademark Office ("USPTO") granted Gold Crest two design patents for the Brooklyn LED Task Light—Design Patent No. US D769,512 ("'512 D. Patent") (CM/ECF Doc. No. 67-1) and Design Patent No. US D787,735 ("'735 D. Patent") (CM/ECF Doc. No. 67-2) (collectively, the "Design Patents").

The '512 D. Patent was registered by the USPTO on October 16, 2016, and the '735 D. Patent was registered on May 23, 2017. The Design Patents depict a desk lamp with drawings, and the claim in each is for "the ornamental design for a light assembly, as shown and described." (See CM/ECF Doc. Nos. 67-1, 67-2.)

Gold Crest alleges that in 2017, the Corporate Defendants displayed and offered for sale a desk lamp at the "HD Expo" in Las Vegas, Nevada that infringes the Design Patents. (See CM/ECF Doc. No. 67 ¶¶ 22–25.) Gold Crest claims that "[a]n ordinary observer familiar with the prior art would be deceived into thinking that the design of the infringing products was the same as" the Design Patents. (Id. ¶ 30.) Based upon these factual allegations, Gold Crest asserted nine claims for relief against the defendants and ten (10) John Does.

Relevant here are all of Gold Crest's claims. In Claim Nos. 1, 2, 6, 7, 8, and 9, Gold Crest alleges infringement of the '512 D. Patent and '735 D. Patent, in violation of 35 U.S.C. § 271. (Id. ¶¶ 34– 54.) In Claim Nos. 3, 4, and 5, Gold Crest alleges unfair competition. Gold Crest's

operative, amended Complaint, seeks injunctive relief, monetary damages, and attorney fees. (See Id. at 25–27.)

In response to the amended complaint, Defendants assert affirmative defenses of invalidity and unenforceability of the Design Patents. (CM/ECF Doc. No. 89 at 10; CM/ECF Doc. No. 157 at 10.) Pursuant to the Court's Local Patent Rules, Defendants filed their invalidity and enforceability contentions ("Contentions"), which were attached to Gold Crest's earlier motion for summary judgment ("MSJ"). (See CM/ECF Doc. No. 126-8.) Defendants now contend that all of Gold Crest's claims fail as a matter of law based upon the record evidence of this case.

### III. Standard of Review

"Summary judgment is as appropriate in a patent case as in any other. Where no genuine issue of material fact remains and the movant is entitled to judgment as a matter of law, the court should utilize the salutary procedure of Fed. R. Civ. P. 56 to avoid unnecessary expense to the parties and wasteful utilization of the jury process and judicial resources." *Barmag Barmer Maschinenfabrik AG v. Murata Mach., Ltd.*, 731 F.2d 831, 835 (Fed. Cir. 1984). The United States Court of Appeals for the Federal Circuit applies the law of the regional circuit to a motion for summary judgment. *Microsoft Corp. v. GeoTag, Inc.*, 817 F.3d 1305, 1313 (Fed. Cir. 2016) ("The review of a grant of summary judgment involves an issue not unique to patent law, so we look to the law of the regional circuit in which the district court sits."). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

That is, summary judgment may only be granted when no "reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). In reviewing summary judgment motions, this Court must view

the evidence in a light most favorable to the non-moving party to determine whether a genuine issue of material fact exists. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970); *White v. Turfway Park Racing Ass'n, Inc.*, 909 F.2d 941, 943–44 (6th Cir. 1990), impliedly overruled on other grounds by *Salve Regina Coll. v. Russell*, 499 U.S. 225, 111 S. Ct. 1217, 113 L. Ed. 2d 190 (1991).

    IV.    **Defendants are entitled to summary judgment on Gold Crest's Claim Nos. 1, 2, 6, 7, 8, and 9, which relate to design patent infringement**

Title 35 U.S.C. § 171 governs patents for designs. Section 171(a) provides that: Whoever invents any new, original and ornamental design for an article of manufacture may obtain a patent therefor, subject to the conditions and requirements of this title. "'A design patent protects the non-functional aspects of an ornamental design as seen as a whole and as shown in the patent.'" *Amini Innovation Corp. v. Anthony California, Inc.*, 439 F.3d 1365, 1370–71 (Fed. Cir. 2006) (quoting *KeyStone Retaining Wall Sys., Inc. v. Westrock, Inc.*, 997 F.2d 1444, 1450 (Fed. Cir. 1993)). "An aspect is functional 'if it is essential to the use or purpose of the article or if it affects the cost or quality of the article.'" *Id*. at 1371 (quoting *Inwood Labs., Inc. v. Ives Labs., Inc.*, 456 U.S. 844, 851, 102 S. Ct. 2182, 72 L. Ed. 2d 606 (1982)). The drawings in the patent define the patented design. *Id*.

Patents, including design patents, are presumed valid under 35 U.S.C. § 282. *Spigen Korea Co. v. Ultraproof, Inc.*, 955 F.3d 1379, 1383 (Fed. Cir. 2020) (design patents are presumed valid); see *MRC Innovations, Inc. v. Hunter Mfg.*, LLP, 921 F. Supp. 2d 800, 804 (N.D. Ohio 2013). While presumed valid, a design patent may be deemed invalid if, for example, it is obvious under 12 U.S.C. § 103, or under 35 U.S.C. § 102 if the design is anticipated or publicly disclosed more than one year before the filing of the patent application. See, *MRC Innovations, Inc.*, 921 F. Supp. 2d at 804–05 (citing 35 U.S.C. § 102 and § 103). The presumption of patent validity may be

4

rebutted only by clear and convincing evidence. *Alco Standard Corp. v. Tenn. Valley Auth.*, 808 F.2d 1490, 1498 (Fed. Cir. 1986) (citation omitted). In considering the evidence advanced by both sides in support of their respective positions, the Court may not make credibility determinations or weigh conflicting evidence and must view the facts and all reasonable inferences in a light most favorable to the non-moving party. *Jackson v. VHS Detroit Receiving Hosp., Inc.*, 814 F.3d 769, 775 (6th Cir. 2016) (citations omitted).

A design patent may be invalid if it is determined to be "obvious" under 35 U.S.C. § 103, which provides that: A patent for a claimed invention may not be obtained, notwithstanding that the claimed invention is not identically disclosed as set forth in section 102, if the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art to which the claimed invention pertains. Patentability shall not be negated by the manner in which the invention was made. "For design patents, the ultimate inquiry for obviousness 'is whether the claimed design would have been obvious to a designer of ordinary skill who designs articles of the type involved.'" *Spigen Korea Co.*, 955 F.3d at 1383 (quoting *Titan Tire Corp. v. Case New Holland, Inc.*, 566 F.3d 1372, 1380–81 (Fed. Cir. 2009) (further citation omitted)).

"When assessing the potential obviousness of a design patent, a finder of fact employs two distinct steps: first, 'one must find a single reference, a something in existence, the design characteristics of which are basically the same as the claimed design'; second, '[o]nce this primary reference is found, other references may be used to modify it to create a design that has the same overall visual appearance as the claimed design.'" *High Point Design LLC v. Buyers Direct, Inc.*, 730 F.3d 1301, 1311 (Fed. Cir. 2013) (quoting *Durling v. Spectrum Furniture Co., Inc.*, 101 F.3d

100, 103 (Fed. Cir. 1996) (internal quotations omitted)); see also *Apple, Inc. v. Samsung Elecs. Co.*, 678 F.3d 1314, 1329 (Fed. Cir. 2012) (to determine whether "one of ordinary skill would have combined teachings of the prior art to create the same overall visual appearance as the claimed design," the finder of fact must employ a two-step process) (citing among authority *Durling*, 101 F.3d at 103); *Golden Eye Media USA, Inc. v. Trolley Bags UK Ltd.*, 525 F. Supp. 3d 1145, 1177 (S.D. Cal. 2021) ("In order to find a design patent invalid as obvious, courts must undertake a two-step test, by finding that (1) a primary reference exists, 'the design characteristics of which are basically the same as the claimed design,' and (2) reasons, such as prior art references, to modify the primary reference's design to create a design that has the same overall visual appearance as the claimed design, also exist.") (quoting *High Point Design LLC*, 730 F.3d at 1311–12).

"Obviousness is a legal conclusion based on four general types of underlying facts which must be considered by the trier of fact: (1) the scope and content of the prior art; (2) the level of ordinary skill in the art; (3) the differences between the claimed invention and the prior art; and (4) any objective indicia of nonobviousness." *MRC Innovations, Inc.*, 921 F. Supp. 2d at 805 (citing *Graham v. John Deere Co. of Kansas City*, 383 U.S. 1, 86 S. Ct. 684, 15 L. Ed. 2d 545 (1966) (the "*Graham*" factors)); *Spigen Korea Co.*, 955 F.3d at 1383 (the obviousness inquiry is a question of law based on underlying factual findings) (citing *MRC Innovations, Inc. v. Hunter Mfg., LLP*, 747 F.3d 1326, 1331 (Fed. Cir. 2014)); see also *Hupp v. Siroflex of Am., Inc.*, 122 F.3d 1456, 1462 (Fed. Cir. 1997) ("Invalidity based on obviousness of a patented design is determined on factual criteria similar to those that have been developed as analytical tools for reviewing the validity of a utility patent under § 103, that is, on application of the *Graham* factors.") (citations omitted).

"Because obviousness presents a question of law for the Court, 'a district court can properly grant, as a matter of law, a motion for summary judgment on patent invalidity when the factual inquiries into obviousness present no genuine issue of material facts' by simply applying the law to the undisputed facts." *Golden Eye Media USA, Inc.*, 525 F. Supp. 3d at 1178 (quoting *Plantronics, Inc. v. Aliph, Inc.*, 724 F.3d 1343, 1353 (Fed. Cir. 2013)). "Summary judgment of obviousness is appropriate if 'the content of the prior art, the scope of the patent claim, and the level of ordinary skill in the art are not in material dispute, and the obviousness of the claim is apparent in light of these factors.'" *MRC Innovations, Inc.*, 747 F.3d at 1331 (quoting *TriMed, Inc. v. Stryker Corp.*, 608 F.3d 1333, 1341 (Fed. Cir. 2010) (citing *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 427, 127 S. Ct. 1727, 167 L. Ed. 2d 705 (2007))).

"Whether a reference was previously considered by the [USPTO], the burden of proof is the same: clear and convincing evidence of invalidity. … As the Supreme Court explained in *i4i*, there is no heightened burden of proof when a reference was previously considered by the [USPTO], and no lowered burden of proof if a defendant raises a new reference or argument during litigation. . . . The burden does not suddenly change to something higher— 'extremely clear and convincing evidence' or 'crystal clear and convincing evidence'—simply because the prior art references were considered by the PTO. In short, there is no heightened or added burden that applies to invalidity defenses that are based upon references that were before the Patent Office. The burden is always the same, clear and convincing evidence." *Sciele Pharma Inc. v. Lupin Ltd.*, 684 F.3d 1253, 1260 (Fed. Cir. 2012) (citing *Microsoft Corp. v. i4i Ltd. P'ship*, 564 U.S. 91, 101– 02, 110–11, 131 S. Ct. 2238, 180 L. Ed. 2d 131 (2011) ("new evidence supporting an invalidity defense may 'carry more weight' in an infringement action than evidence previously considered by the [USPTO]")); see also *Hickory Springs Mfg. Co. v. R & D Plastics of Hickory, Ltd.*, No.

5:14-cv-93, 2015 WL 4430219, at *4 (W.D. N.C. July 20, 2015) ("'It may be harder to meet the clear and convincing burden when the invalidity contention is based upon the same argument on the same reference that the PTO already considered. Importantly, the question whether a reference was before the PTO goes to the weight of the evidence, and the parties are of course free to, and generally do, make these arguments to the fact finder.'") (quoting *Sciele Pharma Inc*., 684 F.3d at 1260–61).

In order to serve as a primary reference in a § 103 obviousness analysis, the patented design and the primary reference need not be identical; "if the designs were identical, no obviousness analysis would be required." *MRC Innovations, Inc*., 747 F.3d at 1333. In order to serve as a primary reference, the design characteristics of the design at issue and prior art must create "'basically the same' overall visual impression[.]" *Id*. at 1332–33 (the district court did not err in finding that the design characteristics of the patented pet jersey at issue created basically the same overall visual impression as the prior art where both designs contain the same overall shape, similar fabric, and ornamental stitching).

In support of this motion for summary judgment, filed herewith find evidentiary support – namely, the report of opinions of Defendants' expert, Daniel Cuffaro. Professor Cuffaro is a teacher of industrial design at the Cleveland Institute of Art. His report, which is authenticated by his sworn declaration (attached), sets forth the details as to why both patents at issue are unenforceable.

There are sufficient similarities between the Design Patents and the cited prior art by Professor Cuffaro that a reasonable jury could determine that the two create the same overall visual appearance. *Campbell Soup Co. v. Gamon Plus, Inc.*, 939 F.3d 1335, 1340 (Fed. Cir. 2019) ("To determine whether one of ordinary skill would have combined teachings of the prior art to create

the same overall visual appearance as the claimed design, the fact finder must first find a single reference, a something in existence, the design characteristics of which are basically the same as the claimed design"[,] that is to discern the visual impression created by the patented design as a whole and determine whether the primary reference creates basically the same visual impression, which related secondary references may then be used to modify) (internal quotation marks omitted) (citing *Apple, Inc.*, 678 F.3d at 1329; *Durling*, 101 F.3d at 103).

Design Professor Cuffaro opines that the '735 Patent is anticipated by the prior art, rendering the patent invalid. Furthermore, he opines that one skilled in the art would find the ornamental design of the '512 Patent as obvious and therefore also invalid. These opinions are explained in detail in the attached report. Defendants are entitled to summary judgment on Plaintiff's design patent claims.

### a. **Defendants are entitled to summary judgment on Claims 3, 4, and 5, which relate to unfair competition**

For the causes of action of illegal passing off and misappropriation of trademarks, trade names and/or trade dress of Plaintiff in violation of 15 § U.S.C. 1125(a), there is no evidence of any trademark or trade names, nor any evidence of illegal passing off or misappropriation. Nor can there be. There is no evidence of any "sale" by the Plaintiff of products embodying such a patent, and the Complaint does not allege sales of any produce sold under the name "Brooklyn LED Task Light."

Plaintiff's Amended Complaint confusingly includes "Unfair Competition Under 15 U.S.C. § 1125" as well as "Contributory Liability for Unfair Competition Under 15 U.S.C. § 1125" as causes of action, alleging, *inter alia*, that "[t]he Corporate Defendants' conduct as described above constitutes illegal passing off, and misappropriation of the trademarks, trade names and/or trade dress of Plaintiff in violation of 15 U.S.C. § 1125(a)." (See CM/ECF Doc. # 67, Pgs. 15-19.) This allegation, first made in Paragraph 61 of the Amended Complaint, references

9

"trademarks, trade names, and/or trade dress." However, nowhere in the Amended Complaint does Plaintiff allege ownership of any trademark, trade name, and/or trade dress, nor does Plaintiff set forth any facts or allegations that would support such a position.

Tellingly, the First Amended Complaint exclusively discusses various Design Patent rights that it alleges Defendant(s) have infringed upon. Nonetheless, ownership of a design patent does not bestow the owner of the same with bona fide trade dress rights, absent a showing of trade dress ownership under those laws, rules, and regulations. Trade dress which has been federally registered can be enforced under 15 U.S.C. § 1115(a), while unregistered trade dress can be enforced under 15 U.S.C. § 1125(a). Unregistered trade dress can only be enforced if it has been used in commerce in connection with a product or service and is otherwise protectable. 15 U.S.C. §1125(a). Merely holding a design patent covering the alleged trade dress does not constitute "use in commerce" as defined in the Landham Act. *See, e.g.,* 15 U.S. Code § 1127. Indeed, the Landham Act defines "use in commerce" as:

> "the bona fide use of a mark in the ordinary course of trade, and not made merely to reserve a right in a mark. For purposes of this chapter, a mark shall be deemed to be in use in commerce—
> (1) on goods when—
> (A) it is placed in any manner on the goods or their containers or the displays associated therewith or on the tags or labels affixed thereto, or if the nature of the goods makes such placement impracticable, then on documents associated with the goods or their sale, and
> (B) the goods are sold or transported in commerce, and
> (2) on services when it is used or displayed in the sale or advertising of services and the services are rendered in commerce, or the services are rendered in more than one State or in the United States and a foreign country and the person rendering the services is engaged in commerce in connection with the services." *Id.*

A plaintiff must always describe any alleged trade dress with specificity and sufficiently explain why the features are both distinctive and non-functional, regardless of whether said trade dress is registered or unregistered. *See, e.g., Tumblebus Inc. v. Cranmer*, 399 F.3d 754 (6th Cir.

2005) ("To recover for trade dress infringement under § 43(a) of the Lanham Act, a party must first identify what particular elements or attributes comprise the protectable trade dress."); *Heller Inc. v. Design Within Reach, Inc.*, 2009 U.S. Dist. LEXIS 71991 (S.D.N.Y. Aug. 14, 2009) ("Registration, particularly a vague registration, does not affect the plaintiff's obligation to specify the elements of its allegedly distinctive dress."). "To establish a claim for unfair competition of trade dress, a plaintiff must plead and prove that 1) the design and promotional material were entitled to protection and 2) that the defendant's use of the protected material is likely to cause confusion among consumers." *SHOCK-TEK, L.L.C. v. TREK BICYCLE CORPORATION*, No. 01-71986, at *1 (E.D. Mich. Dec. 18, 2001) (*citing SeeTraffix Devices, Inc. v. Marketing Displays*, Inc., 121 S.Ct. 1255 (2001)).

Both a product's design as well as the design of the product's packaging—both considered aspects of its "trade dress"—may form the basis of a suit for infringement under the Landham Act. *See Wal-Mart Stores, Inc. v. Samara Brothers, Inc.,* 529 U.S. 205, at 209–210 (2000). However, in product configuration cases, some of the likelihood of confusion factors are more important than others. *See generally Versa Products Co. v. Bifold Co*.,50 F.3d 189 (3d Cir. 1995). "Strength of the trade dress, likely degree of purchaser care, evidence of actual confusion, and defendant's intent are given substantial weight. Similarity of the parties' trade dresses, relatedness of the parties' goods, marketing channels used, and likelihood of expansion are necessary but insufficient to prove likelihood of confusion." *Libbey Glass, Inc. v. Oneida Ltd.*, 61 F. Supp. 2d 700, 712 (N.D. Ohio 1999).

Trade dress does not need to be registered to be entitled to protection, so long as the trade dress is eligible under the distinctiveness and functionality doctrines. Nonetheless, significant advantages are provided to federally registered articles of trade dress; for example, legal

11

presumptions of ownership and validity are bestowed upon the owner of a federally registered trade dress. *See* 15 U.S.C. § 1115(a).

Presently, the Plaintiff has failed even an attempt at showing any of the requisite elements for a claim of trademark and/or trade dress infringement and/or unfair competition as to a trademark and/or trade dress. Fundamentally, Plaintiff's First Amended Complaint does not allege any trademarks which Plaintiff may own, let alone trademarks which Defendants allegedly infringed and/or created unfair competition with respect to.

Similarly, Plaintiff's First Amended Complaint does not allege any trade dress which Plaintiff may own, let alone trade dress which Defendants have allegedly infringed upon and/or cause unfair competition with respect to. As such, Plaintiff's First Amended Complaint has failed the most entry-level element of a claim of unfair competition and/or infringement under the Lanham Act, insofar as Plaintiff has not alleged the existence of any trade dress with specificity, nor has Plaintiff established sufficiently which features of the same are both distinctive and non-functional. *See, e.g., Tumblebus Inc. v. Cranmer,* 399 F.3d 754 (6th Cir. 2005).

Second, Plaintiff's First Amended Complaint similarly fails to establish that Plaintiff has any trade dress rights to anything whatsoever, including but not limited to the subject matter of the allegedly infringed upon Design Patents. Indeed, Plaintiff has not (and cannot) established ownership of trade dress over the same insofar as Plaintiff has not used any such trade dress commercially, as defined by the Lanham Act. See*,* 5 U.S.C. § 1127. Indeed, Plaintiff's First Amended Complaint sets forth no federally registered trademark and/or trade dress. Absent such a showing, Plaintiff has further failed to satisfy its burden of proving that such trademark and/or trade dress is both valid and owned by Plaintiff. See, 15 U.S.C. § 1115(a).

Furthermore, Plaintiff's First Amended Complaint completely fails to set forth any allegations that such trade dress is entitled to protection and that Defendants' use of the allegedly protected trade dress is likely to cause consumer confusion. As such, Plaintiff's allegations of unfair competition of trade dress crumble immediately upon review.

Lastly, in absence of a showing that Plaintiff is the owner of a federally registered trademark and/or trade dress, Plaintiff's First Amended Complaint also completely omits any allegations or evidence in support of any theory that any of Plaintiff's alleged trade dress is both distinctive and non-functional. Only product packaging and sounds marks may be inherently distinctive. Using the *Seabrook Foods* test to assess inherent distinctiveness, one must analyze whether the trade dress (1) consists of a common basic shape or design; (2) is unique or unusual in its particular field or industry; (3) is merely a "refined of a commonly adopted and well known form of ornamentation for a particular class of goods viewed by the public as a trade dress or ornamentation for the goods; and, (4) is capable of creating a district commercial impression from any accompanying words. See*, Seabrook Foods, Inc. v. Bar-Well Foods Ltd.,* 568 F.2d 1342 (C.C.P.A. 1977); *see also In re Frankish Enters. Ltd*., 2015 TTAB LEXIS 28 (T.T.A.B. Feb. 27, 2015) (applying the *Seabrook Foods* test); *In re Chippendales USA, Inc*., 622 F.3d 1346 (Fed. Cir. 2010) (same).

On the other hand, product designs or configurations, color marks, scent marks, and flavor marks can never be inherently distinctive, and thus always require a proof of acquired distinctiveness/secondary meaning. Secondary meaning can be proved by direct or circumstantial evidence, including consumer testimony and surveys, amount and manner of advertising, length and manner of use, exclusivity of use, scope of sales and customer base, the amount of unsolicited media coverage, the plaintiff's established market presence, and proof of intentional copying. See*,

*e.g., Commerce Nat'l Ins. Servs., Inc. v. Commerce Ins. Agency, Inc*., 214 F.3d 432 (3d Cir. 2000); *U.S. Search, LLC v. U.S. Search.com, Inc*., 300 F.3d 517 (4th Cir. 2002); *In re Steelbuilding.com*, 415 F.3d 1293 (Fed. Cir. 2005).

Plaintiff's First Amended Complaint does not sufficiently allege that the alleged trade dress sought to be protected has both acquired distinctiveness and is non-functional, insofar that it does not allege anything with respect to the trade dress's distinctiveness and functionality, as required. As such, Plaintiff's allegations as to infringement and/or unfair competition of some nebulous, undefined universe of "trademarks" and/or "trade dress" must necessarily fail.

## V.  Conclusion

Wherefore the foregoing reasons, and those as outlined in Design Professor's authenticated expert report, and upon request that the Court take judicial notice of the Defendants' invalidity/unenforceability contentions previously filed and considered by the Court on Plaintiff's motion for summary judgment on validity, which was denied, the Defendants request that the Court enter judgment as a matter of law in their favor and against the Plaintiff on each and every claim stated in the Plaintiff's Amended Complaint.

Most Respectfully Submitted,

*s/ David A. Welling*
**JOHN D. GUGLIOTTA (0062809)**
Gugliotta & Gugliotta L.P.A.
3020 W. Market St.
Akron, Ohio 44333
Tel.	(216) 696-1422
Fax	(216) 696-1210
johng@inventorshelp.com

**DAVID A. WELLING (0075934)**
**C. VINCENT CHOKEN (0070530)**
CHOKEN | WELLING LLP
3020 W. Market St.
Akron, Ohio 44333
Tel.	(330) 865-4949
Fax	(330) 865-3777
davidw@choken-welling.com
vincec@choken-welling.com

*Counsel for the Defendants*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing was served on all counsel of record via the Court's e-filing system on the date electronically time-stamped above.

                                                                        **s/ David A. Welling**
                                              **DAVID A. WELLING (0075934)**

                                              *Counsel for the Defendants*